IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ENERRA CORPORATION § | |
| § | |
| *Plaintiff,* § | |
| § | |
| vs. § | CAUSE NO. 3:23-cv-00194-L |
| § | |
| CONTI GROUP, LLC, PLASTIKGAS, § | |
| LLC, ROBERTO CONTI, JULIE CONTI, § | |
| and ROBERT JORDAN CONTI § | |
| § | |
| *Defendants.* § | |

**REPLY BRIEF IN SUPPORT OF THIRD-PARTY DEFENDANTS'**
**MOTION TO DISMISS PURSUANT TO RULE 12(b)(2)**

Third-Party Defendants Sergio Perez, Mark Mills, and Michael Brown (collectively "Movants") file this reply to Counter-Plaintiff Conti Group, LLC's ("Counter-Plaintiff") Response in Opposition to Third Party Defendants' Motion to Dismiss. In support of their motion to dismiss for lack of personal jurisdiction, Movants respectfully show the Court as follows:

**I.    Argument and Authorities**

Counter-Plaintiff has asserted claims against Movants for a mix of negligence and fraud claims relating to the contracts entered into between Counter-Plaintiff and Plaintiff Enerra Corporation. (Dkt. 8 at ¶¶ 88-140). Yet, Counter-Plaintiff concedes that Movants are not Texas residents (Dkt. 8 at ¶¶ 34-36), and the complaint itself fails to allege a single Texas contact by any of the Movants.

While the Declaration of Roberto Conti provided by Counter-Plaintiff in response to the Motion to Dismiss alleges a small number of Texas contacts against Movants, these alleged contacts are insufficient to create specific jurisdiction. As such, Movants' Rule 12(b)(2) motion to

dismiss should be granted.

### A. Counter-Plaintiff's alleged Texas contacts are insufficient to confer specific jurisdiction.

"Where a defendant challenges personal jurisdiction, the party seeking to invoke the power of the court bears the burden of proving that jurisdiction exists." *Luv N' care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006). To meet this burden, the party "must make a prima facie showing of jurisdiction." *Wheel-Source, Inc. v. Gullekson*, No. 3:12-CV-1500-M, 2013 WL 944430, at *3 (N.D. Tex. Mar. 12, 2013). When determining whether the plaintiff has made a prima facie case, the court may consider the "uncontroverted allegations in the complaint" as well as "any affidavits, interrogatories, deposition testimony, or any other recognized discovery method, but must disregard conclusory allegations." *Id.* (citing *Thompson v. Chrysler Motors Corp.,* 755 F.2d 1162, 1165 (5th Cir.1985)). A plaintiff bringing multiple claims that arise out of various contacts of the defendant must establish specific jurisdiction for each claim. *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009).

Counter-Plaintiff does not argue that general jurisdiction exists over Movants in this case. Rather, it argues that they had contacts with Texas sufficient to invoke specific jurisdiction – in particular, it alleges that Perez and Mills visited Conti in Texas and that all three Movants made representations regarding Enerra's business to Conti, a Texas resident. (Dkt 40, pgs. 5-8). However, even taking Counter-Plaintiff's allegations and affidavits as true, there is no basis for specific jurisdiction in this forum over Plaintiff Enerra Corporation's officers, including Movants.

### i. The alleged trips to Texas by Perez and Mills are insufficient to confer specific jurisdiction in this case.

In Counter-Plaintiff's live complaint (Dkt. 8), there are no jurisdictional allegations connecting Movants to Texas. As such, Counter-Plaintiff must rely on affidavits, interrogatories,

deposition testimony, or similar evidentiary methods to establish a showing of specific jurisdiction. *Thompson,* 755 F.2d at 1165. In a declaration attached to Counter-Plaintiff's Response, Roberto Conti states that Perez and Mills made trips to Texas in 2020 to meet Conti. (Dkt. 41, Ex. A, pg. 2) (Declaration of Roberto Conti). These trips, however, do not establish a basis for specific jurisdiction.

Counter-Plaintiff cites the *Wien Air* case and its progeny to conclude that Movants had sufficient minimum contacts with Texas. Indeed, this case stands for the proposition that specific jurisdiction exists over an individual when he or she makes contact with Texas and the "actual content of [the] communications . . . gives rise to intentional tort causes of action." *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 213 (5th Cir. 1999); *Gullekson*, No. 3:12-CV-1500-M, 2013 WL 944430, at *3 (citing *Wien Air*). Such a showing corresponds with the "nexus" requirement of specific jurisdiction, which necessitates a "causal nexus between the [tortious] conduct and the purposeful contact" with the forum. *Liberty Bankers Life Ins. Co. v. Lenhard*, No. 3:16-CV-02417-N, 2018 WL 4026339, at *3 (N.D. Tex. Apr. 9, 2018).

Here, however, Conti's declaration merely alleges that Movants had some contacts with Texas, such as two trips by Mills and one trip by Perez to visit Conti. (Dkt. 41, Ex. A, pg. 2).[1] Yet, there is no evidence to identify the "actual content" of these contacts or establish that these trips "g[ave] rise to intentional tort causes of action." *See Wien Air*, 195 F.3d at 213. Merely making trips with Texas to plainly insufficient to confer specific jurisdiction; rather, the tortious conduct itself must be directed at Texas. *Danziger & De Llano, L.L.P. v. Morgan Verkamp, L.L.C.*, 24

---

[1] Notably, Counter-Plaintiff's response to the motion to dismiss does not allege a specific, forum contact against Third-Party Defendant Michael Brown.

F.4th 491, 500 (5th Cir. 2022) (citing *Wien Air,* 195 F.3d at 212-13).

As such, the mere allegation in Conti's declaration that Perez and Mills visited him in Texas is insufficient to create personal jurisdiction in the absence of a showing that these forum contacts "g[ave] rise to intentional tort causes of action" against Movants. *See Wien Air*, 195 F.3d at 213. Because the required "causal nexus" between the alleged trips and Counter-Plaintiff's tort claims is lacking, these forum contacts provide no basis for specific jurisdiction in this matter.

> ii.  **The mere fact that Movants did work with a Texan is insufficient to confer specific jurisdiction.**

In his Declaration, Conti states that Movants made representations to him as a part of the negotiation process for licensing contracts and other agreements between Counter-Plaintiff and Plaintiff Enerra Corporation. (Dkt. 41, Ex. A, pg. 2). Counter-Plaintiff presumes that these allegations are sufficient to confer jurisdiction over Texas because Conti's "home state" is Texas. (Dkt. 40, pgs. 14-15).

This mere allegation, however, that Conti's home state is Texas is not relevant to this jurisdictional assessment and does not support a finding of minimum forum contacts. *See Moncrief Oil Intern. Inc. v. OAO Gazprom*, 481 F.3d 309, 312 (5th Cir. 2007) (holding that the "fortuity" of a person's residence in the forum, without more, is insufficient to confer specific jurisdiction over parties who contract with or do business with that person). As such, Movants "merely contracting with a Texas resident" – such as Conti or Conti Group, LLC – "is not enough to establish minimum contacts." *Id.*

> B.  **In the absence of the "nexus" requirement of specific jurisdiction, the fiduciary shield doctrine protects Movants.**

As stated in the Motion to Dismiss (Dkt. 29), Movants are officers of Plaintiff Enerra Corporation, and Plaintiff's submission to personal jurisdiction in Texas cannot be imputed to

Movants due to the fiduciary shield doctrine. *See Stuart v. Spademan*, 772 F.2d 1185, 1197 (5th Cir. 1985) (stating that an officer's transaction of business in a forum "solely as a corporate officer" does not create personal jurisdiction). As such, the mere allegation that Movants did business in Texas for Enerra is insufficient to create specific jurisdiction over them in this particular matter. *See id.*

Counter-Plaintiff alleges that the fiduciary shield doctrine is inapplicable because it alleges intentional torts against Movants. *See Fairchild v. Barot*, 946 F. Supp. 2d 573, 581 (N.D. Tex. 2013) (stating that the fiduciary shield doctrine does not protect a corporate officer as to intentional torts). Yet, the analysis does not end there. As the Fifth Circuit clarified, for the alleged contacts to create specific jurisdiction in Texas, the "actual content" of the supposed forum contacts must give rise to claimant's intentional tort causes of action. *Wien Air*, 195 F.3d at 213*; Danziger & De Llano, L.L.P.,* 24 F.4th at 498 (5th Cir. 2022). Because Counter-Plaintiff fails to show any causal nexus between the alleged Texas contacts and its various tort claims, the fiduciary shield doctrine protects Movants from specific jurisdiction in Texas. *See Spademan*, 772 F.2d at 1997 (holding that, unless the alleged forum contacts themselves are tortious, fiduciary shield doctrine will apply to protect corporate officers).

## II.     Conclusion and Prayer

Counter-Plaintiff has not met its burden of proof to show that the Movants—Brown, Mills, and Perez—have sufficient, minimum contacts with Texas to justify specific jurisdiction in this case. Movants therefore respectfully request that the Court grant their motion to dismiss under Rule 12(b)(2).

WHEREFORE, PREMISES CONSIDERED, Third-Party Defendants Michael Brown, Mark Mills, and Sergio Perez respectfully pray that the Court grant their motion to dismiss for lack

of personal jurisdiction, and for such further and additional relief as the Court may deem appropriate.

Respectfully submitted,

**COBB MARTINEZ WOODWARD PLLC**

By /s/ Jeff Nicodemus
    **JEFFREY I. NICODEMUS**
    State Bar No. 24007748
    jnicodemus@cobbmartinez.com
    **R. PRICE ANDERSON**
    State Bar No. 24116029
    panderson@cobbmartinez.com

1700 Pacific Avenue, Suite 3100
Dallas, Texas 75201
(214) 220-5200 (Telephone)
(214) 220-5299 (Fax)

**ATTORNEYS FOR THIRD-PARTY DEFENDANTS SERGIO PEREZ, MICHAEL BROWN, AND MARK MILLS**

## CERTIFICATE OF SERVICE

The undersigned certifies that on May 22, 2023, a true and correct copy of the foregoing document was served upon all counsel of record in accordance with the Federal Rules of Civil Procedure.

    /s/ Jeff Nicodemus
    JEFFREY I. NICODEMUS