IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ENERRA CORPORATION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | |
| CONTI GROUP, LLC, PLASTIKGAS, | § | |
| LLC, ROBERTO CONTI, JULIE | § | |
| CONTI, and ROBERT JORDAN | § | |
| CONTI, | § | |
| | § | |
| Defendants. | § | |
| | § | No. 3:23-cv-194-L |
| CONTI GROUP, LLC, | § | |
| | § | |
| Counter-Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | |
| ENERRA CORPORATION, SERGIO | § | |
| PEREZ, MARK MILLS AND | § | |
| MICHAEL BROWN, | § | |
| | § | |
| Counter-Defendants. | § | |

**MEMORANDUM OPINION AND ORDER GRANTING COUNTER-
PLAINTIFF CONTI GROUP, LLC'S REQUEST TO CONDUCT
JURISDICTIONAL DISCOVERY**

Plaintiff Enerra Corporation filed this lawsuit against Defendants Conti

Group, LLC and its officers. *See* Dkt. No. 1.

Conti Group, LLC, its officers, and PlastikGas, LLC filed an Original Answer

and Counterclaim in which they joined as counter-defendants Enerra's officers,

Michael Brown, Mark Mills, and Sergio Perez. *See* Dkt. No. 8. The Court will refer

to these three individual counter-defendants collectively as "Counter-Defendants."

Counter-Defendants filed a Motion to Dismiss Pursuant to Rule 12(b)(2), *see* Dkt. No. 28 (the "Motion to Dismiss"), which United States District Judge Sam A. Lindsay has referred to the undersigned United States magistrate judge for a hearing, if necessary, and to provide proposed findings and recommendations for disposition of the motion under 28 U.S.C. § 636(b), *see* Dkt. No. 31. Judge Lindsay also "prospectively refer[red] all procedural motions that are related to the referred [Motion to Dismiss] to the [undersigned] for resolution." *Id.* at 1.

Counter-Plaintiff Conti Group, LLC filed a response to the Motion to Dismiss. *See* Dkt. Nos. 39 & 40. Counter-Defendants filed a reply. *See* Dkt. No. 44.

In its response, Conti Group, LLC argues, in part, that Enerra is merely an alter ego of Counter-Defendants and requests jurisdictional discovery to determine the extent of the control that the individual officers exercised over Enerra. *See* Dkt. No. 40 at 15-17.

For the reasons and to the extent explained below, the Court grants Counter-Plaintiff Conti Group, LLC's Request to Conduct Jurisdictional Discovery.

## Background

Enerra alleges in its Complaint that, in January of 2020, before Enerra was incorporated, Mark Mills began meeting with Conti about their PlastikGas plastic-to-gas conversion technology. *See* Dkt. No. 1 at 11. According to Conti Group, LLC's Original Answer and Counterclaim, at these meetings, the parties discussed providing Enerra with an exclusive license to sell Conti's PlastikGas plants across the United States. *See* Dkt. No. 8 at 19. Conti Group, LLC alleges that, to aid in

securing the right to license the PlastikGas technology, Counter-Defendants indicated that they had either the personal funding necessary to establish numerous PlastikGas plants or that they controlled investors that would be willing to support Enerra. *See id*. at 23.

According to Conti Group, LLC, prior to signing a nation-wide licensing agreement, Conti Group, LLC and Enerra contracted to purchase a single processing plant in October 2020. *See id.* at 24. This contract indicated that the plant was to be shipped to California, though the location was later changed to Dillon, South Carolina, and that Enerra was responsible for the construction of a campus where the plant could be located. *See id.*

Later, in December 2020, the parties signed an Exclusivity and Technology Licensing Agreement, which required Enerra to purchase forty, seven-ton PlastikGas plants on a schedule spanning seven years. *See id.* at 25. This schedule was amended to allow for an extra year for Enerra to fulfill their obligations. *See* Dkt. No. 8-5 at 3.

According to Conti Group, LLC, between 2021 and 2023, Enerra has contracted to purchase two of the promised plants. Dkt. No. 8 at 26.

## Legal Standard

When seeking discovery on personal jurisdiction, a plaintiff must make a "preliminary showing of jurisdiction" before being entitled to such discovery. *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005). The decision to allow jurisdictional discovery is within the district court's discretion. *See*

- 3 -

*id.*

"[D]iscovery on matters of personal jurisdiction need not be permitted unless the motion to dismiss raises issues of fact. When the lack of personal jurisdiction is clear, discovery would serve no purpose and should not be permitted." *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000) (cleaned up).

A plaintiff seeking discovery on matters of personal jurisdiction is expected to identify the discovery needed, the facts expected to be obtained thereby, and how such information would support personal jurisdiction. *See Mello Hielo Ice, Ltd. v. Ice Cold Vending LLC*, No. 4:11-cv-629-A, 2012 WL 104980, at *7 (N.D. Tex. Jan. 11, 2012) (citing *Kelly*, 213 F.3d at 855).

The Court is entitled to deny leave to conduct jurisdictional discovery where the movant fails to specify what facts it believes discovery would uncover and how those facts would support personal jurisdiction. *See id.*; *see also King v. Hawgwild Air, LLC*, No. 3:08-cv-153-L, 2008 WL 2620099, at *8 (N.D. Tex. June 27, 2008).

A court may also deny jurisdictional discovery where the plaintiff only offers speculation as to jurisdiction or where the plaintiff is waging a "fishing expedition" into jurisdictional facts. *Combat Zone Corp. v. John/Jane Does 1–13*, No. 3:12-cv-3927-B, 2013 WL 230382, at *2 (N.D. Tex. Jan. 22, 2013).

## Analysis

Counter-Plaintiff Conti Group, LLC alleges, alternatively, that personal jurisdiction exists over Counter-Defendants because Enerra's contacts with Texas can be attributed to Counter-Defendants.

While the fiduciary shield doctrine would usually prevent a court from attributing the acts of a corporation to its officers for the purpose of personal jurisdiction, "courts have recognized an exception to this rule when the corporation is the alter ego of the individual." *Stuart v. Spademan*, 772 F.2d 1185, 1197 (5th Cir. 1985).

Counter-Plaintiff Conti Group, LLC has requested jurisdictional discovery to support its alternative basis for specific jurisdiction over Counter-Defendants – in the event that the Court does not determine that, without the need to attribute Enerra's contacts to Counter-Defendants, specific jurisdiction exists for each of the Counter-Defendants – by obtaining evidence of the ownership and control exercised by Enerra's officers, the degree to which corporate formalities have been followed, and the degree to which property has been kept separate between the individuals and the corporation to resolve the question of whether Enerra is an alter ego of Counter-Defendants.

Conti Group, LLC must plead facts that, taken as true, would support a conclusion that Enerra is an alter ego of Counter-Defendants. *See, e.g.*, *Fairchild v. Barot*, 946 F. Supp. 2d 573, 578 (N.D. Tex. 2013). The Court finds that it has done so and has made a preliminary showing of personal jurisdiction through an alter ego theory.

Conti has shown that Counter-Defendants reached out to Counter-Plaintiff Conti Group, LLC before incorporating as Enerra; that they offered funds within their personal, not corporate, control and have alleged that at least one of them

made personal payments to Enerra, even after its corporate formation; and that they contacted Counter-Plaintiff Conti Group, LLC using various emails, including their personal emails. *See* Dkt. No. 40 at 16.

## Conclusion

Without yet making any recommendation as to whether Conti has made the required showing of specific jurisdiction as to each Counter-Defendant to defeat the Motion to Dismiss, the Court GRANTS Plaintiff Conti Group, LLC's Request to Conduct Jurisdictional Discovery to obtain through appropriate Federal Rule of Civil Procedure 34 requests information regarding the degree to which, if at all, Enerra Corporation is an alter ego of Counter-Defendants Michael Brown, Mark Mills, and Sergio Perez.

All jurisdictional discovery must be completed by **November 8, 2023**, and any motion raising a dispute that may arise regarding this jurisdictional discovery must be filed by **November 1, 2023**.

Counter-Plaintiff Conti Group, LLC must file any sur-reply to the Motion to Dismiss, based on the results of these discovery efforts, by **November 29, 2023**, and Counter-Defendants must file any sur-sur-reply by **December 13, 2023**.

And, to the extent that Conti Group, LLC or Counter-Defendants will ask the Court to seal any documents when filing, Judge Lindsay recently directed in the Court's Protective Order – which the Court entered "to facilitate the exchange of confidential information during discovery only" and not as "a substitute for filing documents under seal" – that, "[n]otwithstanding any provision of this order, no

motion to seal may be filed unless the movant establishes that the requirements of Local Civil Rule 79.3 of the Northern District of Texas have been met. If the movant is relying on a statute, rule, or case authority such authority must be set forth in the motion. Further, the movant must show the court that the motion complies with the requirements set forth in *Binh Hoa Le v. Exeter*, 990 F.3d 410, 416-21 (5th Cir. 2021), as well as any other applicable authority. No documents will be sealed by the court merely because the parties agree that they should be sealed or because a protective order is in place, and any documents filed under seal by a movant in violation of this provision will be *sua sponte* unsealed or denied by the court." Dkt. No. 48 at 1, 9.

SO ORDERED.

DATED: August 10, 2023

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE