# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF TEXAS

# DALLAS DIVISION

| | |
|---|---|
| ENERRA CORPORATION, | Civil Action No. 3:23-cv-00194-L |
| Plaintiff, | Honorable Sam A. Lindsay |
| vs. | JURY TRIAL DEMANDED |
| CONTI GROUP LLC, PLASTIKGAS LLC, ROBERTO CONTI, JULIE CONTI, JORDAN CONTI, DELAINA DRIES AND DOES 1-10, | |
| Defendants. | |
| CONTI GROUP, LLC, | |
| Counter-Plaintiff, | |
| vs. | |
| ENERRA CORPORATION, SERGIO PEREZ, MARK MILLS AND MICHAEL BROWN, | |
| Counter-Defendants. | |

**PLAINTIFF ENERRA CORPORATION'S MOTION TO COMPEL**

1

## **TABLE OF CONTENTS**

I. INTRODUCTION ...................................................................................................................1

II. STATEMENT OF FACTS AND PROCEDURAL POSTURE .........................................1

III. ARGUMENT & AUTHORITIES .......................................................................................5

    A. Defendants' Document Production Is Woefully Insufficient ................................6

        1. Defendants Have Failed to Produce Documents Identified in Their Initial Disclosures ........................................................................................6

        2. Requests Regarding Defendants' Patents and Technology .........................7

        3. Defendants Did Not Produce Certain Documents as They Are Kept in the Usual Course of Business. ................................................................10

    B. Defendants' Improper Objections and Failure To Produce Documents ................11

IV. CONCLUSION....................................................................................................................14

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Davidson v. Goord*,
   215 F.R.D. 73 (W.D.N.Y.2003) ................................................................................................ 13

*EEOC v. HWCC-Tunica, Inc.*,
   No. 2:07CV171-B-A, 2008 U.S. Dist. LEXIS 85830 (N.D. Miss. Oct. 6, 2008) ...................... 8

*Hunt Constr. Grp., Inc. v. Cobb Mech. Contractors, Inc.*,
   No. A-17-CV-215-LY, 2018 U.S. Dist. LEXIS 182840
   (W.D. Tex. Oct. 25, 2018) ....................................................................................................... 10

*Keybank Nat'l Ass'n v. Perkins Rowe Assocs.*,
   No. 09-497-JJB-SCR, 2011 U.S. Dist. LEXIS 37791 (M.D. La. Apr. 6, 2011) ...................... 13

*Land Ocean Logistics, Inc. v. Aqua Gulf Corp.*,
   181 F.R.D. 229 (W.D.N.Y. 1998) ........................................................................................ 8, 13

*Merrill v. Waffle House, Inc.*,
   227 F.R.D. 467 (N. D. Tex. 2005) ............................................................................................. 5

*Nguyen v. Quality Sausage Co. LLC*,
   2020 WL 2425646 (N.D. Tex. May 12, 2020) ........................................................................ 11

*Oppenheimer Fund, Inc. v. Sanders*,
   437 U.S. 340 (1978) ................................................................................................................ 11

*Stanton 4433 Owners Ass'n v. State Farm Lloyds*,
   No. EP-20-CV-00280-FM, 2022 U.S. Dist. LEXIS 228324
   (W.D. Tex. Sep. 6, 2022) ......................................................................................................... 12

*Walters v. Sentry Link LLC*,
   No. A-16-CV-383-LY, 2018 U.S. Dist. LEXIS 22097
   (W.D. Tex. Feb. 9, 2018) ........................................................................................................... 7

*Wiand v. Wells Fargo Bank, N.A.*,
   No. 8:12-cv-557-T-27EAJ, 2013 U.S. Dist. LEXIS 166375
   (M.D. Fla. Nov. 22, 2013) ......................................................................................................... 8

**Statutes**

35 U.S.C. § 111(b)(5) ...................................................................................................................... 8

I.  **INTRODUCTION**

Plaintiff Enerra Corporation ("Plaintiff" or "Enerra") moves for an Order compelling Defendants Conti Group LLC ("Conti"), PlastikGas LLC, Roberto Conti, Julie Conti and Robert Jordan Conti (collectively "Defendants") to produce responsive documents and supplemental responses they indicated they would provide months ago but have yet to provide, and respond substantively to certain of Plaintiff's First Set of Interrogatories, without objection.

Discovery in this case has been met with nonstop delay from Defendants, including but not limited to inaction following meet and confer efforts and substantial delay in agreeing to a stipulated protective order and producing responsive documents, and providing improper, factually inaccurate, or otherwise unsubstantiated responses to discovery. Moreover, Defendants provide a litany of baseless, frivolous objections that seek to do nothing but delay the proceedings further.

Defendants' delay tactics should not be rewarded. For these reasons, Enerra respectfully requests an order compelling Defendants to provide proper responses and documents.

II.  **STATEMENT OF FACTS AND PROCEDURAL POSTURE**

This case was filed on January 24, 2023, alleging that Defendants were liable for various breaches of contract and fraudulent misrepresentation. (Dkt. 5.) As outlined in the Complaint, this action concerns Defendants' fraudulent "bait and switch" tactics used to induce Enerra to enter agreements to purchase Defendants' plastic to fuel conversion system under false pretenses and Defendants' subsequent refusal to honor even the most basic terms of the agreements between the parties. (*Id.*, generally.) To induce Enerra to enter into an exclusive licensing agreement and several agreements to purchase multi-million-dollar plastic to fuel conversion plants, Defendants promised Enerra that their plastic to fuel conversion technology was completed and ready for commercial operations. (*Id.*, ¶ 2.) To effectuate their plan, Conti and

PlastikGas, through their officers and agents Roberto Conti, Julie Conti and Robert Jordan, represented to Enerra that:

    a.   Conti's and PlastikGas' plastic to fuel conversion system would accept all types of plastic including polyvinyl chloride (PVC) and acrylic coated plastic;

    b.   Conti's and PlastikGas' plastic to fuel conversion system had a complete batch time of 6 to 8 hours;

    c.   Conti's and PlastikGas' plastic to fuel conversion system was a state-of-the-art device with little to no labor needed to maintain operations and ready for commercial development;

    d.   Conti's and PlastikGas' plastic to fuel conversion system would take organic material in the feedstock, including cardboard. paper, food particles, stickers and that organics would turn into ash having no effect on the technology such as increased clogging between the reformer;

    e.   Conti's and PlastikGas' plastic to fuel conversion system would accept inorganic materials such as dirt, water and metal with no problems except a proportionate reduction in output of product; and that

    f.   Conti's and PlastikGas' plastic to fuel conversion system was safe to operate and Defendants would provide complete, thorough, and well-documented training to Enerra's staff.

(*Id.*, ¶ 5.) These were all lies designed to induce Enerra to enter into the agreements. (*Id.*, ¶ 6.) In reliance on Defendants' promises, Enerra entered the agreements with Defendants and paid them millions of dollars. (*Id.*, ¶ 3.) In fact, Defendants concealed from Enerra that their plastic to fuel conversion technology was still in development and did not perform as Defendants had represented to Enerra. (*Id.*) These facts were concealed from Enerra because—as Defendants

knew—the agreements would have been a nonstarter for Enerra, who would have never agreed to purchase an incomplete, non-functional technology and act as a guinea pig for Defendants' ongoing development. (*Id.*)

After fraudulently inducing Enerra to enter into the agreements and paying millions of dollars, Defendants also proceeded to systematically breach the promises that were made in the agreements, including: (i) the promise that the plastic to fuel system meets the required specifications, such as batch times, fuel yields and gasoline octane levels, (ii) the promise to train Enerra personnel, and (iii) the promise that the plants would be of acceptable quality and safe, and (iv) the promise to repair defects to the plants as part of the provided warranty. (*Id.*, ¶ 7.)

On February 16, 2023, Defendants answered and asserted counterclaims against Enerra. (Dkt. 8.) Enerra answered those counterclaims and raised certain affirmative defenses. (Dkt. 23.) The parties exchanged initial disclosures and initial document productions. *See* App. at 7–13, Ex. 1. On April 12, 2023, Enerra served its First Set of Requests for Production (the "Requests"). App. at 15–28, Ex. 2. Defendants responded to Plaintiff's Requests on May 12, promising to produce documents as soon as a protective order was entered. App. at 2, the November 22, 2023 Declaration of Douglas Q. Hahn ("Hahn Decl."), ¶ 4–5; app. at 29–52, Ex. 3. Enerra's counsel circulated a draft protective order on May 26, but Defendants sat on it through July. App. at 2, Hahn Decl., ¶ 5-6; app. at 54, Ex. 4; app. at 57, Ex. 5.) Counsel spoke with Defendants' counsel on July 3 about producing documents and the protective order, where Defendants' counsel noted that they were still working on the protective order but confirmed that they would produce documents "within two weeks" and "certainly no later than the end of the month." App. at 2, Hahn Decl., ¶ 7. When the end of the month came and went without Defendants producing documents, Enerra's counsel on August 2 again asked when it could expect a production. App. at 59, Ex. 6. Over a week later, Defendants finally responded and

agreed to produce documents on Monday, August 14. App. at 2, Hahn Decl., ¶ 9; app. at 61, Ex. 7. On that Monday, Defendants' counsel sent an email that Defendants were still "converting/preparing" documents but that Defendants "will have them out today." App. at 63, Ex. 8. Defendants did not actually produce any documents until August 31, 2023. App. at 3, Hahn Decl., ¶ 11; *see* app. at 65, Ex. 9; *see also* app. at 67–68, Ex. 10.

On August 4, 2023, Enerra served a First Set of Interrogatories (the "Interrogatories"), to Conti seeking information and documents relating to Enerra's claims and defenses. App. at 70–77, Ex. 11. Conti requested additional time to respond to these Interrogatories and served its responses on September 22, 2023. App. at 4, Hahn Decl., ¶ 19; app. at 79–91, Ex. 12.

On September 29, 2023, Enerra sent Defendants a meet-and-confer letter outlining various deficiencies in these responses and the production. *See* app. at 93–98, Ex. 13. As that letter outlined, Defendants' document production was woefully insufficient, Defendants raised frivolous objections regarding the scope of discovery, and Defendants provided wrong information in certain Interrogatories. App. at 95–97, Ex. 13.

Counsel for Defendants responded on October 5, 2023, noting that "[a] supplement is being prepared that will remedy some, if not all, of [Enerra's] concerns." App. at 4, Hahn Decl., ¶ 21; app. at 100, Ex. 14. The parties held a follow-up telephonic conference to discuss Defendants' discovery deficiencies and the status of a supplement on October 16, 2023. App. at 4, Hahn Decl., ¶ 22. During that meet and confer, Defendants again promised that supplemental responses and a supplemental production would be produced that same week, i.e., by October 20, 2023. *Id.* Enerra's counsel confirmed this in an email following the meet-and-confer. App. at 102, Ex. 15.

On October 20, 2023, Defendants' counsel stated that documents were being uploaded to a file repository, and that he would confirm when the upload was completed. App. at 4, Hahn

4

Decl., ¶ 23; app. at 107, Ex. 16. Despite repeated requests to advise as to the status of that upload, Defendants' counsel has not provided that information, and no documents are accessible on the repository. App. at 4, Hahn Decl., ¶ 24; app. at 110, Ex. 17.

Enerra notified counsel for Defendants on November 1, 2023, stating:

> What is the status of this? It has been over a week since you were going to produce documents and yet it appears that nothing has been uploaded.
>
> If you do not confirm that the documents are uploaded, we are filing a motion to compel next week. that absent an answer to its questions regarding the status of a supplement, it would file a motion to compel.

App. at 112, Ex. 18. As of this filing, Defendants have refused to respond, and no supplement has been provided. App. at 5, Hahn Decl., ¶ 25.

### III.   ARGUMENT & AUTHORITIES

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). A request for discovery "should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party." *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N. D. Tex. 2005) (quoting *Sheldon v. Vermonty*, 204 F.R.D. 679, 689 (D. Kan. 2001)). Rule 26(b)(1) expressly provides that the "the relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." If the discovery appears relevant, the opposing party bears the burden of establishing lack of relevance by showing the requested discovery either does not come "within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1)," or is of such marginal relevance that the potential harm outweighs the ordinary presumption in favor of broad disclosure. *Merrill*, 227 F.R.D. at 470–471 (quoting *Scott v. Leavenworth Unified Sch. Dist. No.* 453, 190 F.R.D. 583, 585 (D. Kan. 1999)).

### A.  Defendants' Document Production Is Woefully Insufficient

As Defendants have tacitly acknowledged, Defendants' production is deficient for two reasons: (1) Defendants failed to produce documents identified in their Initial Disclosures; and (2) Defendants failed to produce certain items as they are kept in the ordinary course of business.

#### 1.  Defendants Have Failed to Produce Documents Identified in Their Initial Disclosures

Plaintiff's Request No. 2 specifically requested all "Documents and Communications identified in [Defendants'] Initial Disclosures." App. at 20, Ex. 2 (Request No. 2). Despite the Initial Disclosures and the responses to the Requests having been served on May 12, 2023, no production was made until more than three months later on August 31, 2023. App. at 3, Hahn Decl., ¶ 11. This production consists of some invoices, some plan documents, some contracts between the parties, a few purported test results, and hundreds of images which appear to be screen shots of portions of video.

Defendants' Initial Disclosures identified other documents regarding "Operations Manual(s)," "Damage Calculations," "Safety Violation Report(s)," "Plant Records," or "Demo Plant Records." Defendant's production, however, contains none of these items. App. at 3, Hahn Decl., ¶12. Defendants' Initial Disclosures also identified "Fuel Tests" as a category of documents that they would produce. The volume of fuel testing documents that Defendants produced, however, is inconsistent with Defendants' claim to have thoroughly tested this technology. *Id.*, Hahn Decl., ¶ 13.

Further, Defendants were required to provide copies of any applicable insurance policies. In Defendants' May 12, 2023 Initial Disclosures, Defendants stated "Responsive documents will be produced on an agreed upon date." No insurance policies have yet to be produced. *Id.*, Hahn Decl., ¶ 14.

Defendants also identified communications between the parties in their Initial Disclosures. However, certain of Enerra's personnel were required by Defendants to use emails from the PlastikGas email domains, which these third parties no longer have access to. As such, there are communications from the following email addresses that should have been produced but were not: Sergio.perez@plastikgas.com, Mark.mills@plastikgas.com and Michael.brown@plastikgas.com. Again, these documents were also identified in the Initial Disclosures, but were not produced. *Id.*, Hahn Decl., ¶ 15.

Defendants must produce the documents identified in their Initial Disclosures. *Walters v. Sentry Link LLC*, No. A-16-CV-383-LY, 2018 U.S. Dist. LEXIS 22097, at *9 (W.D. Tex. Feb. 9, 2018) (granting motion to compel where opposing party pointed to initial disclosure production and provided boilerplate objections, without more). Defendants must be ordered to supplement their production.

### 2. Requests Regarding Defendants' Patents and Technology

Defendants also fail to provide relevant information regarding the alleged intellectual property it purported to own and license to Plaintiff. Indeed, Request No. 39 relates to Defendants' attempts to patent the technology at issue. App. at 25, Ex. 2 (Request No. 39). Defendants improperly object to this Request on the basis that "Enerra may access [the requested information] without requiring Conti Group to compile data for Enerra," or otherwise that the data is available in the public record. App. at 47, Ex. 3 (Response to Request No. 39). Such an objection and response are improper and impermissible, and Defendants must produce the information sought by these Requests. There is no doubt that such material is in Defendants' control, as the information sought relates to Defendants' attempts to patent the technology. Moreover, Defendants may not simply point to the public databases for two reasons. First, pointing to public databases is not a proper response, and courts require parties to produce all

7

responsive documents even when available in the public record. *See, e.g., EEOC v. HWCC-Tunica, Inc.*, No. 2:07CV171-B-A, 2008 U.S. Dist. LEXIS 85830, at *21 (N.D. Miss. Oct. 6, 2008) ("a party must produce all responsive documentation within its control, regardless of whether the documents are public record."); *see also Wiand v. Wells Fargo Bank, N.A.*, No. 8:12-cv-557-T-27EAJ, 2013 U.S. Dist. LEXIS 166375, at *5 (M.D. Fla. Nov. 22, 2013) ("A party may not refuse to comply with a discovery request solely because the information may be available from other sources, including publicly accessible documents."). "Unless excused by a court order, a requested party must provide relevant discovery regardless of whether it is already available to the requesting party." *Land Ocean Logistics, Inc. v. Aqua Gulf Corp.*, 181 F.R.D. 229, 240 (W.D.N.Y. 1998).

Second, Defendants are incorrect about the public availability of this data. In response to Interrogatory No. 1, which asked Defendants to identify each and every *provisional* and non-provisional patent application, and any resulting patents, relating to the technology at issue, Defendants identify the "Application Number" for 3 patents via eight-digit numbers. App. at 73, Ex. 11 (Interrogatory No. 1); app. at 83, Ex. 12 (Response to Interrogatory No. 1). The nuance here is that the eight-digit numbers identified, 62/897,241; 63/075,787 and 63/199,933, refer to provisional patent applications, not pending applications or a final, issued patent. Provisional patent applications are readily identified by the prefix codes 62 and 63. *Filing Years and Patent Application Serial Numbers Since 1882*, https://www.uspto.gov/web/offices/ac/ido/oeip/taf/filingyr.htm (last visited Nov. 22, 2023). In their response, Defendants also identify the filing date of these provisional applications as September 6, 2019, September 8, 2020, and February 3, 2021. App. at 83, Ex. 12 (Response to Interrogatory No. 1). This is important because provisional patent applications expire after one year. *See* 35 U.S.C. § 111(b)(5) (if no request is made to convert a provisional application into a

8

formal patent application, "the provisional application shall be regarded as abandoned 12 months after the filing date of such application and shall not be subject to revival after such 12-month period"); *Provisional Application for Patent*, USPTO, https://www.uspto.gov/patents/basics/apply/provisional-application (last visited Nov. 22, 2023) ("A provisional application automatically becomes abandoned when its pendency period expires 12 months after the provisional application filing date by operation of law."). Because of this, Defendants have either not identified the non-provisional applications, which are separate applications, or Defendants have allowed all of their patents to lapse in breach of agreements with Enerra.

 Moreover, if Defendants continue to claim that the provisional patent applications are the only intellectual property they have, they cannot point to the public record and have Enerra gather that information. Provisional applications are sealed and cannot be obtained through public resources. *Patentfile.org*, https://patentfile.org/how-to-search-provisional-patents/ (Mar. 1, 2012) ("It is impossible to **search provisional patents** online because provisional patents are never published."). As such, Enerra cannot gather this information without discovery.

 Request No. 36 requested "All Documents and Communications regarding or referring to Edgar Padilla," who is the named inventor on Defendants' alleged patents. App. at 25, Ex. 2 (Request No. 36). Defendants' response again pointed to the Initial Disclosures. App. at 46, Ex. 3 (Response to Request No. 36). Yet, there does not appear to be a single communication with or involving Mr. Padilla in the production. App. at 3, Hahn Decl., ¶15.

 Request Nos. 47 and 49 sought information regarding Defendants' alleged testing with McLaren and the King Abdullah University of Science and Technology, which Defendants state would be produced as part of their Initial Disclosures. App. at 49–50, Ex. 3 (Responses to

9

Requests Nos. 47 & 49). Yet, there are no documents regarding McLaren or the King Abdullah University of Science and Technology in Defendants' production. App. at 3, Hahn Decl., ¶16.

Finally, Defendants must provide a proper answer to Enerra's Interrogatory No. 2, which asks Defendant Conti Group to "[i]dentify all rights that Defendant owns (whether by way of license, assignment, etc.) in all patents and patent applications where Edgar Padilla is a named inventor." App. at 73–74, Ex. 11 (Interrogatory No. 2). Conti responded "none." App. at 84, Ex. 12 (Response to Interrogatory No. 2). However, the two provisional patent applications identified in response to Interrogatory No. 1, *i.e.*, 62/897,241 and 63/075,787, were filed with Edgar Padilla identified as the inventor. *See* app. at 3, Hahn Decl., ¶ 15. Such inconsistent responses cannot stand, and Conti must be ordered to provide sufficient responses to these two Interrogatories. *Hunt Constr. Grp., Inc. v. Cobb Mech. Contractors, Inc.*, No. A-17-CV-215-LY, 2018 U.S. Dist. LEXIS 182840, at *12 (W.D. Tex. Oct. 25, 2018) (granting motion to compel sufficient responses to interrogatories where certain responses were "at best confusing, and at worst contradictory . . . .").

For these reasons, Conti should be compelled to provide appropriate responses to Interrogatory Nos. 1 and 2, and produce documents responsive to Request Nos. 36, 39, 47 and 49.

### 3. Defendants Did Not Produce Certain Documents as They Are Kept in the Usual Course of Business.

Additionally, Defendants stated that they would produce responsive videos to certain Requests. *See* app. at 63, Ex. 8 ("I'm still converting/preparing docs and videos on behalf of Defendants…."). In actuality, the production does not contain any videos. Rather, it appears that Defendants produced screenshots of the videos as individual images, producing the video as frame by frame stills. Rule 34(b)(2)(E)(i) requires that a party must produce material and documents "as they are kept in the usual course of business or must organize and label them to

correspond to the categories in the requests." As Defendants have obviously not produced their documents as maintained in the usual course of business, they must be organized and labeled appropriately.

As outlined above, Defendants' production to date comes nowhere close to meeting the bare minimum that Defendants are obligated to follow. For these reasons, Defendants must be compelled to supplement their productions to provide the documents they say they will provide, and allow this litigation to proceed.

### B. Defendants' Improper Objections and Failure To Produce Documents

For Request Nos. 4, 8-9, and 16-18, Defendants make improper responses and objections to otherwise valid requests for relevant information directly related to Enerra's damages, allegations, and defenses. *See* app. at 36–38, Ex. 3. Defendants have the burden to establish that the information and documents sought by any Request are not relevant or are otherwise objectionable. *See Nguyen v. Quality Sausage Co. LLC*, 2020 WL 2425646, at *2 (N.D. Tex. May 12, 2020). That said, "[r]elevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party." *Taylor v. Rothstein Kass & Co.*, PLLC, 3:19-cv-1594-D, 2020 WL 7321174, at *2 (N.D. Tex. Dec. 11, 2020) (quoting *Merrill*, 227 F.R.D. at 470). As explained below, Defendants cannot do so, as the Requests at issue are clearly relevant to Enerra's claims and defenses of the parties. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (Relevance "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.").

Request No. 4 seeks "All Documents and Communications relied upon or otherwise referred to in [Defendants'] Responses to Enerra's First Set of Interrogatories." App. at 20, Ex. 2

11

(Request No. 4). Defendants asserted that because no Interrogatories were served at the time of the response, they could not respond to this Request. App. at 36, Ex. 3 (Response to Request No. 4). Plaintiff has since served a First Set of Interrogatories, to which a response was initially due September 4, before the deadline was extended to September 22. *See* app. at 70, Ex. 11. Defendants have responded to those Interrogatories, and so must now supplement their Response to this Request and clarify whether, and when, they will produce responsive documents and communications.

Request Nos. 8–9 sought "Documents sufficient to show [Defendants'] revenues generated from [Defendants'] business relationship with Enerra" and "Documents sufficient to show [Defendants'] profits generated from [Defendants'] business relationship with Enerra." App. at 21, Ex. 2 (Request Nos. 8–9). Defendants objected on the bases that the information sought by this Request related to third parties, or that it was unrelated to the claims and allegations asserted by Enerra. App. at 37– 38, Ex. 3 (Responses to Request Nos. 8–9). These objections are clearly frivolous, as the Request seeks information specifically related to Defendants' relationship with Enerra, and the monies it received from that relationship. Defendants have no legitimate basis to object to these Requests, and these boilerplate, formulaic responses that do not comport with the facts indicate a failure to proceed with discovery in good faith. *Stanton 4433 Owners Ass'n v. State Farm Lloyds*, No. EP-20-CV-00280-FM, 2022 U.S. Dist. LEXIS 228324, at *13 (W.D. Tex. Sep. 6, 2022) (noting that reliance on frivolous, boilerplate objections "does not demonstrate an effort to deal in good faith").

Requests 16 and 17 requested documents and communications regarding Defendants' service contracts with service providers that worked on certain plants as outlined in the Complaint. *See* app. at 21–22, Ex. 2. Defendants objected at least on the bases that the Requests sought purported "trade secret, proprietary, confidential, financial, or commercially sensitive

12

information," or that the disclosure of this information would "result in a breach by Conti Group of an obligation to a third-party to maintain such information as confidential." App. at 39–40, Ex. 3 (Responses to Request Nos. 16–17). Defendants cannot plausibly assert that contracts with service providers could be considered confidential. But even so, this response ignores the facts that a protective order has governed this case since August 9, 2023. (Dkt. 48.) Defendants have no reason to refuse to produce this information, and must do so now as they stated they would.

Request No. 18 asks Defendants to produce production results from any "Plant sold or licensed to Defendants." App. at 22, Ex. 2 (Request No. 18). This information is directly relevant to Plaintiff's claims regarding the deficiencies with Defendants' purported technology and construction and maintenance of the Plants. Defendants refuse to produce documents pursuant to Request No. 18 on the basis that "to the extent the 'operations data [has been] provided to Enerra,' the requested documents are already in the possession, custody, and control of Enerra." App. at 40, Ex. 3 (Responses to Request Nos. 18). Such a response is improper, and Defendants cannot point to what might be in Enerra's possession when the documents are also in Defendants' possession. As a matter of law, "[a] requested party may not refuse to respond to a requesting party's discovery request on the ground that the requested information is in the possession of the requesting party." *Davidson v. Goord*, 215 F.R.D. 73, 77 (W.D.N.Y.2003); *Keybank Nat'l Ass'n v. Perkins Rowe Assocs.*, No. 09-497-JJB-SCR, 2011 U.S. Dist. LEXIS 37791, at *9 (M.D. La. Apr. 6, 2011); *Land Ocean*, 181 F.R.D. at 240. Documents responsive to this Request must be produced.

For these reasons, Defendants must be ordered to produce documents responsive to Request Nos. 4, 8-9, and 16-18.

4874-9630-4016v3/107444-0002

## IV. CONCLUSION

For the foregoing reasons, Enerra respectfully requests an order compelling Defendants to properly respond to discovery and produce documents.

Date: November 22, 2023        By: */s/ Douglas Q. Hahn*

**Douglas Q. Hahn**
Admitted *pro hac vice*
dhahn@stradlinglaw.com
**Ahmad S. Takouche**
(Admitted *Pro hac vice*)
atakouche@stradlinglaw.com
STRADLING YOCCA CARLSON & RAUTH
A Professional Corporation
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660
Tel. 949-725-4138

**William M Parrish**
Texas State Bar No. 15540325
bparrish@stradlinglaw.com
STRADLING YOCCA CARLSON & RAUTH
500 W. 2nd Street, Ste. 1900
Austin, TX 78701
Tel. 512-788-5020


**Bradley Liddle**
Texas State Bar No. 24074599
bliddle@carterarnett.com
**Scott Breedlove**
Texas State Bar No. 00790361
sbreedlove@carterarnett.com
**Joshua J. Bennett**
Texas State Bar No.24059444
jbennett@carterarnett.com
**Stacey Cho Hernandez**
Texas State Bar No. 24063953
shernandez@carterarnett.com
CARTER ARNETT PLLC
8150 N. Central Expressway, Suite 500
Dallas, Texas 75206
Tel. 214-550-8188

*Attorneys for Plaintiff and Counter-Defendant Enerra Corporation*

## CERTIFICATE OF CONFERENCE

Counsel for Plaintiff Enerra Corporation and counsel for Defendants have personally conducted a conference on July 3, 2023 and October 16, 2023, at which there was a substantive discussion of every item presented to the Court in this motion. Defendants also agreed but ultimately failed to supplement their production by October 20, 2023. No supplemental documents have been provided by Defendants. Counsel have not been able to resolve the matters presented in this motion.

By: */s/ Douglas Q. Hahn*