# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF TEXAS

# DALLAS DIVISION

| | |
|---|---|
| ENERRA CORPORATION, | Civil Action No. 3:23-cv-00194-L |
| Plaintiff, | Honorable Sam A. Lindsay |
| vs. | JURY TRIAL DEMANDED |
| CONTI GROUP LLC, PLASTIKGAS LLC, ROBERTO CONTI, JULIE CONTI, JORDAN CONTI, DELAINA DRIES AND DOES 1-10, | |
| Defendants. | |

CONTI GROUP, LLC,

               Counter-Plaintiff,

vs.

ENERRA CORPORATION, SERGIO PEREZ, MARK MILLS AND MICHAEL BROWN,

               Counter-Defendants.

## <u>DECLARATION OF DOUGLAS Q. HAHN</u>

## <u>IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL</u>

1.      I, Douglas Q. Hahn, am a shareholder with the law firm of Stradling Yocca Carlson and Rauth, P.C. and counsel for Plaintiff Enerra Corporation ("Plaintiff"). I am duly authorized to practice before the Courts of the State of New York, the Courts of the State of California, and I am admitted *pro hac vice* in the instant case. I have personal knowledge of the facts stated herein, and if asked to testify regarding these facts I have the capacity to do so.

2.      Defendant served its initial disclosures on May 12, 2023. Attached hereto as **Exhibit 1** is a true and correct copy of Defendants' Initial Disclosures.

3.      On April 12, 2023, Enerra served its First Set of Requests for Production (the "Requests").  Attached hereto as **Exhibit 2** is a true and correct copy of the Requests.

4.      Defendants responded to Plaintiff's Requests on May 12, 2023.  A true and correct copy of these responses is attached hereto as **Exhibit 3**.

5.      After submitting their responses, Defendants promised to produce documents as soon as a protective order was entered.  Enerra's counsel circulated a draft protective order on May 26, 2023.  A true and correct copy of this email is attached hereto as **Exhibit 4.**

6.      Defendants waited until July to approve the protective order.  A true and correct copy of the email Defendants' counsel sent regarding the protective order is attached hereto as **Exhibit 5**.

7.      Counsel spoke with Defendants' counsel on July 3 about producing documents and the protective order, where Defendants' counsel noted that they were still working on the protective order but confirmed that they would produce documents "within two weeks" and "certainly no later than the end of the month."  Defendants did not produced documents by the end of the July.

8.      On August 2, Enerra's counsel again asked when it could expect a production.  A true and correct copy of this email is attached hereto as **Exhibit 6**.

9.      Over a week later, Defendants finally responded and agreed to produce documents on August 14. A true and correct copy of this email is attached hereto as **Exhibit 7**.

10.     On August 14, Defendants' counsel sent an email that Defendants were still "converting/preparing" documents but that Defendants "will have them out today."  A true and correct copy of this email is attached hereto as **Exhibit 8**.

11.     Defendants did not produce any documents until August 31, 2023.  A true and correct copy of an email from Plaintiff's counsel detailing this delay is attached hereto as **Exhibit 9**.

12.     While Defendant's Initial Disclosures identify "Operations Manual(s)," "Damage Calculations," "Safety Violation Report(s)," "Plant Records," and "Demo Plant Records," none of these appear to have been included in its August 31, 2023 production.

13.     Defendant's production did contain a few fuel test documents but the volume of fuel testing documents that Defendants produced , however, is inconsistent with Defendants' claim to have thoroughly tested this technology.

14.     Defendants' Initial Disclosures indicate that there is an insurance policy that may cover part of this action.  Defendants' Initial Disclosures indicated that the policy would be produced but, despite due demand, it has not been produced.

15.     There are communications from the following email addresses that Plaintiff does not have access to that should have been produced but were not: Sergio.perez@plastikgas.com, Mark.mills@plastikgas.com and Michael.brown@plastikgas.com.  Again, these documents were also identified in the Initial Disclosures, but were not produced.  Further, there does not appear to be a single communication with or involving Mr. Padilla in the production. Mr. Padilla is listed as the inventor on the two provisional patent applications identified in response to Interrogatory No. 1, *i.e.*, 62/897,241 and  63/075,787.

16.     Request Nos. 47 and 49 sought information regarding Defendants' alleged testing with McLaren and the King Abdullah University of Science and Technology.  There appear to be no documents regarding McLaren or the King Abdullah University of Science and Technology in Defendants' production.

3

17.     A true and correct copy of an email exchange between Plaintiff's counsel and Defendant's counsel regarding the delay is attached hereto at **Exhibit 10**.

18.     On August 4, 2023, Enerra served a First Set of Interrogatories (the "Interrogatories"), to Conti.  A true and correct copy of the Interrogatories is attached hereto as **Exhibit 11**.

19.     Conti requested additional time to respond to these Interrogatories and served its responses on September 22, 2023.  A true and correct copy of these responses is attached hereto as **Exhibit 12**.

20.     On September 29, 2023, I sent Defendants a meet and confer letter outlining various deficiencies in these responses and the production.  A true and correct copy of this letter is attached hereto as **Exhibit 13**.

21.     Counsel for Defendants responded on October 5, 2023, noting that "[a] supplement is being prepared that will remedy some, if not all, of [Enerra's] concerns."  A true and correct copy of this email is attached hereto as **Exhibit 14**.

22.     The parties held a follow-up telephonic conference to discuss Defendants' discovery deficiencies and the status of a supplement on October 16, 2023.  During that meet and confer, Defendants again promised that supplemental responses and a supplemental production was forthcoming.  Enerra's counsel confirmed this in an email following the meet-and-confer.  A true and correct copy of Enerra's October 16 email is attached as **Exhibit 15**. Defendants did not respond that the summary in the email was incorrect.

23.     On October 20, 2023,  Defendants' counsel stated that documents were being uploaded to a file repository, and that he would confirm when the upload was completed.  A true and correct copy of this email has been attached hereto as **Exhibit 16**.

24.     Defendants' counsel has not provided that information, and no documents appear to have been uploaded.  A true and correct copy of an email sent by Plaintiff's counsel sent on October 23, 2023 is attached hereto as **Exhibit 17**.

25.     Enerra notified that absent an answer to its questions regarding the status of a supplement, it would file a motion to compel.  A true and correct copy of this email is attached hereto as **Exhibit 18**.  As of this filing, no supplement or responses to this inquiry has been provided.

I hereby declare under penalty of perjury that the foregoing is true and correct.  Executed this 22 day of November, 2023, in Laguna Beach, California.

*/s/ Douglas Q. Hahn*
Attorney for Plaintiff Enerra Corporation

5

# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| ENERRA CORPORATION, | Civil Action No. 3:23-cv-00194-L |
| Plaintiff, | |
| vs. | |
| CONTI GROUP LLC, PLASTIKGAS LLC, ROBERTO CONTI, JULIE CONTI, JORDAN CONTI, | |
| Defendants. | |
| CONTI GROUP, LLC, | |
| Counter-Plaintiff, | |
| vs. | |
| ENERRA CORPORATION, SERGIO PEREZ, MARK MILLS AND MICHAEL BROWN, | |
| Counter-Defendant, | |
| Third-Party Defendants. | |

**DEFENDANTS AND COUNTER-PLAINTIFF'S ORIGINAL INITIAL DISCLOSURES**
**PURSUANT TO FED. R. CIV. P. RULE 26**

Defendants and Counter-Plaintiff hereby provide to Plaintiff and Counter-Defendant Enerra, the following Initial Disclosures:

**I.     Witnesses; Fed. R. Civ. P. 26(a)(1)(A)(i).**

The name and, if known, the address and telephone numbers of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

      a.   Roberto Conti
          106 N Denton Tap Rd. #210, Coppell, TX 75019

7

rconti@plastikgas.com

Roberto Conti, a Defendant in this action, has information related to this action.

b. Julie Conti
106 N Denton Tap Rd. #210, Coppell, TX 75019

Julie Conti, a Defendant in this action, has information related to this action.

c. Jordon Conti
106 N Denton Tap Rd. #210, Coppell, TX 75019

Jordon Conti is an employee of Conti Group, LLC and likely has information related to this action.

d. Jacquelyn Counter
106 N Denton Tap Rd. #210, Coppell, TX 75019

Jacquelyn Counter may have information related to this action.

e. Sergio Perez
1248 Sierra Vista Circle, Saint George, UT 84790

Sergio Perez is an owner in Enerra and likely has information related to this action.

f. Wendy Perez
1248 Sierra Vista Circle, Saint George, UT 84790

Wendy Perez is the wife of Sergio Perez and may have information related to this action.

g. Mark Mills
499 Bay Harbor Road, Mooresville, North Carolina 28117

Mark Mills is an owner in Enerra and likely has information related to this action.

h. Beth Mills
499 Bay Harbor Road, Mooresville, North Carolina 28117

Beth Mills is the wife of Mark Mills and may have information related to this action.

i. Michel Brown
12640 Stanley Road, Van Buren Township, MI 48111

Michael Brown is an owner in Enerra and likely has information related to this action.

j.  Mary Brown
    12640 Stanley Road, Van Buren Township, MI 48111

    Mary Brown is Michael Brown's wife and may have information related to this action.

k.  Delaina Dries
    115 Sage Drive, Justin, TX 76247
    Delain.dries@plastikgas.com

    Delaina Dries has worked on finances for Conti Group LLC and PlastikGas LLC and may have information related to this action.

l.  Rodolpho Dorn
    *Will supplement contact information.*

    Rodolpho Dorn has worked on the Plants at issue as an engineer for Conti Group and may have information related to this action.

m.  Edgar Padilla
    Puerta de oro 104, Colonia Puerta de hierro
    Salamanca, Guanajuato, CP 36720
    Edgar.padilla@plastikgas.com

n.  Dean Britt
    *Will supplement contact information.*

    Mr. Britt introduced Mark Mills to Roberto Conti and may have information related to this action.

o.  Kathy Swartout, Bureau Veritas
    *Will supplement contact information.*
    kathy.swartout@bureauveritas.com

    Ms. Swartout may have information related to the allegations in this action.

p.  Ketzalli Rodriguez
    *Will supplement contact information.*

    Ms. Rodriguez works for the manufacturer Aguila. Ms. Rodriguez may have information related to this action.

q.  Amelio Gonzalez
    *Will supplement contact information.*

9

Mr. Gonzalez works for the manufacturer Aguila. Mr. Gonzalez may have information related to this action.

r.  Amelio Caronza

Mr. Caronza works for the manufacturer Aguila. Mr. Caronza may have information related to this action.

II.  List of Documents; Fed. R. Civ. P. 26(a)(1)(A)(i).

A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.

a.  Contracts associated with Enerra

b.  Default Letters provided to Enerra

c.  Letters from Enerra

d.  PlastikGas® Presentation Materials

e.  Fuel Tests

f.  Awards

g.  Communications with Sergio Perez

h.  Communications with Mark Mills

i.  Communications with Michael Brown

j.  Communications

k.  Photographs

l.  Enerra Meeting Evidence

m.  Operations Manual(s)

n.   Engineering Reports

o.  Damage Calculations

    p.   Relevant Financial Documents

    q.   Safety Violation Report(s)

    r.   Training Documents

    s.   Plant Records

    t.   Demo Plant Records

III.      Computation of Damages; Fed. R. Civ. P. 26(a)(1)(A)(i).

A computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under **Rule 34** the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

*Loss of Value of Exclusivity Contract*

    a.   Enerra signed an Exclusivity Agreement with Conti Group; the value of the Exclusivity Agreement is approximately two-hundred and fifteen million dollars ($215,000,000.00) in Plant Purchases over approximately seven years.

*Loss of Fuel Production Fees*

    b.   Enerra's contracts require payment of Fuel Production Fees. At a minimum, Conti Group stood to collect fifteen million two hundred fifty thousand dollars in Fuel Production Fees throughout the life of the Exclusivity Contract.

*Loss of Payment for Contractual Obligations*

    c.   Enerra has failed to pay the total amount due in contractual obligations over the life of the contracts.

*Pre-judgment and Post-judgment Interest*

     d.   Pre-judgment and Post-Judgment Interest, as awarded.

*Attorney Fees*

     e.   Attorney fees and costs, as awarded.

IV.    Insurance Agreements; Fed. R. Civ. P. 26(a)(1)(A)(i).

Any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Responsive documents will be produced on an agreed upon date.

Dated May 12, 2023            Respectfully submitted,

**CRM LAW PLLC**

By:    /s/ Carrie R. McNair
        Carrie R. McNair
        Texas Bar No. 24110715

820 S Macarthur Blvd Ste 105-342
Coppell, Texas 75019
850-509-4874 telephone
carriemcnair@crmcnairlaw.com

**Hermes Law, P.C.**
2550 Pacific Avenue, Suite 700
Dallas, Texas 75201
(214) 749-6800
(214) 749-6801 (Fax)

 /s/ Brandon Wilson

**Brandon Wilson**
State Bar No. 24076776
brandonw@hermes-law.com

**Peter Kerr**
State Bar No. 24076478
peter@hermes-law.com

**ATTORNEYS FOR (A) DEFENDANTS CONTI GROUP LLC, PLASTIKGAS LLC, ROBERTO CONTI, JULIE CONTI, JORDAN CONTI AND (B) COUNTER-PLAINTIFF CONTI GROUP, LLC**

## CERTIFICATE OF SERVICE

I, Carey R. McNair, hereby certify that on May 12, 2023, I caused a true and correct copy of the above document entitled *Defendants and Counter-Plaintiff's Original Initial Disclosures* were provided to the following counsel, via email:

Douglas Quinton Hahn
William M. Parrish
Bradley D. Liddle
Joshua J. Bennett
Scott W. Breedlove
Stacey Cho Hernandez
Jeff I Nicodemus
Robert Price Anderson

By: /s/ *Carey R. McNair*
        Carey R. McNair

# EXHIBIT 2

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF TEXAS

# DALLAS DIVISION

| | |
|---|---|
| ENERRA CORPORATION,<br><br>                    Plaintiff,<br><br>      vs.<br><br>CONTI GROUP LLC, PLASTIKGAS LLC,<br>ROBERTO CONTI, JULIE CONTI, JORDAN<br>CONTI, DELAINA DRIES AND DOES 1-10,<br><br>                    Defendants. | Civil Action No. 3:23-cv-00194-L<br><br>Honorable Sam A. Lindsay<br><br>JURY TRIAL DEMANDED |
| CONTI GROUP, LLC,<br><br>                    Counter-Plaintiff,<br><br>      vs.<br><br>ENERRA CORPORATION, SERGIO PEREZ,<br>MARK MILLS AND MICHAEL BROWN,<br><br>                    Counter-Defendants. | |

## PLAINTIFF AND COUNTER-DEFENDANT ENERRA CORPORATION'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANTS AND COUNTER-CLAIMANTS CONTI GROUP LLC, PLASTIKGAS LLC, ROBERTO CONTI, JULIE CONTI, AND JORDAN CONTI

TO DEFENDANTS AND COUNTER-CLAIMANTS CONTI GROUP LLC, PLASTIKGAS LLC, ROBERTO CONTI, JULIE CONTI, AND JORDAN CONTI AND THEIR ATTORNEYS OF RECORD:

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Enerra Corporation ("Enerra" or "Plaintiff") hereby propounds the following first set of requests for

production to Defendants and Counter-Claimants Conti Group LLC, PlastikGas LLC, Roberto Conti, Julie Conti, and Jordan Conti ("Defendants" or "Conti").

Defendants shall produce the requested documents and things for inspection and copying at the offices of Stradling Yocca Carlson & Rauth, P.C., 660 Newport Center Drive, Suite 1600, Newport Beach, CA 92660-6422, within 30 days, or at such other date and place as counsel for the parties may agree.

Plaintiff Enerra Corporation ("Enerra" or "Plaintiff") and Defendants and Counter-Claimants Conti Group LLC, PlastikGas LLC, Roberto Conti, Julie Conti, and Jordan Conti ("Defendants")

## **DEFINITIONS**

1.      The terms "Conti," "You," and "Your" and/or the term "Defendants" shall mean the Defendants Conti Group, LLC, in the above captioned action, and any of their parents, predecessors, subsidiaries, affiliates, divisions and groups, and each of their trustees, directors, officers, employees, shareholders, agents, representatives, attorneys and any other person or entity acting on behalf of any of the foregoing.

2.      As used herein, the terms "Enerra" and "Plaintiff" refer to Plaintiff Enerra and its past and present predecessors, successors, subsidiaries, divisions, parents and affiliates, and all past and present officers, directors, affiliates, agents, employees, consultants, accountants, attorneys, representatives, and any other person or entity acting on behalf of any of the foregoing.

3.      As used herein, the term "Agreements" shall mean all versions of the contracts executed between the parties.

4.      The term "communication" means any exchange or transmission of information, words or ideas to another person or an entity, including without limitation conversations,

discussions, e-mails, facsimiles, letters, memoranda, meetings, notes, speeches, or other transfer of information, whether written, oral, or by any other means, whether direct or indirect, formal or informal, and includes any document which abstracts, digests, transcribes or records any such communication.

5.      The term "document" shall have the meaning and scope ascribed to it under Federal Rule of Civil Procedure 34, and includes anything, including but not limited to electronically stored files or data, coming within the definition of "writings" and "recordings" in Federal Rule of Evidence 1001. A draft or nonidentical copy is a separate document within the meaning of this term.

6.      As used herein, the term "Technology" shall refer to the Plastic to Fuel Technology advertised by Conti and that is the subject of the Agreements.

7.      As used herein, the term Plant shall mean any machine or facility designed to perform the Technology.

8.      As used herein, the term "relating to" means referring to, concerning, describing, evidencing, or constituting.

9.      As used herein, the terms "use" or "used" shall mean, used in or used in connection with, or at any time investigated, intended or considered for use in, or for use in connection with.

10.      As used herein, the term "including" means including but not limited to.

11.      As used herein, the terms "any" and "each" shall be construed to include and encompass "all."

12.      As used herein, the words "and" and "or" shall be used conjunctively or disjunctively, whichever makes the request, interrogatory, definition or instruction more inclusive.

13.     As used herein, the terms "describe," "identify" or to "state the identity" of means:

In the case of a person, to state:

i.      Full name;

ii.     Last known residence;

iii.    Last known telephone and email address

iv.     Last known employer or business affiliation; and

v.      Last known occupation and business position held.

In the case of a company, business entity, firm, association, organization, partnership, business, trust, corporation, or public entity to state:

i.      the name;

ii.     the principal place of business; and

iii.    the identity of the person or persons having knowledge of the matter with respect to which the company is named.

iv.     In the case of a Document to state:

v.      a full description of the item, including date, title;

vi.     addressee, recipient, person preparing or drafting the same;

vii.    the current custodian thereof; and any other information necessary to describe said item with sufficient particularity for a subpoena duces tecum or demand for inspection and production.

14.     As used herein, the singular includes the plural number, and vice versa. The past tense includes the present tense where the clear meaning is not distorted by change of tense.

## INSTRUCTIONS

1.      Documents shall be produced as kept in the usual course of business. In producing documents, all documents that are physically attached to each other in files or other means of storage (including electronic means) must be left so attached. Documents that are segregated or separated from other documents, whether by inclusion in binders, files or subfiles, or by use of dividers, tabs or any other method, must be so segregated or separated and the binders, files, subfiles, dividers, tabs or other means of separation must be copied if there are any markings or writing thereon. Documents are to be produced in the manner in which they are maintained.

2.      If Conti claims any form of privilege or discovery protection as a ground for not producing or for redacting any document, Conti must serve on the undersigned within thirty (30) days of service of this Request, a list of such withheld or redacted documents indicating, for each document withheld or redacted, the following information: (1) the document's preparation date and the date appearing on the document; (2) the name, present and last known home and business addresses, the telephone numbers, the title (and position), and the occupation of those individuals who prepared, produced, and reproduced, and who were the recipients of said document; (3) the number of pages withheld; (4) the number of copies made; and (5) a description sufficient to identify the document without revealing the information for which the privilege is claimed, including the general subject matter and character of the document (e.g., letter, memorandum, notes), and (6) the basis for the claim of privilege or other protection.

3.      With respect to each assertion of privilege, You shall indicate the nature of the privilege (including work product) which is being claimed, and You shall indicated whether any documents exist that have been withheld on the ground of the assertion.

4.      If only a portion of a responsive document is privileged or otherwise protected against disclosure, You must produce the responsive non-privileged portion of the document in

4867-5986-4919v3/107444-0002

redacted form, provided that the redacted material is identified and the basis for the claim of privilege stated as provided in instructions 2 and 3 above.

5.      Each requested document is to be produced in its entirety without deletion and excision (except as qualified by instructions 2 and 3 above), regardless of whether You consider the entire document to be relevant or responsive to these Requests for Production.

6.      If Conti believes that any Request for Production contained in this set of Document Requests is unclear, unintelligible or, because of its wording, otherwise prohibits or prevents Conti from responding to that Request for Production, Conti shall immediately request clarification of that Request for Production from Plaintiff.

7.      Requests for Production shall not be construed with reference to any other Request for Production for purposes of limitation.

8.      If You have no documents or things responsive to a particular request in Your possession, custody or control, You shall so state in Your written response to the particular request.

9.      Pursuant to Federal Rule of Civil Procedure Rule 26(e), Your responses to the following Requests for Production are to be promptly supplemented to include any subsequently acquired documents and information.

## **REQUESTS FOR PRODUCTION**

1.      Documents and Correspondence between You and Enerra.

2.      All Documents and Communications identified in Your Initial Disclosures.

3.      All internal Documents and Communications discussing Enerra or Your relationship with Enerra's business.

4.      All Documents and Communications relied upon or otherwise referred to in your Responses to Enerra's First Set of Interrogatories.

4867-5986-4919v3/107444-0002

5.      All Documents and Communications between You and any third party relating to Enerra.

6.      All Documents relating to or regarding Your damages contentions.

7.      All Documents relating to the negotiation, drafting, and execution of each version of the Agreements.

8.      Documents sufficient to show YOUR revenues generated from Your business relationship with Enerra.

9.      Documents sufficient to show YOUR profits generated from Your business relationship with Enerra.

10.     All Documents reflecting, evidencing, or constituting expenses YOU incurred from YOUR business relationship for Enerra.

11.     All Documents reflecting or constituting projections for YOUR revenues to be generated from Your business relationship with Enerra.

12.     All Documents reflecting or constituting projections for YOUR profits to be generated from Your business relationship with Enerra.

13.     All Documents that reflecting, evidencing or constituting business plans between You and Enerra.

14.     All Documents and Communications relating to or referring to any patent application filed by You before the United States Patent and Trademark Office, including all filings and responses.

15.     All Documents and Communications relating to or referring to any patent application filed by Edgar Padilla before the Mexican Patent Office, including all filings and responses.

16.     All Documents and Communications regarding or referring to Your service

contracts with any service provider that worked on the Bloomington or Dillon Plants, including but not limited to all agreements, invoices, payment verifications, warranties and performance guarantees with Grupo Industrial Aguila and Maquiplastic.

17.     All Communications regarding any Plant other than Bloomington and Dillon sold or licensed by Defendants.

18.     All production results from any Plant sold or licensed by Defendants, including but not limited to operations data provided to Enerra from production of the Plants in Cancun Mexico, Chihuahua Mexico and Quito Ecuador.

19.     All results of the testing of any fuel products manufactured or produced with use of the Technology.

20.     All communications regarding No. 19 herein.

21.      All communications received from any third party regarding the performance of any Plant, including but not limited to pilot Plants, and Plants operating outside of the United States of America.

22.     All Communications with any service provider regarding repair of any Plant.

23.     All Communications and other Documents supporting any of Your Affirmative Defenses stated in Your Answer to Enerra's Complaint and Counterclaims.

24.     All Communications and other Documents relating to Describe in full, Identify, and state all facts that support Your First Defense that "[t]he Complaint fails to state claims upon which relief can be granted. Fed. R. Civ. P. 12(b)(6)."

25.     All Communications and other Documents relating to or otherwise supporting Your Second Defense that "[t]he Complaint fails to state fraud claims against Defendants with the required specificity and particularity. Fed. R. Civ. P. 9(b)."

26.     All Communications and other Documents relating to or otherwise supporting all

4867-5986-4919v3/107444-0002

affirmative defenses identified in Your Fourth Defense.

27.     All Communications and other Documents relating to or otherwise supporting the allegations that "Counter-Defendant executives, Sergio Perez, Mark Mills, and Michael Brown, jointly and severally, assured and represented to Counter-Plaintiff that Counter-Defendant was sufficiently supported by resources to be the first, and only, to develop the technology in the United States, that included available funds, future investors, and ability, in 2020, to enter into agreement to purchase forty-one (41) 7-Ton, or more, PlastikGas® Plants, and to build forty-one (41) Campuses throughout the United States, in approximately seven (7) years' time. Counter-Defendant executives, Sergio Perez, Mark Mills, and Michael Brown, each made assurances to Counter-Plaintiff, regarding available resources that included cash funds, investors, and ability, to induce Counter-Plaintiff into signing an exclusivity agreement with Counter-Defendant that allowed Counter-Defendant to be the first and only to develop the technology in the United States" as alleged in Paragraphs 23 of the Counterclaim.

28.     All Communications and other Documents relating to or otherwise supporting the allegations that "Sergio Perez personally indicated to Counter-Plaintiff specifically that he would personally support the first five (5) PlastikGas® Plant purchases with available cash that he himself would provide to Counter-Defendant. Sergio Perez indicated he sold a biodigester to obtain funds for the purchase of PlastikGas® Plants. Further, Sergio Perez indicated he himself controlled seventeen million five hundred thousand dollars ($17.5 million dollars) in personal cash that he would use to fund Counter-Defendant" as alleged in Paragraph 24 of the Counterclaim.

29.     All Communications and other Documents relating to or otherwise supporting the allegations that "Mark Mills personally indicated to Counter-Plaintiff that he controlled investors that were willing to support Counter-Defendant with large sums of monthly payments. Mark

Mills' personal contribution to Counter-Defendant was also purported to be millions of dollars in investor funds" as alleged in Paragraph 25 of the Counterclaim.

30.    All Communications and other Documents relating to or otherwise supporting the allegations that Michael Brown indicated he had the money and connections to guarantee funding, support, and permitting to allow for Campuses to be built and appropriately permitted. Michael Brown's purported contribution was considered to be millions of dollars" as alleged in paragraph 26 of the Counterclaim.

31.    All Communications and other Documents relating to or otherwise supporting the allegations that "Mark Mills and Michael Brown, independent of each other, each requested exclusivity from Counter-Plaintiff separately; Counter-Plaintiff understood that the request for exclusivity indicated each individual had enough funds to pursue exclusivity" as alleged in paragraph 27 of the Counterclaim.

32.    Describe in full, Identify and state all facts that support the allegations that "Thereafter, Counter-Defendant failed to timely and properly build the necessary Campuses, per contractual obligations, to operate the PlastikGas® Plants manufactured specifically for Counter-Defendant" as alleged in paragraph 28 of the Counterclaim.

33.    All Communications and other Documents relating to or otherwise supporting the allegations that Further, Counter-Defendant purchased and then failed to properly operate a 2-Ton PlastikGas® Plant; the 2-Ton PlastikGas® Plant was purchased outside of the Counter-Defendants forty-one (41) 7-Ton Plant obligation" as alleged in paragraph 29 of the Counterclaim.

34.    All Communications and other Documents relating to or otherwise supporting the allegations that Counter-Defendant contracted with Counter-Plaintiff to pay for three (3) 7 Ton PlastikGas® Plants since 2020 that were within Counter-Defendant's forty-one (41) Plant

requirement; Counter-Defendant has failed to pay fees associated with the purchase of the PlastikGas® Plants already ordered" as alleged in paragraph 30 of the Counterclaim.

35.     All Communications and other Documents relating to or otherwise supporting the allegations that "Counter-Defendant has failed to effectuate the promise made to Counter-Plaintiff that Counter-Defendant would ensure PlastikGas® Plants would be operating throughout the United States by the end of a seven (7) year period. At this time, approximately three (3) years after the Exclusivity Agreement was signed, Counter-Defendant does not have a single campus prepared to operate a 7-Ton PlastikGas® Plant in the United States" as alleged in paragraph 31 of the Counterclaim.

36.     All Documents and Communications regarding or referring to Edgar Padilla.

37.     All Documents and Communications regarding or referring to any employment or contractor agreement with Edgar Padilla.

38.     All Documents and Communications regarding or referring to any patent application filed by Edgar Padilla before the Mexican Patent Office.

39.     All Documents and Communications regarding or referring to any patent application filed by Edgar Padilla before the United States Patent and Trademark Office.

40.     All Communications and other Documents relating to Your testing of the Technology, including but not limited to thermal dynamic testing, tanks capacity and reactor storage capacity.

41.     All Communications and other Documents relating to or regarding Your attempts to patent the Technology.

42.     All Communications with or discussing the United States Patent Office regarding the Technology.

43.     All Communications and other Documents relating to or regarding Your attempts

to sell the Technology.

44.     All Communications and other Documents relating to or regarding Your attempts to license the Technology.

45.     All Communications and other Documents relating to or regarding any allegations made against You in a court of law or at arbitration.

46.     All Communications and other Documents relating to or regarding Your attempts to sell or lease plants.

47.     All Communications and other Documents relating to or regarding Your testing of the Technology with the King Abdullah University of Science and Technology, including but not limited to fuel sample collections and sample chain of custody.

48.     All Communications and other Documents regarding Conti's claim that it is the first company worldwide to bring plastic to fuel conversion opportunity to the (sic) forefront," and that it has "developed the reverse engineering technology to return plastic to its hydrocarbon state."

49.     All Communications and other Documents relating to or regarding McLaren, including all communications, meetings, proposals or presentations, as well as documents relating to any Defendant's representations, claims or warranties to McLaren.

50.     All Communications and other Documents relating to or regarding completion of manufacturing for the 2 Plants at Aguila Manufacturing in Tampico, including the status or pumps, burners, control system and sensors, as well as any performance testing conducted by Aguila, such as pressure testing and sensor testing.

-12-

Date:  April 12, 2023               By:  */s/ Douglas Q. Hahn*

**Douglas Q. Hahn**
Admitted pro hac vice
dhahn@stradlinglaw.com
**Ahmad S. Takouche**
(Pro hac vice admission pending)
atakouche@stradlinglaw.com
STRADLING YOCCA CARLSON & RAUTH
A Professional Corporation
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660
Tel. 949-725-4138


**William M Parrish**
Texas State Bar No. 15540325
bparrish@stradlinglaw.com
STRADLING YOCCA CARLSON & RAUTH
500 W. 2nd Street, Ste. 1900
Austin, TX 78701
Tel. 512-788-5020

**Bradley Liddle**
Texas State Bar No. 24074599
bliddle@carterarnett.com
**Scott Breedlove**
Texas State Bar No. 00790361
sbreedlove@carterarnett.com
CARTER ARNETT PLLC
8150 N. Central Expressway, Suite 500
Dallas, Texas 75206
Tel. 214-550-8188

***Attorneys for Plaintiff and Counter-Defendant
Enerra Corporation***

## CERTIFICATE OF SERVICE

I, Jennifer Crummett-Smith, hereby certify that on April 12, 2023, I caused a true and correct copy of the above document entitled PLAINTIFF AND COUNTER-DEFENDANT ENERRA CORPORATION'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANTS AND COUNTER-CLAIMANTS CONTI GROUP LLC, PLASTIKGAS LLC, ROBERTO CONTI, JULIE CONTI, AND JORDAN CONTI to be served by email on the below-listed counsel of record:

| | |
|---|---|
| Bruce W. Arkley<br>**AKERLY LAW PLLC**<br>2785 Rockbrook Drive, Suite 201<br>Lewisville, Texas 75067<br>Phone: (469) 444-1878<br>Direct: (469) 444-1864<br>Email: bakerly@akerlylaw.com<br>        Lawclerk@akerlylaw.com,<br>        rloughran@akerlylaw.com<br><br>Carrie R. McNair<br>**CRM LAW, PLLC**<br>820 S MacArthur Blvd, Suite 105-342<br>Coppell, Texas 75019<br>Phone: (850) 509-4874<br>Email: carriemcnair@crmcnairlaw.com | Brandon Craig Wilson<br>Peter Kerr<br>HERMES LAW<br>2550 Pacific Ave., Suite 700<br>Dallas, TX 75226<br>Email: brandonw@hermes-law.com<br>marisa@hermes-law.com<br>peter@hermes-law.com |

***Counsel For Defendants and Counter-Claimant, Conti Group, LLC,***
***Plastikgas, LLC, Roberto Conti, Julie Conti,***
***and Robert Jordan Conti***

_____
Jennifer Crummett-Smith

# EXHIBIT 3

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **ENERRA CORPORATION,** | |
| **Plaintiff,** | |
| **vs.** | |
| **CONTI GROUP LLC, PLASTIKGAS LLC,** | |
| **ROBERTO CONTI, JULIE CONTI, JORDAN** | |
| **CONTI,** | **Case No. 3:23-cv-00194-L** |
| **Defendants.** | **JURY TRIAL DEMANDED** |
| **CONTI GROUP, LLC,** | |
| **Counter-Plaintiff,** | |
| **vs.** | |
| **ENERRA CORPORATION, SERGIO PEREZ,** | |
| **MARK MILLS AND MICHAEL BROWN,** | |
| **Third-Party** | |
| **Defendants.** | |

**DEFENDANTS/COUNTER-PLAINTIFFS' OBJECTIONS AND RESPONSES**
**TO PLAINTIFF/COUNTER-DEFENDANT ENERRA CORPORATION'S**
**FIRST SET OF REQUEST FOR PRODUCTION**

Defendant/Counter-Plaintiff Conti Group, LLC, and Defendants PlastikGas, Roberto Conti, Julie Conti, and Jordan Conti (collectively "Conti Group") serve their objections and responses to Plaintiff/Counter-Defendant Enerra Corporation's ("Enerra") First Set of Request for Production pursuant to Fed. R. Civ. P. 26 and 34.

30

## PRELIMINARY STATEMENT

1.  Conti Group's investigation and development of all facts and circumstances relating to this action is ongoing. These responses and objections are made without prejudice to – and are not a waiver of – Conti Group's right to rely on other facts or documents at trial.

2.  By making the accompanying responses and objections to Enerra's requests, Conti Group does not waive – and expressly reserves – its right to assert objections of admissibility on any grounds. Conti Group makes the objections and responses without implying that it considers the requests and responses to the requests to be relevant or material to the subject matter of this action.

3.  Conti Group will produce responsive documents only to the extent that such documents are in its possession, custody, or control, as set forth in the Federal Rules of Civil Procedure. Conti Group's possession, custody, or control does not include any constructive possession that may be conferred by Conti Group's right or power to compel the production of documents or information from third parties.

4.  A response to a document request stating that objections and/or indicating that documents will be produced shall not be deemed or construed that there are, in fact, responsive documents, that Conti Group performed any of the acts described in the document request or definitions and/or instructions applicable to the document request, or that Conti Group acquiesces in the characterization of the conduct or activities contained in the document request or definitions and/or instructions applicable to the document request.

5.  Conti Group expressly reserves the right to supplement, clarify, revise, or correct any or all of its responses and objections, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

6.  Conti Group will make available for inspection at Conti Group's offices responsive documents. Alternatively, Conti Group will produce copies of the documents as agreed upon by the Parties.

7.  Publicly available documents including, but not limited to, newspaper clippings, court papers, PTO-related documents, and documents available on the Internet, will not be produced.

8.  No incidental or implied admissions are intended by these responses. The fact that Conti Group responds or objects to any request should not be taken as an admission that Conti Group accepts or admits the existence of any facts assumed by such request or that such response or objection constitutes admissible evidence as to any such assumed facts. The fact that Conti Group responds to part or all of any request is not intended to be, and shall not be construed as, a waiver by Conti Group of any part of any objection to any request.

9.  These responses are provided solely for the purpose of and in relation to this action.

## GENERAL OBJECTIONS

1.  Conti Group objects to each instruction, definition, and document request to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2.  Conti Group objects to each document request that is overly broad, unduly burdensome, or not reasonably calculated to lead to the discovery of admissible evidence.

3.  Conti Group objects to each document request to the extent that it calls for production of a privilege log for internal documents of Conti Group. A request for such a log is unreasonable and unduly burdensome in light of the work product doctrine and other privileges protecting such internal documents from discovery.

4.   Conti Group objects to each instruction, definition, and document request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, deliberative process privilege, attorney work product doctrine, or any other applicable privilege. Should any such disclosure by Conti Group occur, it is inadvertent and shall not constitute a waiver of any privilege.

5.   Conti Group objects to each instruction, definition, and document request as overbroad and unduly burdensome to the extent it seeks documents or information that are readily or more accessible to Enerra from Enerra's own files, from documents or information in Enerra's possession, or from documents or information that Enerra previously produced to Conti Group. Responding to such requests would be oppressive, unduly burdensome, and unnecessarily expensive, and the burden of responding to such requests and interrogatory is substantially the same or less for Enerra as for Conti Group. This objection encompasses, but is not limited to, all correspondence between Conti Group  and Enerra, all documents exchanged during the Parties' business relationship, all other information provided by Enerra to Conti Group, and all information and documents produced by Enerra and Conti Group in their Initial Disclosures. All such documents and information will not be produced/re-produced.

6.   Enerra's document requests call for the production of documents and information produced to Conti Group by other entities and that may contain confidential, proprietary, or trade secret information.

7.   To the extent any of Enerra's document requests seek documents that include expert material, Conti Group objects to any such requests as premature and expressly reserves the right to supplement, clarify, revise, or correct any or all responses to such requests, and to assert additional objections or privileges, in one or more subsequent supplemental response(s) in

accordance with the time period for exchanging expert reports set by the Court.

8.  Conti Group objects to Enerra's request because they are duplicative of the requirement to serve initial disclosures.

9.  Since the Federal Rules of Civil Procedure prohibit discovery of privileged matters, Conti Group has attempted to interpret each request to call for discoverable matter only. To the extent any response or produced document contains or refers to matters otherwise protected from discovery by the work product doctrine or the attorney-client privilege, no waiver is intended; nor is any waiver intended as to any other matters that are or may be subject to such protection or otherwise privileged.

10. Conti Group incorporates by reference every general objection set forth above into each specific response set forth below. A specific response may repeat a general objection for emphasis or some other reason. The failure to include any general objection in any specific response does not waive any general objection to that request. Moreover, Conti Group does not waive its right to amend its responses.

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

1.  Conti Group objects to Definition No. 1 regarding "Conti," "You," and "Your" and/or the term "Defendants." The Definition is overbroad and unduly burdensome to the extent it attempts to extend the scope of this document request to documents in the possession, custody, or control of individuals or entities other than Conti Group and its present employees, principals, officials, agents, and consultants either assigned to or reviewing this case. Conti Group further objects to the extent it seeks information protected under the attorney-client or work product privileges.

2.  Conti Group objects to Definition Nos. 4 and 5 regarding "communication" and "document" (respectively) to the extent that they purport to impose obligations greater than those

34

set forth in the Federal Rules of Civil Procedure. Conti Group further objects to Definition Nos. 4 and 5 to the extent they call for communications/documents protected from disclosure by the attorney-client privilege, deliberative process privilege, attorney work product doctrine, or any other applicable privilege.

3.   Conti Group objects to Definition No. 9 regarding "use" or "used" and is it vague, confusing, and subject to multiple interpretations. Conti Group will use the common dictionary definitions for these terms in its responses.

4.   Conti Group objects to Definition No. 13 is it is inapplicable to requests for production. Conti Group will disregarding this definition in its interpretation of the requests and its responses.

## OBJECTIONS AND RESPONSES TO DOCUMENT REQUESTS

1.      Documents and Correspondence between You and Enerra.

**RESPONSE:** Conti Group objects to this request because it is cumulative and unlimited in scope and seeks documents that are not relevant to the claims or defenses of any party because it seeks all documents and correspondence regardless of whether such documents directly relate to Enerra's claims or Conti Group's defenses. Conti Group further objects because the request is unduly burdensome to satisfy as Conti Group cannot possibly be expected to identify every document that Enerra or Conti Group may deem in some, even tangential way, possibly relevant to this lawsuit. Indeed, Request No. 1 is so overly broad and unduly burdensome to satisfy that Conti Group cannot fashion a response to it as currently written. Conti Group further objects because the request is disproportional to the needs of the case as the expense of producing the documents sought outweighs the likely benefit. Subject to and without waiving these objections, see Conti Group's Initial Disclosures—including documents produced in conjunction with them.

2.      All Documents and Communications identified in Your Initial Disclosures.

**RESPONSE:** Conti Group objects to this request to the extent it seeks documents that are privileged. Conti Group further objects because the request is duplicative of the obligations for Initial Disclosures. Subject to and without waiving these objections, see Conti Group's Initial Disclosures—including documents produced in conjunction with them.

3.      All internal Documents and Communications discussing Enerra or Your relationship with Enerra's business.

**RESPONSE:** Conti Group object to this request to the extent that this request seeks documents that are privileged. Conti Group further objects because the request is duplicative of the obligations for Initial Disclosures. Conti Group further objects to this request because it is unlimited in scope and seeks documents that are not relevant to the claims or defenses of any party because it seeks "[a]ll internal Documents and Communications" regardless of whether such documents directly relate to Enerra's claims or Conti Group's defenses. Subject to and without waiving these objections, see Conti Group's Initial Disclosures—including documents produced in conjunction with them.

4.      All Documents and Communications relied upon or otherwise referred to in your Responses to Enerra's First Set of Interrogatories.

**RESPONSE:** Conti Group objects to this request because it is nonsensical. Enerra has not served a 'First Set of Interrogatories.' As such, this Request for Production is premature. Without service of a 'First Set of Interrogatories,' Conti Group is unable to make proper objections.

5.      All Documents and Communications between You and any third party relating to Enerra.

**RESPONSE:** Conti Group objects to this request because it is cumulative and unlimited in scope

and seeks documents that are not relevant to the claims or defenses of any party because it seeks "[a]ll Documents and Communications" regardless of whether such documents directly relate to Enerra's claims or Conti Group's defenses. Conti Group further objects because the request is unduly burdensome to satisfy as Conti Group cannot possibly be expected to identify every document that Enerra or Conti Group may deem in some, even tangential way, possibly relevant to this lawsuit. Indeed, Request No. 5 is so overly broad and unduly burdensome to satisfy that Conti Group cannot fashion a response to it as currently written. Conti Group further objects because the request is disproportional to the needs of the case as the expense of producing the documents sought outweighs the likely benefit. Subject to and without waiving these objections, see Conti Group's Initial Disclosures—including documents produced in conjunction with them.

6.      All Documents relating to or regarding Your damages contentions.

**RESPONSE:** Conti Group objects to this request because it is cumulative, harassing, duplicative, and unlimited in scope and seeks documents that are not relevant to the claims or defenses of any party because it seeks "[a]ll Documents relating to or regarding" regardless of whether such documents directly relate to Enerra's claims or Conti Group's defenses. Conti Group further objects because the request is unduly burdensome to satisfy as Conti Group cannot possibly be expected to identify every document that Enerra or Conti Group may deem in some, even tangential way, possibly "relating to or regarding Your damages contentions." Conti Group further objects because the request is disproportional to the needs of the case as the expense of producing the documents sought outweighs the likely benefit. Subject to and without waiving these objections, see Conti Group's Initial Disclosures—including documents produced in conjunction with them.

7.      All Documents relating to the negotiation, drafting, and execution of each version of the Agreements.

**RESPONSE:** Conti Group object to this request to the extent that this request seeks documents that are privileged.  Conti Group further objects because the request is duplicative and harassing and seeks documents already in the possession, custody, or control of Enerra. Subject to and without waiving these objections, see Conti Group's Initial Disclosures—including documents produced in conjunction with them.

8.      Documents sufficient to show YOUR revenues generated from Your business relationship with Enerra.

**RESPONSE:** Conti Group objects because the phrase "Documents sufficient to show YOUR revenues" is vague, ambiguous, and subject to multiple interpretations. Conti Group further objects because the request seeks trade secret, proprietary, confidential, financial, or commercially sensitive information, the disclosure of which could negatively affect Conti Group's competitive or business position or result in a breach by Conti Group of an obligation to a third-party to maintain such information as confidential. Conti Group further objects to the request as it is unrelated to the claims and allegations asserted by Enerra.

9.      Documents sufficient to show YOUR profits generated from Your business relationship

with Enerra.

**RESPONSE:** Conti Group objects because the phrase "Documents sufficient to show YOUR revenues" is vague, ambiguous, and subject to multiple interpretations. Conti Group further objects because the request seeks trade secret, proprietary, confidential, financial, or commercially sensitive information, the disclosure of which could negatively affect Conti Group's competitive or business position or result in a breach by Conti Group of an obligation to a third-party to maintain such information as confidential. Conti Group further objects to the request as it is unrelated to the claims and allegations asserted by Enerra.

10.    All Documents reflecting, evidencing, or constituting expenses YOU incurred from YOUR business relationship for Enerra.

**RESPONSE:** See Conti Group's Initial Disclosures—including documents produced in conjunction with them.

11.    All Documents reflecting or constituting projections for YOUR revenues to be generated from Your business relationship with Enerra.

**RESPONSE:** See Conti Group's Initial Disclosures—including documents produced in conjunction with them.

12.    All Documents reflecting or constituting projections for YOUR profits to be generated from Your business relationship with Enerra.

**RESPONSE:** See Conti Group's Initial Disclosures—including documents produced in conjunction with them.

13.    All Documents that reflecting, evidencing, or constituting business plans between You and Enerra.

**RESPONSE:** See Conti Group's Initial Disclosures—including documents produced in conjunction with them.

14.    All Documents and Communications relating to or referring to any patent application filed by You before the United States Patent and Trademark Office, including all filings and responses.

**RESPONSE:** Conti Group objects to this request because it is harassing and unlimited in scope and seeks documents that are not relevant to the claims or defenses of any party because it seeks "[a]ll Documents and Communications relating to or referring to" regardless of whether such documents directly relate to Enerra's claims or Conti Group's defenses. Conti Group objects to this request to the extent that this request seeks documents that are privileged. Conti Group further objects because the request seeks trade secret, proprietary, confidential, financial, or commercially sensitive information, the disclosure of which could negatively affect Conti Group's competitive or business position or result in a breach by Conti Group of an obligation to

38

a third-party to maintain such information as confidential. Conti Group further objects to the terms "filings" and "responses" as we understand a "response" to be a "filing." Subject to and without waiving these objections, as these applications and their prosecution are publicly available from the USPTO and IMPI, Enerra may access them without requiring Conti Group to compile data for Enerra.

15.     All Documents and Communications relating to or referring to any patent application filed by Edgar Padilla before the Mexican Patent Office, including all filings and responses.

**RESPONSE:** Conti Group objects to this request because it is harassing and unlimited in scope and seeks documents that are not relevant to the claims or defenses of any party because it seeks "[a]ll Documents and Communications relating to or referring to" regardless of whether such documents directly relate to Enerra's claims or Conti Group's defenses. Conti Group objects to this request to the extent that this request seeks documents that are privileged. Conti Group further objects because the request seeks trade secret, proprietary, confidential, financial, or commercially sensitive information, the disclosure of which could negatively affect Conti Group's competitive or business position or result in a breach by Conti Group of an obligation to a third-party to maintain such information as confidential. Conti Group further objects to the terms "filings" and "responses" as we understand a "response" to be a "filing." Conti Group objects to the extent the request seeks documents outside its possession, custody, or control. Subject to and without waiving these objections, as these applications and their prosecution are publicly available from the Mexican Patent Office, Enerra may access them without requiring Conti Group to compile data for Enerra.

16.     All Documents and Communications regarding or referring to Your service contracts with any service provider that worked on the Bloomington or Dillon Plants, including but not limited to all agreements, invoices, payment verifications, warranties, and performance guarantees with Grupo Industrial Aguila and Maquiplastic.

**RESPONSE:** Conti Group objects to this request because it is unlimited in scope and seeks documents that are not relevant to the claims or defenses of any party because it seeks "[a]ll Documents and Communications regarding or referring to" regardless of whether such documents directly relate to Enerra's claims or Conti Group's defenses. Conti Group objects to this request to the extent that this request seeks documents that are privileged. Conti Group further objects because the request seeks trade secret, proprietary, confidential, financial, or commercially sensitive information, the disclosure of which could negatively affect Conti Group's competitive or business position or result in a breach by Conti Group of an obligation to a third-party to maintain such information as confidential.

17.     All Communications regarding any Plant other than Bloomington and Dillon sold or licensed by Defendants.

**RESPONSE:** Conti Group objects to this request because it is unlimited in scope and seeks documents that are not relevant to the claims or defenses of any party because it seeks "[a]ll Communications regarding any Plant" regardless of whether such documents directly relate to Enerra's claims or Conti Group's defenses. Conti Group objects to this request to the extent that

39

this request seeks documents that are privileged. Conti Group further objects because the request seeks trade secret, proprietary, confidential, financial, or commercially sensitive information, the disclosure of which could negatively affect Conti Group's competitive or business position or result in a breach by Conti Group of an obligation to a third-party to maintain such information as confidential.

18.     All production results from any Plant sold or licensed by Defendants, including but not limited to operations data provided to Enerra from production of the Plants in Cancun Mexico, Chihuahua Mexico, and Quito Ecuador.

**RESPONSE:** Conti Group objects to this request because it is unlimited in scope and seeks documents that are not relevant to the claims or defenses of any party because it seeks "[a]ll production result from any Plant sold or licensed by Defendants" regardless of whether such documents directly relate to Enerra's claims or Conti Group's defenses. Conti Group objects to this request to the extent that this request seeks documents that are privileged. Conti Group further objects because the request seeks trade secret, proprietary, confidential, financial, or commercially sensitive information, the disclosure of which could negatively affect Conti Group's competitive or business position or result in a breach by Conti Group of an obligation to a third-party to maintain such information as confidential. Subject to and without waiving these objections, to the extent the "operations data [has been] provided to Enerra," the requested documents are already in the possession, custody, and control of Enerra.

19.     All results of the testing of any fuel products manufactured or produced with use of the Technology.

**RESPONSE:** See Conti Group's Initial Disclosures—including documents produced in conjunction with them.

20.     All communications regarding No. 19 herein.

**RESPONSE:** Conti Group objects to this request because it is unlimited in scope, vague, and seeks documents that are not relevant to the claims or defenses of any party because it seeks "[a]ll communications regarding [Request] No. 19" regardless of whether such documents directly relate to Enerra's claims or Conti Group's defenses. Conti Group objects to this request to the extent that this request seeks documents that are privileged. Conti Group further objects because the request seeks trade secret, proprietary, confidential, financial, or commercially sensitive information, the disclosure of which could negatively affect Conti Group's competitive or business position or result in a breach by Conti Group of an obligation to a third-party to maintain such information as confidential. Subject to and without waiving these objections, see Conti Group's Initial Disclosures—including documents produced in conjunction with them.

21.     All communications received from any third party regarding the performance of any Plant, including but not limited to pilot Plants, and Plants operating outside of the United States of America.

**RESPONSE:** Conti Group objects to this request because it is unlimited in scope and seeks

documents that are not relevant to the claims or defenses of any party because it seeks "[a]ll Communications received from any third party" regardless of whether such documents directly relate to Enerra's claims or Conti Group's defenses. Conti Group objects to this request to the extent that this request seeks documents that are privileged. Conti Group further objects because the request seeks trade secret, proprietary, confidential, financial, or commercially sensitive information, the disclosure of which could negatively affect Conti Group's competitive or business position or result in a breach by Conti Group of an obligation to a third-party to maintain such information as confidential.

22.    All Communications with any service provider regarding repair of any Plant.

**RESPONSE:** Conti Group objects because the request is vague as to "service provider" and overbroad and unlimited in scope to the extent is seeks information unrelated to the Plants at issue, Enerra's claims, and/or Conti Group's defenses. Conti Group objects because the request seeks trade secret, proprietary, confidential, financial, or commercially sensitive information, the disclosure of which could negatively affect Conti Group's competitive or business position or result in a breach by Conti Group of an obligation to a third-party to maintain such information as confidential. Subject to and without waiving these objections, see Conti Group's Initial Disclosures—including documents produced in conjunction with them.


23.    All Communications and other Documents supporting any of Your Affirmative Defenses stated in Your Answer to Enerra's Complaint and Counterclaims.

**RESPONSE:** Conti Group objects to this request because it is cumulative, premature, harassing, duplicative, and unlimited in scope and seeks documents that are not relevant to the claims or defenses of any party because it seeks "[a]ll Communications and other Documents supporting any of Your Affirmative Defenses." Conti Group objects because to the extent the request calls for a legal conclusion or prematurely seeks expert discovery/disclosures. Conti Group further objects because the request is unduly burdensome to satisfy as Conti Group cannot possibly be expected to identify every document that Enerra or Conti Group may deem in some, even tangential way, possibly "supporting any of Your Affirmative Defenses." Conti Group further objects because the request is disproportional to the needs of the case as the expense of producing the documents sought outweighs the likely benefit. Subject to and without waiving these objections, see Conti Group's Initial Disclosures—including documents produced in conjunction with them.

24.    All Communications and other Documents relating to Describe in full, Identify, and state all facts that support Your First Defense that "[t]he Complaint fails to state claims upon which relief can be granted. Fed. R. Civ. P. 12(b)(6)."

**RESPONSE:** Conti Group objects to this request because it is cumulative, premature, harassing, and duplicative because it seeks "[a]ll Communications and other Documents relating to Describe in full, Identify, and state all facts that support Your First Defense." Conti Group objects because to the extent the request calls for a legal conclusion or prematurely seeks expert discovery/disclosures. Conti Group further objects because the request is unduly burdensome to

satisfy as Conti Group cannot possibly be expected to identify every document that Enerra or Conti Group may deem in some, even tangential way, possibly "relating to Describe in full, Identify, and state all facts that support Your First Defense." Conti Group further objects because the request is disproportional to the needs of the case as the expense of producing the documents sought outweighs the likely benefit. Subject to and without waiving these objections, see Conti Group's Initial Disclosures—including documents produced in conjunction with them.

25.     All Communications and other Documents relating to or otherwise supporting Your Second Defense that "[t]he Complaint fails to state fraud claims against Defendants with the required specificity and particularity. Fed. R. Civ. P. 9(b)."

**RESPONSE:** Conti Group objects to this request because it is cumulative, premature, harassing, and duplicative because it seeks "[a]ll Communications and other Documents relating to or otherwise supporting Your Second Defense." Conti Group objects because to the extent the request calls for a legal conclusion or prematurely seeks expert discovery/disclosures. Conti Group further objects because the request is unduly burdensome to satisfy as Conti Group cannot possibly be expected to identify every document that Enerra or Conti Group may deem in some, even tangential way, possibly "relating to or otherwise supporting Your Second Defense." Conti Group further objects because the request is disproportional to the needs of the case as the expense of producing the documents sought outweighs the likely benefit. Subject to and without waiving these objections, see Conti Group's Initial Disclosures—including documents produced in conjunction with them.

26.     All Communications and other Documents relating to or otherwise supporting all affirmative defenses identified in Your Fourth Defense.

**RESPONSE:** Conti Group objects to this request because it is cumulative, premature, harassing, and duplicative because it seeks "[a]ll Communications and other Documents relating to or otherwise supporting all affirmative defenses identified in Your Fourth Defense." Conti Group objects because to the extent the request calls for a legal conclusion or prematurely seeks expert discovery/disclosures. Conti Group further objects because the request is unduly burdensome to satisfy as Conti Group cannot possibly be expected to identify every document that Enerra or Conti Group may deem in some, even tangential way, possibly "relating to or otherwise supporting all affirmative defenses identified in Your Fourth Defense." Conti Group further objects because the request is disproportional to the needs of the case as the expense of producing the documents sought outweighs the likely benefit. Subject to and without waiving these objections, see Conti Group's Initial Disclosures—including documents produced in conjunction with them.

27.     All Communications and other Documents relating to or otherwise supporting the allegations that "Counter-Defendant executives, Sergio Perez, Mark Mills, and Michael Brown, jointly and severally, assured and represented to Counter-Plaintiff that Counter-Defendant was sufficiently supported by resources to be the first, and only, to develop the technology in the United States, that included available funds, future investors, and ability, in 2020, to enter into agreement to purchase forty-one (41) 7-Ton, or more, PlastikGas® Plants, and to build forty-one (41) Campuses throughout the United States, in approximately seven (7) years' time. Counter-

Defendant executives, Sergio Perez, Mark Mills, and Michael Brown, each made assurances to Counter-Plaintiff, regarding available resources that included cash funds, investors, and ability, to induce Counter-Plaintiff into signing an exclusivity agreement with Counter-Defendant that allowed Counter-Defendant to be the first and only to develop the technology in the United States" as alleged in Paragraphs 23 of the Counterclaim.

**RESPONSE:** Conti Group objects to this request because it is cumulative, premature, harassing, and duplicative because it seeks "[a]ll Communications and other Documents relating to or otherwise supporting" Conti Group's allegations. Conti Group objects because to the extent the request calls for a legal conclusion or prematurely seeks expert discovery/disclosures. Conti Group further objects because the request is unduly burdensome to satisfy as Conti Group cannot possibly be expected to identify every document that Enerra or Conti Group may deem in some, even tangential way, possibly "relating to or otherwise supporting" Conti Group's allegations. Subject to and without waiving these objections, see Conti Group's Initial Disclosures— including documents produced in conjunction with them.

28.    All Communications and other Documents relating to or otherwise supporting the allegations that "Sergio Perez personally indicated to Counter-Plaintiff specifically that he would personally support the first five (5) PlastikGas® Plant purchases with available cash that he himself would provide to Counter-Defendant. Sergio Perez indicated he sold a biodigester to obtain funds for the purchase of PlastikGas® Plants. Further, Sergio Perez indicated he himself controlled seventeen million five hundred thousand dollars ($17.5 million dollars) in personal cash that he would use to fund Counter-Defendant" as alleged in Paragraph 24 of the Counterclaim.

**RESPONSE:** Conti Group objects to this request because it is cumulative, premature, harassing, and duplicative because it seeks "[a]ll Communications and other Documents relating to or otherwise supporting" Conti Group's allegations. Conti Group objects because to the extent the request calls for a legal conclusion or prematurely seeks expert discovery/disclosures. Conti Group further objects because the request is unduly burdensome to satisfy as Conti Group cannot possibly be expected to identify every document that Enerra or Conti Group may deem in some, even tangential way, possibly "relating to or otherwise supporting" Conti Group's allegations. Subject to and without waiving these objections, see Conti Group's Initial Disclosures— including documents produced in conjunction with them.

29.    All Communications and other Documents relating to or otherwise supporting the allegations that "Mark Mills personally indicated to Counter-Plaintiff that he controlled investors that were willing to support Counter-Defendant with large sums of monthly payments. Mark Mills' personal contribution to Counter-Defendant was also purported to be millions of dollars in investor funds" as alleged in Paragraph 25 of the Counterclaim.

**RESPONSE:** Conti Group objects to this request because it is cumulative, premature, harassing, and duplicative because it seeks "[a]ll Communications and other Documents relating to or otherwise supporting" Conti Group's allegations. Conti Group objects because to the extent the request calls for a legal conclusion or prematurely seeks expert discovery/disclosures. Conti Group further objects because the request is unduly burdensome to satisfy as Conti Group cannot

possibly be expected to identify every document that Enerra or Conti Group may deem in some, even tangential way, possibly "relating to or otherwise supporting" Conti Group's allegations. Subject to and without waiving these objections, see Conti Group's Initial Disclosures— including documents produced in conjunction with them.

30.     All Communications and other Documents relating to or otherwise supporting the allegations that Michael Brown indicated he had the money and connections to guarantee funding, support, and permitting to allow for Campuses to be built and appropriately permitted. Michael Brown's purported contribution was considered to be millions of dollars" as alleged in paragraph 26 of the Counterclaim.

**RESPONSE:** Conti Group objects to this request because it is cumulative, premature, harassing, and duplicative because it seeks "[a]ll Communications and other Documents relating to or otherwise supporting" Conti Group's allegations. Conti Group objects because to the extent the request calls for a legal conclusion or prematurely seeks expert discovery/disclosures. Conti Group further objects because the request is unduly burdensome to satisfy as Conti Group cannot possibly be expected to identify every document that Enerra or Conti Group may deem in some, even tangential way, possibly "relating to or otherwise supporting" Conti Group's allegations. Subject to and without waiving these objections, see Conti Group's Initial Disclosures— including documents produced in conjunction with them.

31.     All Communications and other Documents relating to or otherwise supporting the allegations that "Mark Mills and Michael Brown, independent of each other, each requested exclusivity from Counter-Plaintiff separately; Counter-Plaintiff understood that the request for exclusivity indicated each individual had enough funds to pursue exclusivity" as alleged in paragraph 27 of the Counterclaim.

**RESPONSE:** Conti Group objects to this request because it is cumulative, premature, harassing, and duplicative because it seeks "[a]ll Communications and other Documents relating to or otherwise supporting" Conti Group's allegations. Conti Group objects because to the extent the request calls for a legal conclusion or prematurely seeks expert discovery/disclosures. Conti Group further objects because the request is unduly burdensome to satisfy as Conti Group cannot possibly be expected to identify every document that Enerra or Conti Group may deem in some, even tangential way, possibly "relating to or otherwise supporting" Conti Group's allegations. Subject to and without waiving these objections, see Conti Group's Initial Disclosures— including documents produced in conjunction with them.

32.     Describe in full, Identify and state all facts that support the allegations that "Thereafter, Counter-Defendant failed to timely and properly build the necessary Campuses, per contractual obligations, to operate the PlastikGas® Plants manufactured specifically for Counter- Defendant" as alleged in paragraph 28 of the Counterclaim.

**RESPONSE:** Conti Group objects to this request because it is cumulative, premature, harassing, and duplicative because it seeks "[a]ll Communications and other Documents relating to or otherwise supporting" Conti Group's allegations. Conti Group objects because to the extent the request calls for a legal conclusion or prematurely seeks expert discovery/disclosures. Conti

Group further objects because the request is unduly burdensome to satisfy as Conti Group cannot possibly be expected to identify every document that Enerra or Conti Group may deem in some, even tangential way, possibly "relating to or otherwise supporting" Conti Group's allegations. Subject to and without waiving these objections, see Conti Group's Initial Disclosures— including documents produced in conjunction with them.

33.    All Communications and other Documents relating to or otherwise supporting the allegations that Further, Counter-Defendant purchased and then failed to properly operate a 2-Ton PlastikGas® Plant; the 2-Ton PlastikGas® Plant was purchased outside of the Counter-Defendants forty-one (41) 7-Ton Plant obligation" as alleged in paragraph 29 of the Counterclaim.

**RESPONSE:** Conti Group objects to this request because it is cumulative, premature, harassing, and duplicative because it seeks "[a]ll Communications and other Documents relating to or otherwise supporting" Conti Group's allegations. Conti Group objects because to the extent the request calls for a legal conclusion or prematurely seeks expert discovery/disclosures. Conti Group further objects because the request is unduly burdensome to satisfy as Conti Group cannot possibly be expected to identify every document that Enerra or Conti Group may deem in some, even tangential way, possibly "relating to or otherwise supporting" Conti Group's allegations. Subject to and without waiving these objections, see Conti Group's Initial Disclosures— including documents produced in conjunction with them.

34.    All Communications and other Documents relating to or otherwise supporting the allegations that Counter-Defendant contracted with Counter-Plaintiff to pay for three (3) 7 Ton PlastikGas® Plants since 2020 that were within Counter-Defendant's forty-one (41) Plant requirement; Counter-Defendant has failed to pay fees associated with the purchase of the PlastikGas® Plants already ordered" as alleged in paragraph 30 of the Counterclaim.

**RESPONSE:** Conti Group objects to this request because it is cumulative, premature, harassing, and duplicative because it seeks "[a]ll Communications and other Documents relating to or otherwise supporting" Conti Group's allegations. Conti Group objects because to the extent the request calls for a legal conclusion or prematurely seeks expert discovery/disclosures. Conti Group further objects because the request is unduly burdensome to satisfy as Conti Group cannot possibly be expected to identify every document that Enerra or Conti Group may deem in some, even tangential way, possibly "relating to or otherwise supporting" Conti Group's allegations. Subject to and without waiving these objections, see Conti Group's Initial Disclosures— including documents produced in conjunction with them.

35.    All Communications and other Documents relating to or otherwise supporting the allegations that "Counter-Defendant has failed to effectuate the promise made to Counter-Plaintiff that Counter-Defendant would ensure PlastikGas® Plants would be operating throughout the United States by the end of a seven (7) year period. At this time, approximately three (3) years after the Exclusivity Agreement was signed, Counter-Defendant does not have a single campus prepared to operate a 7-Ton PlastikGas® Plant in the United States" as alleged in paragraph 31 of the Counterclaim.

**RESPONSE:** Conti Group objects to this request because it is cumulative, premature, harassing, and duplicative because it seeks "[a]ll Communications and other Documents relating to or otherwise supporting" Conti Group's allegations. Conti Group objects because to the extent the request calls for a legal conclusion or prematurely seeks expert discovery/disclosures. Conti Group further objects because the request is unduly burdensome to satisfy as Conti Group cannot possibly be expected to identify every document that Enerra or Conti Group may deem in some, even tangential way, possibly "relating to or otherwise supporting" Conti Group's allegations. Subject to and without waiving these objections, see Conti Group's Initial Disclosures—including documents produced in conjunction with them.

36.   All Documents and Communications regarding or referring to Edgar Padilla.

**RESPONSE:** Conti Group objects to this request because it is cumulative and unlimited in scope and seeks documents that are not relevant to the claims or defenses of any party because it seeks "[a]ll Documents and Communications regarding or referring to Edgar Padilla" regardless of whether such documents directly relate to Enerra's claims or Conti Group's defenses. Conti Group further objects because the request is unduly burdensome to satisfy as Conti Group cannot possibly be expected to identify every document that Enerra or Conti Group may deem in some, even tangential way, possibly relevant to this lawsuit. Indeed, Request No. 36 is so overly broad and unduly burdensome to satisfy that Conti Group cannot fashion a response to it as currently written. Conti Group further objects because the request is disproportional to the needs of the case as the expense of producing the documents sought outweighs the likely benefit. Subject to and without waiving these objections, see Conti Group's Initial Disclosures—including documents produced in conjunction with them.

37.   All Documents and Communications regarding or referring to any employment or contractor agreement with Edgar Padilla.

**RESPONSE:** Conti Group objects to this request because it is unrelated to Enerra's claims or Conti Group's defenses. Conti Group objects to this request to the extent that this request seeks documents that are privileged. Conti Group further objects because the request seeks trade secret, proprietary, confidential, financial, or commercially sensitive information, the disclosure of which could negatively affect Conti Group's competitive or business position or result in a breach by Conti Group of an obligation to a third-party to maintain such information as confidential.

38.   All Documents and Communications regarding or referring to any patent application filed by Edgar Padilla before the Mexican Patent Office.

**RESPONSE:** Conti Group objects to this request because it is harassing and unlimited in scope and seeks documents that are not relevant to the claims or defenses of any party because it seeks "[a]ll Documents and Communications regarding or referring to any patent application filed by Edgar Padilla before the Mexican Patent Office" regardless of whether such documents directly relate to Enerra's claims or Conti Group's defenses. Conti Group objects to this request to the extent that this request seeks documents that are privileged. Conti Group further objects because the request seeks trade secret, proprietary, confidential, financial, or commercially sensitive

46

information, the disclosure of which could negatively affect Conti Group's competitive or business position or result in a breach by Conti Group of an obligation to a third-party to maintain such information as confidential. Conti Group objects to the extent the request seeks documents outside its possession, custody, or control. Subject to and without waiving these objections, as these applications and their prosecution are publicly available from the Mexican Patent Office, Enerra may access them without requiring Conti Group to compile data for Enerra.

39.     All Documents and Communications regarding or referring to any patent application filed by Edgar Padilla before the United States Patent and Trademark Office.

**RESPONSE:** Conti Group objects to this request because it is harassing and unlimited in scope and seeks documents that are not relevant to the claims or defenses of any party because it seeks "[a]ll Documents and Communications regarding or referring to any patent application filed by Edgar Padilla" regardless of whether such documents directly relate to Enerra's claims or Conti Group's defenses. Conti Group objects to this request to the extent that this request seeks documents that are privileged. Conti Group further objects because the request seeks trade secret, proprietary, confidential, financial, or commercially sensitive information, the disclosure of which could negatively affect Conti Group's competitive or business position or result in a breach by Conti Group of an obligation to a third-party to maintain such information as confidential. Subject to and without waiving these objections, as these applications and their prosecution are publicly available from the USPTO and IMPI, Enerra may access them without requiring Conti Group to compile data for Enerra.

40.     All Communications and other Documents relating to Your testing of the Technology, including but not limited to thermal dynamic testing, tanks capacity, and reactor storage capacity.

**RESPONSE:** Conti Group objects to this request because it is unlimited in scope and seeks documents that are not relevant to the claims or defenses of any party because it seeks "[a]ll Communications and other Documents relating to Your testing of the Technology" regardless of whether such documents directly relate to Enerra's claims or Conti Group's defenses. Conti Group objects to this request to the extent that this request seeks documents that are privileged. Conti Group further objects because the request seeks trade secret, proprietary, confidential, financial, or commercially sensitive information, the disclosure of which could negatively affect Conti Group's competitive or business position or result in a breach by Conti Group of an obligation to a third-party to maintain such information as confidential. Subject to and without waiving these objections, to the extent the "Communications and other Documents" involved Enerra, see Conti Group's Initial Disclosures—including documents produced in conjunction with them.

41.     All Communications and other Documents relating to or regarding Your attempts to patent the Technology.

**RESPONSE:** Conti Group objects to this request because it is harassing, duplicative, and unlimited in scope and seeks documents that are not relevant to the claims or defenses of any party because it seeks "[a]ll Communications and other Documents relating to or regarding Your attempts to patent the Technology" regardless of whether such documents directly relate to

Enerra's claims or Conti Group's defenses. Conti Group objects to this request to the extent that this request seeks documents that are privileged. Conti Group further objects because the request seeks trade secret, proprietary, confidential, financial, or commercially sensitive information, the disclosure of which could negatively affect Conti Group's competitive or business position or result in a breach by Conti Group of an obligation to a third-party to maintain such information as confidential. Subject to and without waiving these objections, as these applications and their prosecution are publicly available from the USPTO and IMPI, Enerra may access them without requiring Conti Group to compile data for Enerra.

42.     All Communications with or discussing the United States Patent Office regarding the Technology.

**RESPONSE:** Conti Group objects to this request because it is harassing, duplicative, and unlimited in scope and seeks documents that are not relevant to the claims or defenses of any party because it seeks "[a]ll Communications with or discussing the United States Patent Office" regardless of whether such documents directly relate to Enerra's claims or Conti Group's defenses. Conti Group objects to this request to the extent that this request seeks documents that are privileged. Conti Group further objects because the request seeks trade secret, proprietary, confidential, financial, or commercially sensitive information, the disclosure of which could negatively affect Conti Group's competitive or business position or result in a breach by Conti Group of an obligation to a third-party to maintain such information as confidential. Subject to and without waiving these objections, as these applications and their prosecution are publicly available from the USPTO and IMPI, Enerra may access them without requiring Conti Group to compile data for Enerra.

43.     All Communications and other Documents relating to or regarding Your attempts to sell the Technology.

**RESPONSE:** Conti Group objects to this request because it is harassing, duplicative, and unlimited in scope and seeks documents that are not relevant to the claims or defenses of any party because it seeks "[a]ll Communications and other Documents relating to or regarding Your attempts to sell the Technology" regardless of whether such documents directly relate to Enerra's claims or Conti Group's defenses. Conti Group objects to this request to the extent that this request seeks documents that are privileged. Conti Group further objects because the request seeks trade secret, proprietary, confidential, financial, or commercially sensitive information, the disclosure of which could negatively affect Conti Group's competitive or business position or result in a breach by Conti Group of an obligation to a third-party to maintain such information as confidential. Subject to and without waiving these objections, to the extent the "Communications and other Documents" involved Enerra, see Conti Group's Initial Disclosures—including documents produced in conjunction with them.

44.     All Communications and other Documents relating to or regarding Your attempts to license the Technology.

**RESPONSE:** Conti Group objects to this request because it is harassing, and unlimited in scope

and seeks documents that are not relevant to the claims or defenses of any party because it seeks "[a]ll Communications and other Documents relating to or regarding Your attempts to sell the Technology" regardless of whether such documents directly relate to Enerra's claims or Conti Group's defenses. Conti Group objects to this request to the extent that this request seeks documents that are privileged. Conti Group further objects because the request seeks trade secret, proprietary, confidential, financial, or commercially sensitive information, the disclosure of which could negatively affect Conti Group's competitive or business position or result in a breach by Conti Group of an obligation to a third-party to maintain such information as confidential. Subject to and without waiving these objections, to the extent the "Communications and other Documents" involved Enerra, see Conti Group's Initial Disclosures—including documents produced in conjunction with them.

45.    All Communications and other Documents relating to or regarding any allegations made against You in a court of law or at arbitration.

**RESPONSE:** Conti Group objects to this request because it is cumulative, harassing, and overly broad because it seeks "[a]ll Communications and other Documents relating to or regarding any allegations made against You." Conti Group objects because to the extent the request calls for a legal conclusion or prematurely seeks expert discovery/disclosures. Conti Group further objects because the request is unduly burdensome to satisfy as Conti Group cannot possibly be expected to identify every document that Enerra or Conti Group may deem in some, even tangential way, possibly "relating to or regarding any allegations made against You." Conti Group further objects because the request is disproportional to the needs of the case as the expense of producing the documents sought outweighs the likely benefit.

46.    All Communications and other Documents relating to or regarding Your attempts to sell or lease plants.

**RESPONSE:** Conti Group objects to this request because it is harassing, duplicative, and unlimited in scope and seeks documents that are not relevant to the claims or defenses of any party because it seeks "[a]ll Communications and other Documents relating to or regarding Your attempts to sell or lease plants" regardless of whether such documents directly relate to Enerra's claims or Conti Group's defenses. Conti Group objects to this request to the extent that this request seeks documents that are privileged. Conti Group further objects because the request seeks trade secret, proprietary, confidential, financial, or commercially sensitive information, the disclosure of which could negatively affect Conti Group's competitive or business position or result in a breach by Conti Group of an obligation to a third-party to maintain such information as confidential. Subject to and without waiving these objections, to the extent the "Communications and other Documents" involved Enerra, see Conti Group's Initial Disclosures—including documents produced in conjunction with them.

47.    All Communications and other Documents relating to or regarding Your testing of the Technology with the King Abdullah University of Science and Technology, including but not limited to fuel sample collections and sample chain of custody.

**RESPONSE:** Conti Group objects to this request to the extent that this request seeks documents

that are privileged. Conti Group further objects because the request seeks trade secret, proprietary, confidential, financial, or commercially sensitive information, the disclosure of which could negatively affect Conti Group's competitive or business position or result in a breach by Conti Group of an obligation to a third-party to maintain such information as confidential. Subject to and without waiving these objections, to the extent the "Communications and other Documents" involved Enerra, see Conti Group's Initial Disclosures—including documents produced in conjunction with them

48.    All Communications and other Documents regarding Conti's claim that it is the first company worldwide to bring plastic to fuel conversion opportunity to the (sic) forefront," and that it has "developed the reverse engineering technology to return plastic to its hydrocarbon state."

**RESPONSE:** Conti Group objects to this request because it is harassing, cumulative, duplicative, and unlimited in scope and seeks documents that are not relevant to the claims or defenses of any party because it seeks "[a]ll Communications and other Documents regarding Conti's claim that it is the first company worldwide to bring plastic to fuel conversion opportunity . . . ." regardless of whether such documents directly relate to Enerra's claims or Conti Group's defenses. Conti Group objects to this request to the extent that this request seeks documents that are privileged. Conti Group further objects to the extent the request seeks trade secret, proprietary, confidential, financial, or commercially sensitive information, the disclosure of which could negatively affect Conti Group's competitive or business position or result in a breach by Conti Group of an obligation to a third-party to maintain such information as confidential. Subject to and without waiving these objections, to the extent the "Communications and other Documents" involved Enerra, see Conti Group's Initial Disclosures—including documents produced in conjunction with them.

49.    All Communications and other Documents relating to or regarding McLaren, including all communications, meetings, proposals or presentations, as well as documents relating to any Defendant's representations, claims or warranties to McLaren.

**RESPONSE:** Conti Group objects to this request because it is harassing and unlimited in scope and seeks documents that are not relevant to the claims or defenses of any party because it seeks "[a]ll Communications and other Documents relating to or regarding McLaren, including all communications, meetings, proposals or presentations, as well as documents relating to any Defendant's representations, claims or warranties to McLaren" regardless of whether such documents directly relate to Enerra's claims or Conti Group's defenses. Conti Group objects to this request to the extent that this request seeks documents that are privileged. Conti Group further objects to the extent the request seeks trade secret, proprietary, confidential, financial, or commercially sensitive information, the disclosure of which could negatively affect Conti Group's competitive or business position or result in a breach by Conti Group of an obligation to a third-party to maintain such information as confidential. Subject to and without waiving these objections, to the extent the "Communications and other Documents" involved Enerra, see Conti Group's Initial Disclosures—including documents produced in conjunction with them.

50.    All Communications and other Documents relating to or regarding completion of

manufacturing for the 2 Plants at Aguila Manufacturing in Tampico, including the status or pumps, burners, control system and sensors, as well as any performance testing conducted by Aguila, such as pressure testing and sensor testing.

**RESPONSE:** Conti Group objects to this request because it is harassing, cumulative, and unlimited in scope and seeks documents that are not relevant to the claims or defenses of any party because it seeks "[a]ll Communications and other Documents relating to or regarding completion of manufacturing for the 2 Plants at Aguila Manufacturing in Tampico . . . ." regardless of whether such documents directly relate to Enerra's claims or Conti Group's defenses. Conti Group objects to this request to the extent that this request seeks documents that are privileged. Conti Group further objects to the extent the request seeks trade secret, proprietary, confidential, financial, or commercially sensitive information, the disclosure of which could negatively affect Conti Group's competitive or business position or result in a breach by Conti Group of an obligation to a third-party to maintain such information as confidential. Subject to and without waiving these objections, to the extent the "Communications and other Documents" involved Enerra, see Conti Group's Initial Disclosures—including documents produced in conjunction with them.

Dated May 12, 2023                    Respectfully submitted,

**CRM LAW PLLC**

By:     /s/ Carrie R. McNair
        Carrie R. McNair
        Texas Bar No. 24110715

820 S Macarthur Blvd Ste 105-342
Coppell, Texas 75019
850-509-4874 telephone
carriemcnair@crmcnairlaw.com

**Hermes Law, P.C.**
2550 Pacific Avenue, Suite 700
Dallas, Texas 75201
(214) 749-6800
(214) 749-6801 (Fax)
 /s/ Brandon Wilson
**Brandon Wilson**
State Bar No. 24076776
brandonw@hermes-law.com
**Peter Kerr**
State Bar No. 24076478
peter@hermes-law.com
**ATTORNEYS FOR (A) DEFENDANTS CONTI GROUP LLC, PLASTIKGAS LLC, ROBERTO CONTI, JULIE CONTI, JORDAN CONTI AND (B) COUNTER-PLAINTIFF CONTI GROUP, LLC**

## CERTIFICATE OF SERVICE

I, Carey R. McNair, hereby certify that on May 12, 2023, I caused a true and correct copy of the above document entitled *Defendants and Counter-Plaintiff's Objections and Responses to Plaintiff's and Counter-Defendant Enerra's First Request for Production* to the following:

Douglas Quinton Hahn; William M. Parrish Bradley; D. Liddle Joshua; J. Bennett; Scott W. Breedlove; Stacey Cho Hernandez; Jeff I Nicodemus; Robert Price Anderson

By: /s/ *Carey R. McNair*
        Carey R. McNair

# EXHIBIT 4

**Crummett-Smith, Jennifer**

---

**Subject:**    FW: Initial Disclosures; Objections and Responses to Request for Production

---

**From:** Hahn, Douglas Q.
**Sent:** Friday, May 26, 2023 5:58 PM
**To:** 'Carrie McNair' <carriemcnair@crmcnairlaw.com>
**Cc:** Parrish, Bill <bparrish@stradlinglaw.com>; bliddle@carterarnett.com; jbennett@carterarnett.com;
sbreedlove@carterarnett.com; shernandez@carterarnett.com; Jeff Nicodemus <JNicodemus@cobbmartinez.com>;
Price Anderson <PAnderson@cobbmartinez.com>; Peter Kerr <peter@hermes-law.com>; Brandon Wilson
<brandonW@hermes-law.com>; Takouche, Ahmad <atakouche@stradlinglaw.com>
**Subject:** RE: Initial Disclosures; Objections and Responses to Request for Production

Carrie,

Attached is the Northern District form Stipulated Protective Order covering the production of confidential
documents.  This looks fine to me, let me know if you agree and we can get it on file.

In the meantime, when can we expect Defendants to start producing their non-confidential documents?

Regards,
Doug



**Douglas Q. Hahn**
Shareholder and General Counsel
dhahn@stradlinglaw.com

Stradling Yocca Carlson & Rauth
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660
**D:** 949 725 4138

stradlinglaw.com | LinkedIn

CONFIDENTIALITY NOTICE
This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt
from disclosure under applicable law.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or
copying of this communication is strictly prohibited.  If you have received this communication in error, please notify us immediately. Thank you.

**From:** Carrie McNair <carriemcnair@crmcnairlaw.com>
**Sent:** Friday, May 26, 2023 10:22 AM
**To:** Hahn, Douglas Q. <DHahn@stradlinglaw.com>
**Cc:** Parrish, Bill <bparrish@stradlinglaw.com>; bliddle@carterarnett.com; jbennett@carterarnett.com;
sbreedlove@carterarnett.com; shernandez@carterarnett.com; Jeff Nicodemus <JNicodemus@cobbmartinez.com>;
Price Anderson <PAnderson@cobbmartinez.com>; Peter Kerr <peter@hermes-law.com>; Brandon Wilson
<brandonW@hermes-law.com>
**Subject:** RE: Initial Disclosures; Objections and Responses to Request for Production

Doug,

We previously discussed obtaining a protective order from the court to protect the documents being provided. My expectation was that your firm was drafting something to circulate to everyone. Is your firm working on that?  When will that be circulated?

Carrie R. McNair
CRM Law, PLLC
850-509-4874

------- Original Message -------
On Tuesday, May 23rd, 2023 at 7:55 PM, Hahn, Douglas Q. <DHahn@stradlinglaw.com> wrote:

Carrie,

When can we expect to start receiving documents from the Defendants in response to our RFPs?

Regards,
Doug



**Douglas Q. Hahn**
Shareholder and General Counsel
dhahn@stradlinglaw.com

Stradling Yocca Carlson & Rauth
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660
**D:** 949 725 4138

stradlinglaw.com | LinkedIn

CONFIDENTIALITY NOTICE
This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify us immediately. Thank you.

**From:** Carrie McNair <carriemcnair@crmcnairlaw.com>
**Sent:** Friday, May 12, 2023 3:16 PM
**To:** Hahn, Douglas Q. <DHahn@stradlinglaw.com>; Parrish, Bill <bparrish@stradlinglaw.com>; bliddle@carterarnett.com; jbennett@carterarnett.com; sbreedlove@carterarnett.com; shernandez@carterarnett.com; Jeff Nicodemus <JNicodemus@cobbmartinez.com>; Price Anderson <PAnderson@cobbmartinez.com>
**Cc:** Peter Kerr <peter@hermes-law.com>; Brandon Wilson <brandonW@hermes-law.com>
**Subject:** Initial Disclosures; Objections and Responses to Request for Production

Please see attached *Initial Disclosures* and *Objections and Responses to First Request for Production*.

Carrie R. McNair
CRM Law, PLLC
850-509-4874

2

55

# EXHIBIT 5

**From:** Carrie McNair <carriemcnair@crmcnairlaw.com>
**Sent:** Friday, July 14, 2023 12:13 PM
**To:** Hahn, Douglas Q. <DHahn@stradlinglaw.com>
**Cc:** Parrish, Bill <bparrish@stradlinglaw.com>; Takouche, Ahmad <ATakouche@stradlinglaw.com>; bliddle@carterarnett.com; sbreedlove@carterarnett.com; Jeff Nicodemus <JNicodemus@cobbmartinez.com>; Price Anderson <PAnderson@cobbmartinez.com>; Peter Kerr <peter@hermes-law.com>; Brandon Wilson <brandonW@hermes-law.com>; reaton@kmd.law; eosterrieder@kmd.law; jdavis@kmd.law; bnevills@kmd.law
**Subject:** Enerra v. Conti Group - Protective Order

All,

Attached is an *Agreed Motion for Entry of Agreed Protective Order, Protective Order,* and *Exhibits.*

Once all have approved, I will add case information to the case style of the *Exhibits* and I will file with the court.

Carrie R. McNair
CRM Law, PLLC
850-509-4874

# EXHIBIT 6

------- Original Message -------

On Wednesday, August 2nd, 2023 at 7:29 PM, Hahn, Douglas Q. <DHahn@stradlinglaw.com> wrote:

Carrie,

What is the status of Defendants' document production, which was to be complete by the end of July. I understand that the protective order has not been entered yet but, at a minimum, when can we expect Defendants' non-confidential documents?

Regards,
Doug



# EXHIBIT 7

**From:** Carrie McNair <carriemcnair@crmcnairlaw.com>

**Sent:** Tuesday, August 8, 2023 9:38 AM

**To:** Hahn, Douglas Q. <DHahn@stradlinglaw.com>

**Cc:** Parrish, Bill <bparrish@stradlinglaw.com>; Takouche, Ahmad <ATakouche@stradlinglaw.com>; bliddle@carterarnett.com; sbreedlove@carterarnett.com; Jeff Nicodemus <JNicodemus@cobbmartinez.com>; Price Anderson <PAnderson@cobbmartinez.com>; Peter Kerr <peter@hermes-law.com>; Brandon Wilson <brandonW@hermes-law.com>; reaton@kmd.law; eosterrieder@kmd.law; jdavis@kmd.law; bnevills@kmd.law

**Subject:** RE: Enerra v. Conti Group - Protective Order

All,

I filed the Motion for Protective Order yesterday and expect it will be granted this week. I propose we exchange documents Monday, August 14, 2023 by 5 P.M. CT. The Protective Order should be in place by then.

Carrie R. McNair
CRM Law, PLLC
850-509-4874

# EXHIBIT 8

| From: | Peter Kerr <peter@hermes-law.com> |
| Sent: | Monday, August 14, 2023 2:24 PM |
| To: | Hahn, Douglas Q.; 'Carrie McNair' |
| Cc: | Parrish, Bill; Takouche, Ahmad; bliddle@carterarnett.com; sbreedlove@carterarnett.com; Jeff Nicodemus; Price Anderson; Brandon Wilson; reaton@kmd.law; eosterrieder@kmd.law; jdavis@kmd.law; bnevills@kmd.law |
| Subject: | Re: Enerra v. Conti Group - Protective Order |

All,

I'm still converting/preparing docs and videos on behalf of Defendants for production today. I will have them out today, but it will not be by 1700 hrs. (CDT).

Thanks,

Pete



**Peter Kerr**
Team Member - Attorney at  Hermes Law, P.C.

2550 Pacific Ave  |  Suite 700
Dallas, TX 75226
214.749.6581  |  hermes-law.com
peter@hermes-law.com  |  Follow us  🐦 f in



Let us know how we're doing.
Please email us with feedback.

63

# EXHIBIT 9

**Takouche, Ahmad**

| | |
|---|---|
| **From:** | Hahn, Douglas Q. |
| **Sent:** | Friday, August 18, 2023 4:24 PM |
| **To:** | 'Peter Kerr'; 'Carrie McNair' |
| **Cc:** | Parrish, Bill; Takouche, Ahmad; 'bliddle@carterarnett.com'; 'sbreedlove@carterarnett.com'; 'Jeff Nicodemus'; 'Price Anderson'; Brandon Wilson; 'reaton@kmd.law'; 'eosterrieder@kmd.law'; 'jdavis@kmd.law'; 'bnevills@kmd.law' |
| **Subject:** | RE: Enerra v. Conti Group - Protective Order |

Peter,

 I am not sure what you are referring to when you ask about a mutual exchange of documents. You are supposed to be producing documents in response to the request for Production previously served by my client. To the best of my knowledge, you have never served a Request for Production on my client. If I missed it, I apologize. If I am mistaken about that, please let me know and send me a copy of the request and the service transmittal.

As for our discovery requests, Defendants responded to Plaintiff's RFPs on May 12, promising to produce documents as soon as a protective order was entered.  I circulated a draft protective order on May 26 but Defendants sat on it through July.  When I spoke with Carrie McNair on July 3rd about producing documents and the protective order she said that she was still working on the protective order but confirmed that she would produce documents "within two weeks" and "certainly no later than the end of the month."  When the end of the month came and went without Defendants producing documents, I wrote Carrie on August 2nd again asking when we could expect a production.  Over a week later, Carrie finally responded and agreed to produce documents on Monday the 14th.  Of course, on Monday you sent an email stating that you were still "converting/preparing" documents but that you "will have them out today."  It is now August 18th and Defendants have yet to produce documents responsive to Plaintiff's RFPs.

Request is made that you produce the documents responsive to Plaintiff's RFPs immediately.  If you still refuse, please let me know when you are available for a meet-and-confer to discuss Plaintiff's motion to compel and for sanctions.

Regards,
Doug



**Douglas Q. Hahn**
Shareholder and General Counsel
dhahn@stradlinglaw.com

Stradling Yocca Carlson & Rauth
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660
**D:** 949 725 4138

stradlinglaw.com | LinkedIn

CONFIDENTIALITY NOTICE
This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify us immediately. Thank you.

# EXHIBIT 10

**Takouche, Ahmad**

| | |
|---|---|
| **From:** | Hahn, Douglas Q. |
| **Sent:** | Monday, August 28, 2023 5:00 PM |
| **To:** | 'Peter Kerr'; 'Carrie McNair' |
| **Cc:** | Parrish, Bill; Takouche, Ahmad; 'bliddle@carterarnett.com'; 'sbreedlove@carterarnett.com'; 'Jeff Nicodemus'; 'Price Anderson'; Brandon Wilson; 'reaton@kmd.law'; 'eosterrieder@kmd.law'; 'jdavis@kmd.law'; 'bnevills@kmd.law' |
| **Subject:** | RE: Enerra v. Conti Group - Protective Order |

Peter,

I was out of the office on Friday afternoon when you sent your email.  Had you not waited a week to respond to my request, we probably could have coordinated something.  Regardless, thank you for starting to produce documents in response to our RFPs.  However, you sent the wrong password so we are unable to open anything you sent.  Please follow-up with the correct password and please copy all counsel with productions going forward.

We are happy to produce documents identified in our initial disclosures and I hope that Defendants will agree to do the same.   Let me know when you want to exchange production of documents identified in initial disclosures and let me confirm that works with the Cobb firm.

 Regards,
Doug



**Douglas Q. Hahn**
Shareholder and General Counsel
dhahn@stradlinglaw.com

Stradling Yocca Carlson & Rauth
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660
**D:** 949 725 4138

stradlinglaw.com | LinkedIn

CONFIDENTIALITY NOTICE
This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify us immediately. Thank you.

**From:** Peter Kerr <peter@hermes-law.com>
**Sent:** Friday, August 25, 2023 1:19 PM
**To:** Hahn, Douglas Q. <DHahn@stradlinglaw.com>; 'Carrie McNair' <carriemcnair@crmcnairlaw.com>
**Cc:** Parrish, Bill <bparrish@stradlinglaw.com>; Takouche, Ahmad <ATakouche@stradlinglaw.com>; 'bliddle@carterarnett.com' <bliddle@carterarnett.com>; 'sbreedlove@carterarnett.com' <sbreedlove@carterarnett.com>; 'Jeff Nicodemus' <JNicodemus@cobbmartinez.com>; 'Price Anderson' <PAnderson@cobbmartinez.com>; Brandon Wilson <brandonW@hermes-law.com>; 'reaton@kmd.law' <reaton@kmd.law>; 'eosterrieder@kmd.law' <eosterrieder@kmd.law>; 'jdavis@kmd.law' <jdavis@kmd.law>; 'bnevills@kmd.law' <bnevills@kmd.law>
**Subject:** RE: Enerra v. Conti Group - Protective Order

Doug,

Thanks for the context. We expect Enerra to produce the documents identified in their initial disclosures:

| Category | Location |
|---|---|
| Documents and communications between Defendants and Enerra | Counsel of Record for Enerra |
| Documents and communications regarding Defendants | Counsel of Record for Enerra |
| Documents and communications regarding the Plants or related warranties, services, repairs, or safety concerns | Counsel of Record for Enerra |
| Documents and communications regarding campuses/facilities where the Plants were installed or were going to be installed | Counsel of Record for Enerra |
| Documents and communications regarding or referring to the plastic to fuel conversion technology or any related technology | Counsel of Record for Enerra |
| The Agreements and related documents | Counsel of Record for Enerra |
| Documents and communications regarding the Agreements and related documents and the negotiation and execution of the Agreements. | Counsel of Record for Enerra |

Your local counsel can confirm that in the Northern District of Texas, documents are produced with Initial Disclosures. Enerra identified the above documents and represented that they are already in your possession. Producing them shouldn't be an issue. Further, you represented that the parties would exchange documents identified in their initial disclosures once a protective order was issued (see attached e-mail). We're simply asking that what was represented be done.

We will produce our documents by 1700 hours (PDT) today, 8/25/2023. If we have not received Enerra's documents by that time, we will take that as a refusal to comply with the FRCP, local practice, and prior representations. And we will proceed accordingly.

I'm available this afternoon to discuss by phone, if needed.

Thanks,

Pete



Peter Kerr
Team Member - Attorney at  Hermes Law, P.C.

2550 Pacific Ave  |  Suite 700
Dallas, TX 75226
214.749.6581  |  hermes-law.com
peter@hermes-law.com  |  Follow us 


Let us know how we're doing.
Please email us with feedback.

# EXHIBIT 11

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF TEXAS

## DALLAS DIVISION

| | |
|---|---|
| ENERRA CORPORATION, | Civil Action No. 3:23-cv-00194-L |
| Plaintiff, | Honorable Sam A. Lindsay |
| vs. | JURY TRIAL DEMANDED |
| CONTI GROUP LLC, PLASTIKGAS LLC, ROBERTO CONTI, JULIE CONTI, JORDAN CONTI, DELAINA DRIES AND DOES 1-10, | |
| Defendants. | |
| CONTI GROUP, LLC, | |
| Counter-Plaintiff, | |
| vs. | |
| ENERRA CORPORATION, SERGIO PEREZ, MARK MILLS AND MICHAEL BROWN, | |
| Counter-Defendants. | |

## **FIRST SET OF INTERROGATORIES TO DEFENDANT CONTI GROUP LLC**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Enerra Corporation ("Enerra" or "Plaintiff") hereby requests that Defendant and Counter-Claimant Conti Group LLC ("Defendant" or "Conti") respond to the following interrogatories in writing and under oath within 30 days.

## **DEFINITIONS**

A.     These interrogatories are continuing in character, so as to require Defendant to serve supplemental answers if it obtains further or different information after the date of its initial response pursuant to Fed. R. Civ. P. 26(e).

B.      Where knowledge or information in the possession of Defendant is requested, such request includes knowledge and information within the possession, custody or control of Defendant's agents, employees, representatives, servants, accountants, attorneys, or any other persons acting or purporting to act on his behalf.

C.      The term "Person" means any natural person, individual, proprietorship, partnership, corporation, association, organization, joint venture, firm, other business enterprise, governmental body, group of natural persons, or other entity.

D.      In all Interrogatories requesting the identification of documents and things, the term "Document" shall have the meaning and scope ascribed to it under Fed. R. Civ. P. 34, and includes anything, including but not limited to electronically stored files or data, coming within the definition of "writings" and "recordings" in Federal Rule of Evidence 1001. A draft or non-identical copy is a separate document within the meaning of this term.

E.      "Any" or "each" shall be understood to include and encompass "all." "Or" shall be understood to include and encompass "and"; "and" shall be understood to include and encompass "or."

F.      As used herein, the terms "Enerra" and "Plaintiff" refer to Plaintiff Enerra and its past and present predecessors, successors, subsidiaries, divisions, parents and affiliates, and all past and present officers, directors, affiliates, agents, employees, consultants, accountants, attorneys, representatives, and any other person or entity acting on behalf of any of the foregoing

G.      The pronouns "You" and "Your" and/or the terms "Conti" or "Defendant" shall mean the Defendant and Counter-Claimant Conti Group LLC, in the above captioned action, and any parents, predecessors, subsidiaries, affiliates, divisions and groups, and each of their trustees, directors, officers, employees, shareholders, agents, representatives, attorneys and any other person or entity acting on behalf of any of the foregoing.

H.      The singular includes the plural number, and vice versa. The past tense includes the present tense where the clear meaning is not distorted by change of tense.

I.      "Each", "any" and "all" mean each and every.

J.     The term "communication" means any exchange or transmission of information, words or ideas to another person or an entity, including without limitation conversations, discussions, e-mails, facsimiles, letters, memoranda, meetings, notes, speeches, or other transfer of information, whether written, oral, or by any other means, whether direct or indirect, formal or informal, and includes any document which abstracts, digests, transcribes or records any such communication.

K.     As used herein, the terms "describe," "identify" or to "state the identity" of means:

In the case of a person, to state:

      i.     Full name;

      ii.    Last known residence;

      iii.   Last known telephone and email address

      iv.    Last known employer or business affiliation; and

      v.     Last known occupation and business position held.

In the case of a company, business entity, firm, association, organization, partnership, business, trust, corporation, or public entity to state:

      i.     the name;

      ii.    the principal place of business; and

      iii.   the identity of the person or persons having knowledge of the matter with respect to which the company is named.

In the case of a Document to state:

      i.     a full description of the item, including date, title;

      ii.    addressee, recipient, person preparing or drafting the same;

      iii.   the current custodian thereof; and

      iv.    any other information necessary to describe said item with sufficient particularity for a subpoena duces tecum or demand for inspection and production.

4874-4327-4327v3/107444-0002

L.      The term "relating to" means comprising, referring to, relating to, or in any way relevant within the meaning of Rule 26(b)(1) of the Federal Rules of Civil Procedure.

## INSTRUCTIONS

1.      With respect to each of the following interrogatories, in addition to supplying the information requested, You are to identify all documents that support, refer to, or evidence the subject matter of each interrogatory and Your answer thereto and attach a copy of each such document to Your answers. If any document identified in Your response is no longer in Your possession, custody, or control because of destruction, loss, or any other reason, then with respect to each such document (i) describe the nature of the document (e.g. letter or memorandum), (ii) state the date of the document, (iii) identify the persons who sent and received the original and any copy of the document, (iv) describe in as much detail as possible the contents of the document, and (v) state the manner and date of disposition of the document.

2.      In the event any information is withheld on a claim of attorney-client privilege, attorney work-product doctrine or any other privilege, protection, or immunity, provide sufficient detail regarding the nature of the information, its source, the general subject matter, and the names and addresses of all persons to whom that information was disclosed and a statement of the grounds for refusal to provide the requested information, such as would enable other parties to assess the applicability of the privilege, protection or immunity. With respect to each assertion of privilege, please indicate, as to the information requested, whether any (a) documents exist, or (b) any oral communications took place.

## INTERROGATORIES

1.      Identify by registration number, application number and filing date, every provisional and non-provisional patent and patent application related to the Plastic to Gas Technology to which any Defendant claims rights.  Include in your response all patents and patent applications referenced in or covered by any agreement between Conti and Plaintiff.

2.      Identify all rights that Defendant owns (whether by way of license, assignment,

etc.) in all patents and patent applications where Edgar Padilla is a named inventor.

3.      Explain why the Bloomington plant cannot meet the "Production Estimate" terms set forth in Contract No. 2021-PG-002-2T-PF.  Include in your response every mistake, error and/ or omission made in the design, assembly and/or operation of the plant, including the name of the individual(s) responsible as well as how such mistake, error and/ or omission resulted in the plant caused the plant's results.

4.      Confirm that the Bloomington plant meets ASTM fuel standards as set forth in Contract No. 2021-PG-002-2T-PF or explain why not.

5.      Confirm that all different types of plastic can be loaded in the reformer the Bloomington plant and it will still meet ASTM fuel standards as set forth in Contract No. 2020-0002 or explain why not.

6.      Explain why installation of the Dillon plant is not complete despite Enerra issuing payment to cover installation and calibration charges as set forth in Contract No. 2020-0002. Include in your response every mistake, error and/ or omission made, including the name of the individual(s) responsible as well as how such mistake, error and/ or omission resulted in the failure to install and commission the plant.

7.      Confirm that the Dillon plant meets ASTM fuel standards as set forth in Contract No. 2020-0002 or explain why not.

8.      Confirm that all different types of plastic can be loaded in the reformer the Dillon plant and it will still meet ASTM fuel standards as set forth in Contract No. 2020-0002 or explain why not.

9.      Confirm that the spreadsheets (bitacoras) provided to Enerra regarding the Cancun plant operations were accurate and showed the actual "[p]roduction results including types of plastic processed, fuel yields and batch processing times " or explain why not.

10.     Confirm that the Ecuador plant meets its expected "Production Estimate" terms or explain why it does not.  Include in your response every mistake, error and/ or omission made in the design, assembly and/or operation of the plant, including the name of the individual(s)

responsible as well as how such mistake, error and/ or omission resulted in the plant caused the plant's results.

11.     State your position on the ownership of the two 7-Ton plants located at Grupo Industrial Aguila in Altamira, Mexico. If it is your position that you own one or both of those plants, state all facts that support your allegations.

12.     Describe in full, Identify and state all facts that support the allegations that "Counter-Defendant purchased and then failed to properly operate a 2-Ton PlastikGas® Plant" as alleged in paragraph 29 of the Counterclaim.

13.     Describe in full, Identify and state all facts that support the allegations that "Counter-Defendant contracted with Counter-Plaintiff to pay for three (3) 7 Ton PlastikGas® Plants since 2020 that were within Counter-Defendant's forty-one (41) Plant requirement; Counter-Defendant has failed to pay fees associated with the purchase of the PlastikGas® Plants already ordered" as alleged in paragraph 30 of the Counterclaim.

14.     Describe in full, Identify and state all facts that support Conti's claim that it has "developed the reverse engineering technology to return plastic to its hydrocarbon state."


Date: August 4, 2023               By: _____

                                   Douglas Q. Hahn
                                   (Admitted *Pro hac vice*)
                                   dhahn@stradlinglaw.com
                                   Ahmad S. Takouche
                                   (Admitted *Pro hac vice*)
                                   atakouche@stradlinglaw.com
                                   STRADLING YOCCA CARLSON & RAUTH
                                   A Professional Corporation
                                   660 Newport Center Drive, Suite 1600
                                   Newport Beach, CA 92660
                                   Tel. 949-725-4138

                                   Bradley Liddle
                                   Texas State Bar No. 24074599
                                   bliddle@carterarnett.com
                                   Scott Breedlove

Texas State Bar No. 00790361
sbreedlove@carterarnett.com
Joshua J. Bennett
jbennett@carterarnett.com
CARTER ARNETT PLLC
8150 N. Central Expressway, Suite 500
Dallas, Texas 75206
Tel. 214-550-8188

***Attorneys for Plaintiff and Counter-Defendant
Enerra Corporation***

## CERTIFICATE OF SERVICE

I, Jennifer Crummett-Smith, hereby certify that on August 4, 2023, I served a true and correct copy of the foregoing document entitled FIRST SET OF INTERROGATORIES TO DEFENDANT CONTI GROUP LLC via email to all counsel of record at the addresses listed below.

| | |
|---|---|
| Carrie R. McNair<br>**CRM LAW, PLLC**<br>820 S MacArthur Blvd, Suite 105-342<br>Coppell, Texas 75019<br>Phone: (850) 509-4874<br>Email: carriemcnair@crmcnairlaw.com<br><br>Brandon Craig Wilson<br>Peter Kerr<br>**HERMES LAW**<br>2550 Pacific Ave., Suite 700<br>Dallas, TX 75226<br>Email: brandonw@hermes-law.com<br>marisa@hermes-law.com<br>peter@hermes-law.com<br><br><br>***Attorneys for Defendants and Counter-Claimant, Conti Group, LLC, Plastikgas, LLC, Roberto Conti, Julie Conti, And Robert Jordan Conti*** | Bradley Nevills<br>Erik Joseph Osterrieder<br>John J Davis , III<br>**Kearney, McWilliams & Davis, PLLC**<br>55 Waugh Drive, Suite 150<br>Houston, TX 77007<br>713-936-9620<br>Email: bnevills@kmd.law<br>ejo@kmd.law<br>jdavis@kmd.law<br><br>Rebecca Kristine Eaton<br>**Kearney McWilliams & Davis PLLC**<br>1235 S Main Street<br>Suite 280<br>Grapevine, TX 76051<br>Tel. 469-831-8767<br>Email: reaton@kmd.law |
| Jeff I Nicodemus<br>**Cobb Martinez Woodward PLLC**<br>1700 Pacific Avenue, Suite 3100<br>Dallas, TX 75201<br>Tel. 214/220-5207<br>Email: jnicodemus@cobbmartinez.com<br><br>***Attorneys for Third Party Defendants Sergio Perez, Mark Mills and Michael Brown*** | |

_____
Jennifer Crummett-Smith

# EXHIBIT 12

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | |
|---|---|
| **ENERRA CORPORATION,** | |
| **Plaintiff** | |
| **vs.** | |
| **CONTI GROUP, LLC; PLASTIKGAS, LLC; ROBERTO CONTI; JULIE CONTI; JORDAN CONTI,** | **Civil Action No. 3:23-cv-00194-L** |
| **Defendants** | **JURY TRIAL DEMANDED** |
| **CONTI GROUP, LLC,** | |
| **Counter-Plaintiff,** | |
| **vs.** | |
| **ENERRA CORPORATION, SERGIO PEREZ, MARK MILLS, AND MICHAEL BROWN,** | |
| **Counter-Defendants.** | |

### DEFENDANTS/COUNTER-PLAINTIFFS' OBJECTIONS AND RESPONSES TO PLAINTIFF/COUNTER-DEFENDANT ENERRA CORPORATION'S <u>FIRST SET OF REQUEST FOR  INTERROGATORIES</u>

Defendant/Counter-Plaintiff Conti Group, LLC, ("**Conti Group**") serves its objections and answers to Plaintiff/Counter-Defendant Enerra Corporation's ("**Enerra**") First Set of Interrogatories pursuant to Fed. R. Civ. P. 26 and 33.

### <u>PRELIMINARY STATEMENT</u>

1.  Conti Group's investigation and development of all facts and circumstances relating to this action is ongoing. These answers and objections are made without prejudice to – and are not a waiver of – Conti Group's right to rely on other facts or documents at trial.

2.  Conti Group's answers are at all times subject to such additional or different information as discovery or further investigation may disclose and, while based on the present state of its recollection, are subject to the refreshing of recollection and additional knowledge of fact as may

Response to First Set of Interrogatories, Pg. 1 of 13

result from further discovery and/or investigation. Conti Group reserves the right to make any use of or to introduce at any hearing or trial information and/or documents responsive to the answers discovered subsequent to the date of these answers.

3.   By making the accompanying answers and objections to Enerra's requests, Conti Group does not waive – and expressly reserves – its right to assert objections of admissibility on any grounds. Conti Group makes the objections and answers without implying that it considers the interrogatories and answers to the interrogatories to be relevant or material to the subject matter of this action.

4.   The below answers are based on all the information reasonably available to Conti Group at the time these answers are made.

5.   Conti Group expressly reserves the right to supplement, clarify, revise, or correct any or all of its answers and objections, and to assert additional objections or privileges, in one or more subsequent supplemental answer(s).

6.   No incidental or implied admissions are intended by these answers. The fact that Conti Group responds or objects to any interrogatory should not be taken as an admission that Conti Group accepts or admits the existence of any facts assumed by such interrogatory or that such answer or objection constitutes admissible evidence as to any such assumed facts. The fact that Conti Group responds to part or all of any interrogatory is not intended to be, and shall not be construed as, a waiver by Conti Group of any part of any objection to any interrogatory.

7.   Conti Group's verification of these answers does not include any answers that are based on information obtained from other persons or those interrogatories about persons with knowledge of relevant facts, trial witnesses, and legal contentions.

8.   These answers are provided solely for the purpose of and in relation to this action.

## GENERAL OBJECTIONS

1.   Conti Group objects to each instruction, definition, and interrogatory to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2.   Conti Group objects to each interrogatory that is overly broad, unduly burdensome, or not reasonably calculated to lead to the discovery of admissible evidence.

3.   Conti Group objects to each instruction, definition, and interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege, deliberative process privilege, attorney work product doctrine, or any other applicable privilege. Should any such disclosure by Conti Group occur, it is inadvertent and shall not constitute a waiver of any privilege.

4.   Conti Group objects to each instruction, definition, and interrogatory as overbroad and unduly burdensome to the extent it seeks information that is readily or more accessible to Enerra from Enerra's own files, from documents or information in Enerra's possession, or from documents or information that Enerra previously produced to Conti Group. Responding to such interrogatory would be oppressive, unduly burdensome, and unnecessarily expensive, and the burden of responding to such interrogatory is substantially the same or less for Enerra as for Conti Group. This objection encompasses, but is not limited to, all correspondence between Conti Group and Enerra, all documents exchanged during the Parties' business relationship, all other information provided by Enerra to Conti Group, and all information and documents produced by Enerra and Conti Group in their Initial Disclosures. All such documents and information will not be produced/re-produced.

5.   To the extent that any of Enerra's interrogatories seek information that include expert material, Conti Group objects to any such interrogatory as premature and expressly reserves the

Response to First Set of Interrogatories, Pg. 3 of 13

right to supplement, clarify, revise, or correct any or all answers to such interrogatories, and to assert additional objections or privileges, in one or more subsequent supplemental answer(s) in accordance with the time period for exchanging expert reports set by the Court.

6.    Conti Group objects to Plaintiff's First Set of Interrogatories to the extent that they seek to limit Conti Group's testimony or the evidence which may be introduced and presented at trial.

7.    Since the Federal Rules of Civil Procedure prohibit discovery of privileged matters, Conti Group has attempted to interpret each interrogatory to call for discoverable matter only. To the extent any answer contains or refers to matters otherwise protected from discovery by the work product doctrine or the attorney-client privilege, no waiver is intended; nor is any waiver intended as to any other matters that are or may be subject to such protection or otherwise privileged.

8.    To the extent the term "Plastic to Gas Technology" is used in Plaintiff's interrogatories, Conti Group interprets that term to mean the technology involved in the contracts executed with Enerra and which are the basis for this litigation.

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

1.    Conti Group objects to Definition G regarding "Conti," "You," and "Your," and/or the term "Defendant." The Definition is overbroad and unduly burdensome to the extent it attempts to extend the scope of this document request to documents in the possession, custody, or control of individuals or entities other than Conti Group and its present employees, principals, officials, agents, and consultants either assigned to or reviewing this case. Conti Group further objects to the extent it seeks information protected under the attorney-client or work product privileges.

2.    Conti Group objects to Definition J regarding "communication" to the extent that it purports to impose obligations greater than those set forth in the Federal Rules of Civil Procedure. Conti Group further objects to the extent they call for communications protected from disclosure

Response to First Set of Interrogatories, Pg. 4 of 13

by the attorney-client privilege, deliberative process privilege, attorney work product doctrine, or any other applicable privilege.

3. Conti Group objects to Definition L regarding "relating to" as is it vague, overbroad, confusing, and subject to multiple interpretations.

4. Conti Group incorporates by reference every general objection set forth above into each specific answer set forth below. A specific answer may repeat a general objection for emphasis or some other reason. The failure to include any general objection in any specific answer does not waive any general objection to that interrogatory. Moreover, Conti Group does not waive its right to amend its answers.

## OBJECTIONS AND RESPONSES TO DOCUMENT REQUESTS

1.      Identify by registration number, application number and filing date, every provisional and non-provisional patent and patent application related to the Plastic to Gas Technology to which any Defendant claims rights. Include in your response all patents and patent applications referenced in or covered by any agreement between Conti and Plaintiff.

**ANSWER:** Conti Group objects to this interrogatory because it seeks information that is not relevant to the claims or defenses of any party. This interrogatory is vague and unintelligible in its request to identify each patent and patent application by "registration number," which neither patents nor patent applications have. Instead, Conti Group interprets "registration number" as "patent number," and answers that none of the applications received patent numbers. Conti Group objects to this request to the extent it seeks documents that are privileged. Conti Group further objects because the interrogatory seeks trade secret, proprietary, confidential, financial, or commercially sensitive information, the disclosure of which could negatively affect Conti Group's competitive or business position or result in a breach by Conti Group of an obligation to a third-party to maintain such information as confidential. Subject to and without waiving these objections:

| Application Number | Filing Date |
|---|---|
| 62897241 | September 6, 2019 |
| 63075787 | September 8, 2020 |
| 63199933 | February 3, 2021 |

2.      Identify all rights that Defendant owns (whether by way of license, assignment, etc.) in all patents and patent applications where Edgar Padilla is a named inventor.

Response to First Set of Interrogatories, Pg. 5 of 13

**ANSWER:** Conti Group objects to this interrogatory because it seeks information that is not relevant to the claims or defenses of any party. This interrogatory is vague and overly burdensome in asking Conti Group to "identify all rights." Instead, Conti Group interprets "identify all rights" to state whether a patent or patent application where Edgar Padilla is a named inventor is licensed, assigned, or otherwise to Conti Group. Conti Group objects to this request to the extent it seeks documents that are privileged. Conti Group further objects because the interrogatory seeks trade secret, proprietary, confidential, financial, or commercially sensitive information, the disclosure of which could negatively affect Conti Group's competitive or business position or result in a breach by Conti Group of an obligation to a third-party to maintain such information as confidential. Subject to and without waiving these objections, none.

3.      Explain why the Bloomington plant cannot meet the "Production Estimate" terms set forth in Contract No. 2021-PG-002-2T-PF. Include in your response every mistake, error and/ or omission made in the design, assembly, and/or operation of the plant, including the name of the individual(s) responsible as well as how such mistake, error and/ or omission resulted in the plant caused the plant's results.

**ANSWER:** Conti Group objects to this interrogatory because it assumes facts not in evidence and is harassing. Conti Group objects to the phrase, ". . . every mistake, error, and/or omission . . . ." to the extent the request calls for a legal conclusion or prematurely seeks expert discovery/disclosures. Conti Group further objects because the interrogatory seeks trade secret, proprietary, confidential, financial, or commercially sensitive information, the disclosure of which could negatively affect Conti Group's competitive or business position or result in a breach by Conti Group of an obligation to a third-party to maintain such information as confidential. Conti Group further objects because the interrogatory seeks to compel the production of all of Conti Group's evidence—which it is not required to do at this time. Subject to and without waiving these objections, when delivered to Enerra, the Bloomington Plant met the standards set forth in Contract No. 2021-PG-002-2T-PF. If the Bloomington Plant has failed to meet a production estimate stated in Contract No. 2021-PG-002-2T-PF, at any time, it is either the result of Enerra's alterations to the Bloomington Plant that include, but are not limited to, the use of replacement burners, the use of inappropriate feedstock, and alterations made to the Plant, or it is the result of the improper operation of the Plant by Enerra. Altering the Plant and improperly operating the Plant are both actions Enerra took in default of their required obligation in Contract No. 2021-PG-002-2T-PF, as outlined in Conti Group's Letter of Default dated December 6, 2022.

4.      Confirm that the Bloomington plant meets ASTM fuel standards as set forth in Contract No. 2021-PG-002-2T-PF or explain why not.

**ANSWER:** Conti Group objects to this interrogatory because it assumes facts not in evidence and is harassing. Conti Group objects to the phrase, ". . . every mistake, error, and/or omission . . . ." to the extent the request calls for a legal conclusion or prematurely seeks expert discovery/disclosures. Conti Group further objects because the interrogatory seeks trade secret, proprietary, confidential, financial, or commercially sensitive information, the disclosure of which could negatively affect Conti Group's competitive or business position or result in a breach by Conti Group of an obligation to a third-party to maintain such information as confidential. Subject to and without waiving these objections, when delivered to Enerra, the Bloomington Plant met the

Response to First Set of Interrogatories, Pg. 6 of 13

standards set forth in Contract No. 2021-PG-002-2T-PF. If the Bloomington Plant fails to meet the standards set forth in Contract No. 2021-PG-002-2T-PF, at any time, it is because Enerra made alterations to the Bloomington Plant upon receipt of the Plant, or improperly operated the Plant. Altering the Plant and improperly operating the Plant are both actions Enerra took in default of their required obligation in Contract No. 2021-PG-002-2T-PF, as outlined in Conti Group's Letter of Default dated December 6, 2022.

5.      Confirm that all different types of plastic can be loaded in the reformer the Bloomington plant and it will still meet ASTM fuel standards as set forth in Contract No. 2020-0002 or explain why not.

**ANSWER:** Conti Group objects to this interrogatory because the phrase, ". . . all different types of plastic . . . ." is vague, ambiguous, harassing, and subject to multiple interpretations. Conti Group further objects to the phrase to the extent the request calls for a legal conclusion or prematurely seeks expert discovery/disclosures. Conti Group further objects because the interrogatory seeks trade secret, proprietary, confidential, financial, or commercially sensitive information, the disclosure of which could negatively affect Conti Group's competitive or business position or result in a breach by Conti Group of an obligation to a third-party to maintain such information as confidential. Subject to and without waiving these objections, when delivered to Enerra, the Bloomington Plant met the standards set forth in Contract No. 2021-PG-002-2T-PF. If the Bloomington Plant fails to meet the standards set forth in Contract No. 2021-PG-002-2T-PF, at any time, it is because Enerra made alterations to the Bloomington Plant upon receipt of the Plant, and/or Enerra improperly operated the Plant. Altering the Plant and improperly operating the Plant are both actions Enerra took in default of their required obligation in Contract No. 2020-0002, as outlined in Conti Group's Letter of Default dated December 6, 2022. Enerra has been provided with an Operations Manual confirming the proper feedstock for the reformer.

6.      Explain why installation of the Dillon plant is not complete despite Enerra issuing payment to cover installation and calibration charges as set forth in Contract No. 2020-0002. Include in your response every mistake, error and/ or omission made, including the name of the individual(s) responsible as well as how such mistake, error and/ or omission resulted in the failure to install and commission the plant.

**ANSWER:** Conti Group objects to this interrogatory because it assumes facts not in evidence and is harassing. Conti Group objects to the phrase, ". . . every mistake, error, and/or omission . . . ." to the extent the request calls for a legal conclusion or prematurely seeks expert discovery/disclosures. Conti Group further objects because the interrogatory seeks trade secret, proprietary, confidential, financial, or commercially sensitive information, the disclosure of which could negatively affect Conti Group's competitive or business position or result in a breach by Conti Group of an obligation to a third-party to maintain such information as confidential. Conti Group further objects because the interrogatory seeks to compel the production of all of Conti Group's evidence—which it is not required to do at this time. Subject to and without waiving these objections, the Dillion Plant has not been installed in Dillion, South Carolina, because Enerra failed to build a campus in Dillion, South Carolina that meets the requirements for the Dillion Plant installation. Enerra's failure was in default of their obligations in Contract No. 2020-002, as outlined in Conti Group's Letter of Default dated December 6, 2022. Enerra failed to build a Campus in compliance with Contract No. 2020-002 and its Statement of Work ("SOW").

Response to First Set of Interrogatories, Pg. 7 of 13

Specifically, at a minimum, Enerra failed to demonstrate the land is approved for industrial use, Enerra failed to secure seven (7) acres for its Campus, as required by Contract No. 2020-002, Enerra failed to demonstrate the construction of a concrete slab that withstands a minimum resistance of 200 kg/cm2, and failed to provide Conti Group with a Physical Condition Report ("PCR") detailing the specifications and comprehensive strength training results to validate that the concrete slab complies with the specifications necessary to support the installation of the Plant, as required by Contract No. 2020-002. Further, Enerra failed to ensure the proper installment of electricity, gas, water, and sewage on the Campus, as required by Contract No. 2020-002. Enerra failed to demonstrate construction of a storage building with electricity on its Campus, as required by Contract No. 2020-002. Enerra failed to demonstrate construction of a proper Pump Station, as required by Contract No. 2020-002. Enerra has not constructed a proper Bathroom/Locker/Shower facility, as required by Contract No. 2020-002. Enerra failed to acquire Shredders for the Campus, as required by Contract No. 2020-002. Enerra failed to install the proper Security for the Campus, as required by Contract No. 2020-002. Enerra failed to secure the necessary service vehicles and equipment, as required by Contract No. 2020-002. Enerra failed to place employees at its Campus.

7.      Confirm that the Dillon plant meets ASTM fuel standards as set forth in Contract No. 2020-0002 or explain why not.

**ANSWER:** Conti Group objects to the interrogatory to the extent the request calls for a legal conclusion or prematurely seeks expert discovery/disclosures. Conti Group objects because this question assumes facts not in evidence. Conti Group further objects because the interrogatory seeks trade secret, proprietary, confidential, financial, or commercially sensitive information, the disclosure of which could negatively affect Conti Group's competitive or business position or result in a breach by Conti Group of an obligation to a third-party to maintain such information as confidential. Subject to and without waiving these objections, when delivered to Enerra, the Dillon Plant met the standards set forth in Contract No. 2020-002. The Dillion Plant was not installed and calibrated. If the Dillion Plant fails to meet the standards set forth in Contract No. 2020-002, at any time, it is because the installation and calibration of the Plant was not timely completed due to Enerra defaulting in its obligations in Contract No. 2020-002, as outlined in Conti Group's Letter of Default dated December 6, 2022.

8.      Confirm that all different types of plastic can be loaded in the reformer in the Dillon plant and it will still meet ASTM fuel standards as set forth in Contract No. 2020-0002 or explain why not.

**ANSWER:** Conti Group objects to this interrogatory because the phrase, ". . . all different types of plastic . . . ." is vague, ambiguous, harassing, and subject to multiple interpretations. Conti Group further objects to the phrase to the extent the request calls for a legal conclusion or prematurely seeks expert discovery/disclosures. Conti Group further objects because the interrogatory seeks trade secret, proprietary, confidential, financial, or commercially sensitive information, the disclosure of which could negatively affect Conti Group's competitive or business position or result in a breach by Conti Group of an obligation to a third-party to maintain such information as confidential. Subject to and without waiving these objections, when delivered to Enerra, the Dillion Plant met the standards set forth in Contract No. 2020-002. If the Dillion Plant fails to meet the standards set forth in Contract No. 2020-002, at any time, it is because installation

Response to First Set of Interrogatories, Pg. 8 of 13

and calibration of the Plant was not timely completed. Enerra has been provided with an Operations Manual confirming the proper feedstock for the reformer.

9.     Confirm that the spreadsheets (bitacoras) provided to Enerra regarding the Cancun plant operations were accurate and showed the actual production results including types of plastic processed, fuel yields and batch processing times or explain why not.

**ANSWER:** Conti Group objects to the interrogatory to the extent the request calls for a legal conclusion or prematurely seeks expert discovery/disclosures. Conti Group further objects because the interrogatory seeks trade secret, proprietary, confidential, financial, or commercially sensitive information, the disclosure of which could negatively affect Conti Group's competitive or business position or result in a breach by Conti Group of an obligation to a third-party to maintain such information as confidential. Subject to and without waiving these objections, Conti Group believes the Cancun spreadsheet to be accurate; however, Conti Group did not witness the production results presented in the spreadsheet, and therefore cannot confirm their accuracy. Conti Group does not own the Cancun plant. Conti Group did not create the (bitacoras) spreadsheet. Enerra has visited the Cancun plant and was provided the opportunity to collect and/or verify the production results.

10.     Confirm that the Ecuador plant meets its expected "Production Estimate" terms or explain why it does not. Include in your response every mistake, error and/ or omission made in the design, assembly and/or operation of the plant, including the name of the individual(s) responsible as well as how such mistake, error and/ or omission resulted in the plant caused the plant's results.

**ANSWER:** Conti Group objects to this interrogatory because it assumes facts not in evidence and is harassing. Conti Group objects to the phrase, ". . . every mistake, error, and/or omission . . . ." to the extent the request calls for a legal conclusion or prematurely seeks expert discovery/disclosures. Conti Group further objects because the interrogatory seeks trade secret, proprietary, confidential, financial, or commercially sensitive information, the disclosure of which could negatively affect Conti Group's competitive or business position or result in a breach by Conti Group of an obligation to a third-party to maintain such information as confidential. Subject to and without waiving these objections, it is unclear what 'production estimate' Enerra seeks to confirm. The Ecuador plant was built after Enerra contracted with Conti Group.

11.     State your position on the ownership of the two 7-Ton plants located at Grupo Industrial Aguila in Altamira, Mexico. If it is your position that you own one or both of those plants, state all facts that support your allegations.

**ANSWER:** Conti Group objects to this interrogatory because it seeks information that is not relevant to the claims or defenses of any party. Conti Group objects to this request to the extent it seeks documents that are privileged. Conti Group further objects because the interrogatory seeks trade secret, proprietary, confidential, financial, or commercially sensitive information, the disclosure of which could negatively affect Conti Group's competitive or business position or result in a breach by Conti Group of an obligation to a third-party to maintain such information as confidential. Subject to and without waiving these objections, Enerra entered into contracts with Conti Group for the purchase of two 7 Ton PlastikGas® Plants that have not yet been delivered to Enerra - Plant-PG-003-7T-EN-01 and Plant-PG-004-7T-EN-02. Enerra has failed to completely

pay for all fees associated with the contracts, including, but not limited to full payment of the purchase price, payment of fuel production fees, payment of storage fees, and payment of maintenance fees; as such, Enerra has defaulted on its obligations regarding Plant-PG-003-7T-EN-01 and Plant-PG-004-7T-EN-02.

12.   Describe in full, Identify and state all facts that support the allegations that "Counter-Defendant purchased and then failed to properly operate a 2-Ton PlastikGas® Plant" as alleged in paragraph 29 of the Counterclaim.

**ANSWER:** Conti Group objects to this interrogatory because it is cumulative, overbroad, and unduly burdensome. This is better suited for deposition as it calls for a narrative answer. Conti Group further objects because the interrogatory seeks to compel the production of all of Conti Group's evidence—which it is not required to do at this time. Subject to and without waiving these objections, Enerra's alterations to the Bloomington Plant include, but are not limited to, the use of replacement burners, the use of inappropriate feedstock, and alterations made to the Plant. Enerra made, at a minimum, alterations to the Plant's safety features, removal of a hydraulic valve, and the improper placement of deflector plates. Altering the Plant and improperly operating the Plant are both actions Enerra took in default of their required obligations in Contract No. 2021-PG-002-2T-PF, as outlined in Conti Group's Letter of Default dated December 6, 2022.

13.   Describe in full, Identify and state all facts that support the allegations that "Counter-Defendant contracted with Counter-Plaintiff to pay for three (3) 7 Ton PlastikGas® Plants since 2020 that were within Counter-Defendant's forty-one (41) Plant requirement; Counter-Defendant has failed to pay fees associated with the purchase of the PlastikGas® Plants already ordered" as alleged in paragraph 30 of the Counterclaim.

**ANSWER:** Conti Group objects to this interrogatory because it is cumulative, overbroad, and unduly burdensome. This is better suited for deposition as it calls for a narrative answer. Conti Group further objects to the interrogatory to the extent the request calls for a legal conclusion or prematurely seeks expert discovery/disclosures. Conti Group objects to this request to the extent it seeks documents that are privileged. Conti Group further objects because the interrogatory seeks trade secret, proprietary, confidential, financial, or commercially sensitive information, the disclosure of which could negatively affect Conti Group's competitive or business position or result in a breach by Conti Group of an obligation to a third-party to maintain such information as confidential. Conti Group further objects because the interrogatory seeks to compel the production of all of Conti Group's evidence—which it is not required to do at this time. Subject to and without waiving these objections, Enerra agreed to purchase forty-one 7 Ton (or larger) PlastikGas® Plants over an approximate 7-year timeframe. Enerra entered into contracts with Conti Group for the purchase of three 7 Ton PlastikGas® Plants (Contracts Nos. 2020-0002, Plant-PG-003-7T-EN-01, and Plant-PG-004-7T-EN-02). Enerra has failed to completely pay for all fees associated with the contracts, including, but not limited to full payment of the purchase price (Plant-PG-003-7T-EN-01 and Plant-PG-004-7T-EN-02), payment of fuel production fees ((Contracts Nos. 2020-0002, Plant-PG-003-7T-EN-01, and Plant-PG-004-7T-EN-02)), payment of storage fees (Plant-PG-003-7T-EN-01, and Plant-PG-004-7T-EN-02), and payment of maintenance fees (Contracts Nos. 2020-0002, Plant-PG-003-7T-EN-01, and Plant-PG-004-7T-EN-02). Enerra has

defaulted in each of the Contracts, as outlined in Conti Group's Letter of Default dated December 6, 2022, December 8, 2022, and December 8, 2022.

14.    Describe in full, Identify and state all facts that support Conti's claim that it has "developed the reverse engineering technology to return plastic to its hydrocarbon state."

**ANSWER:** Conti Group objects to this interrogatory because it is cumulative, overbroad, and unduly burdensome. Conti Group objects to this interrogatory because it assumes facts not in evidence and is harassing. This interrogatory is better suited for a deposition as it calls for a narrative answer. Conti Group further objects to the interrogatory to the extent that the request calls for a legal conclusion or prematurely seeks expert discovery/disclosures. Conti Group objects to this request to the extent it seeks documents that are privileged. Conti Group further objects because the interrogatory seeks trade secret, proprietary, confidential, financial, or commercially sensitive information, the disclosure of which could negatively affect Conti Group's competitive or business position or result in a breach by Conti Group of an obligation to a third-party to maintain such information as confidential. Conti Group further objects because the interrogatory seeks to compel the production of all of Conti Group's evidence—which it is not required to do at this time. Subject to and without waiving these objections, Conti Group is unable to confirm that it has made a statement indicating that Conti Group has "developed the reverse engineering technology to return plastic to its hydrocarbon state."

Dated September 22, 2023                    Respectfully submitted,

                                            **CRM LAW PLLC**

                                            */s/ Carrie R. McNair*
                                            Carrie R. McNair
                                            Texas Bar No. 24110715
                                            **CRM Law, PLLC**
                                            820 S Macarthur Blvd Ste 105-342
                                            Coppell, Texas 75019
                                            850-509-4874 telephone
                                            carriemcnair@crmcnairlaw.com

                                            */s/ Brandon S. Wilson*
                                            **Brandon Wilson**
                                            State Bar No. 24076776
                                            brandonw@hermes-law.com
                                            **Peter Kerr**
                                            State Bar No. 24076478
                                            peter@hermes-law.com
                                            **Hermes Law, P.C.**
                                            2550 Pacific Avenue, Suite 700
                                            Dallas, Texas 75201
                                            (214) 749-6800

(214) 749-6801 (Fax)

**ATTORNEYS FOR (A) DEFENDANTS CONTI GROUP LLC, PLASTIKGAS LLC, ROBERTO CONTI, JULIE CONTI, JORDAN CONTI AND (B) COUNTER-PLAINTIFF CONTI GROUP, LLC**

## CERTIFICATE OF SERVICE

I certify that on September 22, 2023, a true and correct copy of the above document was served on all counsel of record pursuant to the applicable Local Rules and Federal Rules of Civil Procedure.

*/s/ Carrie R. McNair*
Carrie R. McNair

## VERIFICATION

STATE OF TEXAS     §
          §
COUNTY OF DALLAS   §

BEFORE ME, the undersigned authority, on this day personally appeared Roberto Conti on behalf of Defendant Conti Group, LLC, in the above-numbered and entitled cause of action and, after being duly sworn, stated that:

1. I am Roberto Conti for Conti Group, LLC in the above-entitled cause and am the agent of Conti Group, LLC for the purpose of answering the Interrogatories served upon Conti Group, LLC and for the purpose of making this verification.

2. Various agents and employees of Conti Group, LLC have attempted, to the best of their ability, to gather the information known and available to Conti Group, LLC at this time and which is responsive to Plaintiff's Interrogatories.

3. I have the Plaintiff's Interrogatories and the Answers to them. The Answers are true and correct based upon my personal knowledge and/or the best efforts of the agents or employees of Conti Group, LLC.

By: _____

   Roberto Conti
   President, Conti Group, LLC

SWORN TO AND SUBSCRIBED before me by the said Roberto Conti on this the 22nd day of September, 2023, to certify which witness my hand and seal of office.

ERIC MCNAIR
Notary Public, State of Texas
Comm. Expires 07-12-2027
Notary ID 13444978-3

_____
Notary Public, State of Texas

Response to First Set of Interrogatories, Pg. 13 of 13

# EXHIBIT 13

**Takouche, Ahmad**

| | |
|---|---|
| **From:** | Crummett-Smith, Jennifer |
| **Sent:** | Friday, September 29, 2023 5:12 PM |
| **To:** | carriemcnair@crmcnairlaw.com; brandonw@hermes-law.com; marisa@hermes-law.com; peter@hermes-law.com; bnevills@kmd.law; ejo@kmd.law; jdavis@kmd.law; reaton@kmd.law; Jeff Nicodemus |
| **Cc:** | Hahn, Douglas Q.; Takouche, Ahmad; Small, Micol |
| **Subject:** | Enerra Corporation v. Conti Group LLC et al. |
| **Attachments:** | Meet and Confer Letter to Conti Group.pdf |

Counsel,

Please see the attached correspondence sent on behalf of Douglas Hahn, Esq.



**Jennifer Crummett-Smith**
Staff Resource Manager / IP Litigation Assistant
jcrummett@stradlinglaw.com

Stradling Yocca Carlson & Rauth
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660
**D:** 949 737 4708

stradlinglaw.com | LinkedIn

CONFIDENTIALITY NOTICE
This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately. Thank you.



Stradling Yocca Carlson & Rauth
A Professional Corporation
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660-6422
949 725 4000
stradlinglaw.com

**Douglas Q. Hahn**
949 725 4138
dhahn@stradlinglaw.com

September 29, 2023

*Via Email:  carriemcnair@crmcnairlaw.com; brandonw@hermes-law.com; marisa@hermes-law.com; peter@hermes-law.com; bnevills@kmd.law; ejo@kmd.law; jdavis@kmd.law; reaton@kmd.law*

Carrie R. McNair
CRM LAW, PLLC
820 S MacArthur Blvd, Suite 105-342
Coppell, Texas 75019

Brandon Craig Wilson
Peter Kerr
HERMES LAW
2550 Pacific Ave., Suite 700
Dallas, TX 75226

Bradley Nevills
Erik Joseph Osterrieder
John J Davis , III
KEARNEY, MCWILLIAMS & DAVIS, PLLC
55 Waugh Drive, Suite 150
Houston, TX 77007

Rebecca Kristine Eaton
Kearney McWilliams & Davis PLLC
1235 S Main Street
Suite 280
Grapevine, TX 76051

   *Re:*  *Enerra Corporation vs. Conti Group LLC et al.*

Counsel for Conti Group LLC
September 29, 2023
Page Two

Counsel,

Please advise as to your availability to meet and confer within the next seven days to discuss Defendants' insufficient document production and discovery responses in advance of Plaintiff's anticipated motion to compel.

**<u>Insufficient Document Production</u>**

As an initial matter, Defendants' document production is woefully insufficient.  In response to the vast majority of Plaintiff's Requests, Defendants point to "Conti Group's Initial Disclosures—including documents produced in conjunction with them."  Despite the Initial Disclosures and the responses to the Requests having been served on May 12, 2023,  no production was made until August 25, 2023.  This production consists of some invoices, some plan documents, some contracts between the parties, only some purported test results, and hundreds of images which appear to be screen shots of portions of video.  But the production does not appear to contain any documents responsive Request Nos. 5-7, 10-13, 19, 20, 22-36, 40, 44-45 and 46-50.

Indeed, there do not appear to be any documents regarding McLaren or the King Abdallah University of Science and Technology in Defendants' production.  This is in spite of the assertion that the production would contain such documents as reflected in Defendants' responses to these Requests.  Moreover, the production does not contain any videos, as you mentioned your clients would produce.  Rather, it appears that Defendants produced screenshots of the videos as individual images.  Are you representing that  that Defendants maintain videos in the usual course of business as .pdf files and do not maintain the intact videos?  Are the screen shots you produced  in the form  the company maintains in the normal course of its business?

Despite Request Nos. 1, 3, 7, 27, 43, 44, 46-48, you do not appear to have produced communications between the parties regarding negotiating the Contracts, development of the PlastikGas technology, or other statements made by Defendants to induce Enerra into entering the Contracts.  Further, your client insisted on communicating with the Third-Party Defendants via PlastikGas emails, which they no longer have access to.  Thus, in addition to ordinary communications, there are communications from the following email addresses that should have been produced but were not: Sergio.perez@plastikgas.com, Mark.mills@plastikgas.com and Michael.brown@plastikgas.com.  Similarly, Request No. 36 requested "All Documents and Communications regarding or referring to Edgar Padilla."  Defendants' response again pointed to the Initial Disclosures.  Yet, there does not appear to be a single communication with or involving Mr. Padilla in the production.  There also do not appear to be any documents regarding "Fuel Tests," "Operations Manual(s)," "Damage Calculations," "Safety Violation Report(s)," "Plant Records," or "Demo Plant Records."  These categories were all identified in the Initial Disclosures and covered by Request Nos. 1, 3, 7, 27, 43, 44, 46-48.

Further, in your May 12, 2023 Initial Disclosures identifying insurance policies, you stated "Responsive documents will be produced on an agreed upon date."  The document

Counsel for Conti Group LLC
September 29, 2023
Page Three

exchange date has come and gone but you have not produced any insurance policies.  Please provide these "responsive" documents as soon as possible.

Finally, Rule 34(b)(2)(E)(i) requires that a party must produce documents "as they are kept in the usual course of business or must organize and label them to correspond to the categories in the requests."  As Defendants have obviously not produced their documents as maintained in the usual course of business, they must be organized and labeled appropriately.

Please advise when Defendants will supplement their production to provide any and all documents responsive to the Requests.

**Improper Objections and Refusal To Produce**

Additionally, certain of Defendants' responses and objections are improper.  For example, Request No. 4 seeks "All Documents and Communications relied upon or otherwise referred to in your Responses to Enerra's First Set of Interrogatories."  Defendants asserted that because no Interrogatories were served at the time of the response, they could not respond to this Request.  Plaintiff has since served a First Set of Interrogatories, to which a response was initially due September 4, before the deadline was extended to September 22 , at your request.  Please confirm whether Defendants will supplement their response to this Request and produce documents and communications responsive to the Request.

As another example, Request Nos. 8-9 sought "Documents sufficient to show YOUR revenues generated from Your business relationship with Enerra" and "Documents sufficient to show YOUR profits generated from Your business relationship with Enerra."  Defendants objected on the bases that the information sought by this Request related to third parties, or that it was unrelated to the claims and allegations asserted by Enerra. These objections are clearly frivolous, as the Request seeks information specifically related to Defendants' relationship with Enerra, and the monies it received from that relationship.  Please advise whether Defendants will supplement their response and produce documents responsive to the Requests.

Moreover, several Requests, including but not limited to Request Nos. 14, 15, 38, 39, 41, and 42, all relate to Defendants' attempts to patent the technology at issue.  Defendants improperly object to each of these Requests on the basis that "Enerra may access [the requested information] without requiring Conti Group to compile data for Enerra."  Such an objection and response is improper and impermissible, and Defendants must produce the information sought by these Requests. There is no doubt that such material is in Defendants' control, as the information sought relates to Defendants' attempts to patent the technology.  This information is of the kind courts routinely hold must be produced, even if accessible from public databases.  *See, e.g.*, *EEOC v. HWCC-Tunica, Inc*., No. 2:07CV171-B-A, 2008 U.S. Dist. LEXIS 85830, at *21 (N.D. Miss. Oct. 6, 2008 ("a party must produce all responsive documentation within its control, regardless of whether the documents are public record."); *see also Wiand v. Wells Fargo Bank, N.A*., No. 8:12-cv-557-T-27EAJ, 2013 U.S. Dist. LEXIS 166375, at *5 (M.D. Fla. Nov. 22, 2013) ("A party may not refuse to comply with a discovery request solely because the

Counsel for Conti Group LLC
September 29, 2023
Page Four

information may be available from other sources, including publicly accessible documents.”).
“Unless excused by a court order, a requested party must provide relevant discovery regardless
of whether it is already available to the requesting party.” *Land Ocean Logistics, Inc. v. Aqua
Gulf Corp.*, 181 F.R.D. 229, 240 (W.D.N.Y. 1998); *see also Federal Deposit Insurance Corp. v.
Renda*, 126 F.R.D. 70, 72 (D. Kan. 1989) (defendant’s refusal to produce documents improper,
as plaintiffs are entitled to review those documents which are in defendant’s control regardless of
whether plaintiffs are in possession of certain documents which they requested from defendants);
*Westhemeco v. New Hampshire Insurance Co.*, 82 F.R.D. 702, 710 (S.D.N.Y. 1979) (plaintiff’s
possession of requested documents does not preclude plaintiff’s request that defendant identify
them, absent a showing of bad faith or harassment).  Moreover, as detailed below, the
provisional patent applications identified in your Interrogatory responses are not publicly
available.  https://patentfile.org/how-to-search-provisional-patents/ (“It is impossible to **search
provisional patents** online because provisional patents are never published.”).

> Similarly, Defendants decline to produce documents pursuant to Request No. 18 on the
basis that “to the extent the ‘operations data [has been] provided to Enerra,’ the requested
documents are already in the possession, custody, and control of Enerra.”  Such a response is
improper, and Defendants cannot point to what could be in Enerra’s possession when the
documents are also in Defendants’ possession.  As a matter of law, “[a] requested party may not
refuse to respond to a requesting party’s discovery request on the ground that the requested
information is in the possession of the requesting party.” *Davidson v. Goord*, 215 F.R.D. 73, 77
(W.D.N.Y.2003); *Keybank Nat’l Ass’n v. Perkins Rowe Assocs.*, No. 09-497-JJB-SCR, 2011
U.S. Dist. LEXIS 37791, at *9 (M.D. La. Apr. 6, 2011); *Land Ocean*, 181 F.R.D. at 240.
Documents responsive to this Request must be produced.

> Please advise whether Defendants will supplement their response and produce documents
responsive to the Requests.

> These are just some examples of Defendants’ failures to properly respond to Plaintiff’s
discovery requests seeking plainly relevant information.  Please confirm that Defendants will
supplement these responses to confirm whether Defendants will produce documents, whether all
documents have been produced, or whether Defendants will continue to stand on baseless
objections.  Otherwise, please advise as to your availability to meet-and-confer in advance of our
anticipated motion to compel.

**Insufficient Interrogatory Responses**

> In your responses to Enerra’s Interrogatory No. 1, you identify the “Application Number”
for 3 patents via eight digit numbers.  This is obviously wrong.  The numbers listed, *i.e.*,
62/897,241; 63/075,787 and 63/199,933 are all underlined provisional patent applications, identified by the
codes 62 and 63.  https://www.uspto.gov/web/offices/ac/ido/oeip/taf/filingyr.htm.  As you know,
provisional patent applications expire after 1 year.  Thus, you have either not identified the non-
provisional applications, which are separate applications, or Conti has allowed all of its patents
to lapse in breach of its agreements with Enerra.

Counsel for Conti Group LLC
September 29, 2023
Page Five

      Enerra's Interrogatory No. 2 asks "Identify all rights that Defendant owns (whether by way of license, assignment, etc.) in all patents and patent applications where Edgar Padilla is a named inventor."  Conti Group responded "none."  However, two of the provisional patent applications identified in response to Interrogatory No. 1, *i.e.*, 62/897,241 and  63/075,787, were filed with Edgar Padilla identified as the inventor.  *See* ENERRA0000624 and ENERRA0000634.  Conti Group must supplement its responses.

      Finally, Enerra's Interrogatory No. 11 asks Conti Group's position on the ownership of the two 7 ton plants at Grupo Industrial Aguila in Altiamira, Mexico.  Your response does not actually answer the question as to ownership of those plants.  Please confirm that you will supplement your response to answer the question asked.


      Regards,


      Douglas Q. Hahn
      Shareholder and General Counsel
      Stradling Yocca Carlson & Rauth
      A Professional Corporation

# EXHIBIT 14

**Takouche, Ahmad**

| | |
|---|---|
| **From:** | Carrie McNair <carriemcnair@crmcnairlaw.com> |
| **Sent:** | Thursday, October 5, 2023 6:34 AM |
| **To:** | Hahn, Douglas Q. |
| **Cc:** | brandonw@hermes-law.com; marisa@hermes-law.com; peter@hermes-law.com; bnevills@kmd.law; ejo@kmd.law; jdavis@kmd.law; reaton@kmd.law; Jeff Nicodemus; Takouche, Ahmad; Small, Micol; Crummett-Smith, Jennifer |
| **Subject:** | Re: Enerra Corporation v. Conti Group LLC et al. |

Doug,

I received your meet-and-confer letter; your concerns are being reviewed and discussed. A supplement *is* being prepared that will remedy some, if not all, of your concerns. I recommend we schedule a call on Monday, October 16, 2023; I recommend 2:00 p.m. Eastern. By that time, a supplement will be provided, and we can further discuss any additional concerns you have on that date.

Carrie R. McNair
CRM Law, PLLC
850-509-4874

------- Original Message -------
On Friday, September 29th, 2023 at 7:11 PM, Crummett-Smith, Jennifer <jcrummett@stradlinglaw.com> wrote:


Counsel,


Please see the attached correspondence sent on behalf of Douglas Hahn, Esq.




**Jennifer Crummett-Smith**
Staff Resource Manager / IP Litigation Assistant
jcrummett@stradlinglaw.com

Stradling Yocca Carlson & Rauth
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660
**D:** 949 737 4708

stradlinglaw.com | LinkedIn

CONFIDENTIALITY NOTICE
This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify us immediately. Thank you.

# EXHIBIT 15

**Crummett-Smith, Jennifer**

| | |
|---|---|
| **From:** | Hahn, Douglas Q. |
| **Sent:** | Monday, October 16, 2023 1:28 PM |
| **To:** | 'Carrie McNair' |
| **Cc:** | brandonw@hermes-law.com; marisa@hermes-law.com; peter@hermes-law.com; bnevills@kmd.law; ejo@kmd.law; jdavis@kmd.law; reaton@kmd.law; Jeff Nicodemus; Takouche, Ahmad; Small, Micol; Crummett-Smith, Jennifer |
| **Subject:** | RE: Enerra Corporation v. Conti Group LLC et al. |

Peter,

Thank you for taking the time for our call today.  This email confirms Defendants' agreement to supplement their discovery responses by this week.  The one possible exception to that is the plasticgas.com emails, which you said you were looking into and would let me know by tomorrow when those could be provided.

Please let me know if this understanding is incorrect.

Regards,
Doug



**Douglas Q. Hahn**
Shareholder and General Counsel
dhahn@stradlinglaw.com

Stradling Yocca Carlson & Rauth
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660
**D:** 949 725 4138

stradlinglaw.com | LinkedIn

CONFIDENTIALITY NOTICE
This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify us immediately. Thank you.

**From:** Carrie McNair <carriemcnair@crmcnairlaw.com>
**Sent:** Monday, October 16, 2023 10:22 AM
**To:** Hahn, Douglas Q. <DHahn@stradlinglaw.com>
**Cc:** brandonw@hermes-law.com; marisa@hermes-law.com; peter@hermes-law.com; bnevills@kmd.law; ejo@kmd.law; jdavis@kmd.law; reaton@kmd.law; Jeff Nicodemus <JNicodemus@cobbmartinez.com>; Takouche, Ahmad <ATakouche@stradlinglaw.com>; Small, Micol <MSmall@stradlinglaw.com>; Crummett-Smith, Jennifer <jcrummett@stradlinglaw.com>
**Subject:** RE: Enerra Corporation v. Conti Group LLC et al.

Doug,

My schedule has changed and I am no longer available at 2:00 today; however, I can be available at 4:00 p.m. Eastern today. I recommend we move the meeting to 4:00 p.m. Eastern. If you can send a dial-in, that would be helpful.

If you are not available at 4:00 p.m. Eastern, Peter can still meet with you at 2:00 p.m. Eastern today, but I do prefer to be on the call, if possible.

Carrie R. McNair
CRM Law, PLLC
850-509-4874

------- Original Message -------
On Friday, October 13th, 2023 at 8:01 PM, Hahn, Douglas Q. <DHahn@stradlinglaw.com> wrote:

Carrie,

Let me know if you want me to circulate a dial-in for our call on Monday.

Doug



**Douglas Q. Hahn**
Shareholder and General Counsel
dhahn@stradlinglaw.com

Stradling Yocca Carlson & Rauth
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660
**D:** 949 725 4138

stradlinglaw.com | LinkedIn

CONFIDENTIALITY NOTICE
This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately. Thank you.

**From:** Carrie McNair <carriemcnair@crmcnairlaw.com>
**Sent:** Thursday, October 5, 2023 6:34 AM
**To:** Hahn, Douglas Q. <DHahn@stradlinglaw.com>
**Cc:** brandonw@hermes-law.com; marisa@hermes-law.com; peter@hermes-law.com; bnevills@kmd.law; ejo@kmd.law; jdavis@kmd.law; reaton@kmd.law; Jeff Nicodemus <JNicodemus@cobbmartinez.com>; Takouche, Ahmad <ATakouche@stradlinglaw.com>; Small, Micol

<[MSmall@stradlinglaw.com](mailto:MSmall@stradlinglaw.com)>; Crummett-Smith, Jennifer <[jcrummett@stradlinglaw.com](mailto:jcrummett@stradlinglaw.com)>

**Subject:** Re: Enerra Corporation v. Conti Group LLC et al.

Doug,

I received your meet-and-confer letter; your concerns are being reviewed and discussed. A supplement *is* being prepared that will remedy some, if not all, of your concerns. I recommend we schedule a call on Monday, October 16, 2023; I recommend 2:00 p.m. Eastern. By that time, a supplement will be provided, and we can further discuss any additional concerns you have on that date.

Carrie R. McNair

CRM Law, PLLC

850-509-4874

------- Original Message -------
On Friday, September 29th, 2023 at 7:11 PM, Crummett-Smith, Jennifer <[jcrummett@stradlinglaw.com](mailto:jcrummett@stradlinglaw.com)> wrote:

Counsel,

Please see the attached correspondence sent on behalf of Douglas Hahn, Esq.



**Jennifer Crummett-Smith**
Staff Resource Manager / IP Litigation Assistant
[jcrummett@stradlinglaw.com](mailto:jcrummett@stradlinglaw.com)

Stradling Yocca Carlson & Rauth
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660
**D:** 949 737 4708

[stradlinglaw.com](http://stradlinglaw.com) | [LinkedIn](http://LinkedIn)

CONFIDENTIALITY NOTICE
This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential a

3

from disclosure under applicable law.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify us immediately. Thank you.

4

# EXHIBIT 16

**Crummett-Smith, Jennifer**

---

| | |
|---|---|
| **From:** | Peter Kerr <peter@hermes-law.com> |
| **Sent:** | Friday, October 20, 2023 4:49 PM |
| **To:** | Hahn, Douglas Q. |
| **Cc:** | Brandon Wilson; Takouche, Ahmad; 'Carrie McNair'; Small, Micol; Crummett-Smith, Jennifer; Kristen Hill |
| **Subject:** | RE: Enerra Corporation v. Conti Group LLC et al. |

Doug,

Here's a link to access our clients' supplemental production: https://hermes-law.box.com/s/0mqfmvarpup9eb2w8lozeraqtm3b700p

I'm currently uploading documents and videos to it. I'll send out an e-mail to confirm when I'm done.

Let me know if there are any issues accessing the documents/videos.

Have a good weekend.

Pete



Peter Kerr
Team Member - Attorney at  Hermes Law, P.C.

2550 Pacific Ave  |  Suite 700
Dallas, TX 75226
214.749.6581  |  hermes-law.com
peter@hermes-law.com  |  Follow us

  Let us know how we're doing.
Please email us with feedback.

---

**From:** Hahn, Douglas Q. <DHahn@stradlinglaw.com>
**Sent:** Monday, October 16, 2023 3:28 PM
**To:** 'Carrie McNair' <carriemcnair@crmcnairlaw.com>
**Cc:** Brandon Wilson <brandonW@hermes-law.com>; Marisa Perchez <marisa@hermes-law.com>; Peter Kerr <peter@hermes-law.com>; bnevills@kmd.law; ejo@kmd.law; jdavis@kmd.law; reaton@kmd.law; Jeff Nicodemus <JNicodemus@cobbmartinez.com>; Takouche, Ahmad <ATakouche@stradlinglaw.com>; Small, Micol <MSmall@stradlinglaw.com>; Crummett-Smith, Jennifer <jcrummett@stradlinglaw.com>
**Subject:** RE: Enerra Corporation v. Conti Group LLC et al.

Peter,

Thank you for taking the time for our call today.  This email confirms Defendants' agreement to supplement their discovery responses by this week.  The one possible exception to that is the plasticgas.com emails, which you said you were looking into and would let me know by tomorrow when those could be provided.

Please let me know if this understanding is incorrect.

1

Regards,
Doug



**Douglas Q. Hahn**
Shareholder and General Counsel
dhahn@stradlinglaw.com

Stradling Yocca Carlson & Rauth
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660
**D:** 949 725 4138

stradlinglaw.com | LinkedIn

CONFIDENTIALITY NOTICE
This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify us immediately. Thank you.

# EXHIBIT 17

| From: | Hahn, Douglas Q. |
| --- | --- |
| Sent: | Case 3:23-cv-00194-PLR-DCP Document 54-1 Filed 11/22/23 Page 110 of 112 PageID 1061 |
| To: | 'Peter Kerr' |
| Cc: | Brandon Wilson; Takouche, Ahmad; 'Carrie McNair'; Small, Micol; Crummett-Smith, Jennifer; Kristen Hill |
| Subject: | RE: Enerra Corporation v. Conti Group LLC et al. |

Peter,

Please confirm whether your upload is complete.

Regards,
Doug



**Douglas Q. Hahn**
Shareholder and General Counsel
dhahn@stradlinglaw.com

Stradling Yocca Carlson & Rauth
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660
**D:** 949 725 4138

stradlinglaw.com | LinkedIn

CONFIDENTIALITY NOTICE

This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately. Thank you.

# EXHIBIT 18

**Takouche, Ahmad**

---

| | |
|---|---|
| **From:** | Hahn, Douglas Q. |
| **Sent:** | Wednesday, November 1, 2023 6:14 PM |
| **To:** | 'Peter Kerr' |
| **Cc:** | 'Brandon Wilson'; Takouche, Ahmad; 'Carrie McNair'; Small, Micol; Crummett-Smith, Jennifer; 'Kristen Hill' |
| **Subject:** | RE: Enerra Corporation v. Conti Group LLC et al. |

Peter,

What is the status of this?  It has been over a week since you were going to produce documents and yet it appears that nothing has been uploaded.

If you do not confirm that the documents are uploaded, we are filing a motion to compel next week.

Doug



**Douglas Q. Hahn**
Shareholder and General Counsel
DHahn@stradlinglaw.com

Stradling Yocca Carlson & Rauth
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660
**D:** 949 725 4138

 

stradlinglaw.com | LinkedIn

CONFIDENTIALITY NOTICE
This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify us immediately. Thank you.

**From:** Hahn, Douglas Q.
**Sent:** Monday, October 23, 2023 7:17 PM
**To:** 'Peter Kerr' <peter@hermes-law.com>
**Cc:** Brandon Wilson <brandonW@hermes-law.com>; Takouche, Ahmad <atakouche@stradlinglaw.com>; 'Carrie McNair' <carriemcnair@crmcnairlaw.com>; Small, Micol <MSmall@stradlinglaw.com>; Crummett-Smith, Jennifer <jcrummett@stradlinglaw.com>; Kristen Hill <Kristen@hermes-law.com>
**Subject:** RE: Enerra Corporation v. Conti Group LLC et al.