IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ENERRA CORPORATION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | |
| CONTI GROUP, LLC, PLASTIKGAS, LLC, ROBERTO CONTI, JULIE CONTI, and ROBERT JORDAN CONTI, | § § § § § | |
| | § | |
| Defendants. | § | |
| _____ | § | No. 3:23-cv-194-L-BN |
| CONTI GROUP, LLC, | § | |
| | § | |
| Counter-Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | |
| ENERRA CORPORATION, SERGIO PEREZ, MARK MILLS AND MICHAEL BROWN, | § § § | |
| | § | |
| Counter-Defendants. | § | |

**ORDER GRANTING JOINT MOTION FOR A 90-DAY STAY AND
ADMINISTRATIVELY CLOSING THE CASE**

Plaintiff Enerra Corporation; Defendants Conti Group, LLC, PlastikGas, LLC, Roberto Conti, Julie, Conti, and Jordan Conti; Counter-Plaintiff Conti Group, LLC; and Counter-Defendants Sergio Perez, Mark Mills, and Michael Brown have filed a Joint Motion for a 90-day Stay of all Pretrial and Trial Deadlines following what (the parties report) appears to be a successful mediation. *See* Dkt. No. 113. The parties explain that the process for the monetary and nonmonetary terms to resolve the

action may take several months, and, so, the parties cannot meet the deadlines in the current Scheduling Order without incurring significant litigation expenses that the parties sought to save by agreeing to a settlement. The parties therefore request a 90-day stay of all deadlines to allow the parties to finalize the settlement agreement.

The Court grants the Joint Motion for a 90-day Stay of all Pretrial and Trial Deadlines [Dkt. No. 113] and stays this action for 90 days, until **Tuesday, January 21, 2025**.

Should the parties fail to sign a settlement agreement and dismiss this case before the expiration of the stay, the parties shall immediately notify the Court and shall propose a Stipulated Second Amended Scheduling Order.

The Court will administratively close this case so that it does not continue to age. Any case over three years old is considered an "old" case by the Administrative Office and is put on a national report. The age of a case continues to accrue if it is merely stayed or abated; but, if it is administratively closed, the time is tolled with the case's age. Nothing in this order should be considered a dismissal or disposition of this case, as "[t]he effect of an administrative closure is no different from a simple stay, except that it affects the count of active cases pending on the court's docket; i.e., administratively closed cases are not counted as active." *Mire v. Full Spectrum Lending, Inc.*, 389 F.3d 163, 167 (5th Cir. 2004) (cleaned up).

The Court administratively closes this case and instructs the United States District Clerk to submit a JS-6 form to the Administrative Office, thereby removing this case from the statistical records.

Any party may move to reopen the case, at any time before or after the end of the 90-day stay on January 21, 2025, and to lift the stay as appropriate based on further developments.

SO ORDERED.

DATED: October 21, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

-3-